UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: *MAP*
*05 - 30003 - MAP*

| | |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| BOMBARDIER RECREATIONAL PRODUCTS, INC., BOMBARDIER RECREATIONAL PRODUCTS U.S., INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446(a), defendant Bombardier Recreational Products U.S., Inc.,

("Bombardier US") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§

1332 and 1441(a) and states the following grounds for removal of this case from the Trial Court

of the Commonwealth of Massachusetts (District Court Department, Northern Berkshire

Division; 2004-28CV0260) to the U.S.D.C., Springfield: Plaintiffs seek a judgment in excess of

the amount in controversy requirement of $75,000 as stated within 28 U.S.C. 1332(a) and the

parties are of diverse citizenship as required 28 U.S.C 1332(a)(1).

1119951v1

## I.    BACKGROUND

On June 7, 2002, the minor Plaintiff, Mr. Brandon DeMyer, was the passenger on a single occupancy Bombardier All-Terrain Vehicle, "ATV," being driven by his father, Mr. Lance Jay Bingham, in a field in North Adams, Massachusetts and owned by a Mr. David Reichert, who lived in the area. During the operation of the ATV, Plaintiff claims that an engine-coolant hose, "suddenly and without warning" detached from its mounting, causing engine coolant to be sprayed from the hose onto Master DeMyer's left leg. On December 15, 2004, Master DeMyer and his mother brought suit in State District Court of Northern Berkshire to recover for the injuries he has claimed to have sustained. (Summons and Complaint, Ex. A.) For the reasons stated below, Bombardier US moves that the matter be removed from that court to the U.S. District Court for the District of Massachusetts, Springfield.

## II.    GROUNDS FOR REMOVAL

This case satisfies all conditions necessary for removal under federal law, i.e., the amount in controversy exceeds $75,000, and there is complete diversity of citizenship.

### A.    AMOUNT IN CONTROVERSY EXCEEDS $75,000

The damages sought by Plaintiffs well exceed $75,000. As claimed in two demand letters issued by Plaintiffs' counsel in the fall of 2003, the latter of which purports to be a Rule 93A demand letter, Plaintiffs seek at least $550,000 for alleged burns to 8% of Master DeMyer's body and resulting pain, suffering, and great pain of body and mind. (Ltr. from A. Clermont, Esq., to Bombardier Corp. of America and South Valley Claims, Inc., dated Sept. 24, 2003 (Ex. B); Ltr. from A. Clermont, Esq., to Bombardier Corp. of America and South Valley Claims, Inc., dated November 14, 2003 (Ex. C)). A demand under 93A is specifically cited in paragraphs 10,

11, 12, 13, 31, 32, and 33(b) of the Complaint. (Ex. A.) Should Defendants be found liable for such injuries, any judgment against them is very likely to exceed $75,000.

Bombardier US notes that counsel for Plaintiffs represented to the state court that it seeks far less than $75,000. In a Statement of Damages form submitted by counsel for Plaintiffs to the court, total claimed damages amount to only $5,688.86, (Statement of Damages; Ex. D), which is within the $25,000 jurisdictional limitation for amounts in controversy of the Massachusetts State District Court. What counsel failed to report to the court under Section F of that form, entitled "Other documented items of damage," however, was the additional damages noted above that raise the amount of the claim to at least $550,000, i.e., pain, suffering, and the like.

## B.    DIVERSITY OF CITIZENSHIP

The parties in this matter are completely diverse, being residents or domiciled in different states or countries from the forum state. Specifically, each party possesses the following residence or domicile:

1. Plaintiff Tamara DeMyer, the mother and next of friend of Plaintiff Brandon DeMyer, resides at 118 Huntington Green Drive, Jacksonville, North Carolina, 28546. (Ex. A.)

2. The location of minor Plaintiff Brandon DeMyer is unknown. The Complaint is silent as to his current residence, but logic dictates that he lives with his mother at 118 Huntington Green Drive, Jacksonville, North Carolina, 28546

3. Defendant, Bombardier Recreational Products U.S., Inc., is a foreign corporation with a principle place of business at 10101 Science Drive, Sturevant, WI 53177.

4. Defendant, Bombardier Recreational Products, Inc., is a foreign corporation with a principal place of business Valcourt, Quebec, Canada.

1119951v1

5. Defendant, Spofford Motors, Inc., d/b/a Village Automotive, is a foreign corporation with a mailing address of Route 67, P.O. Box 78, North Hoosick, New York  12133.

6. Defendant TIG Insurance Company is a foreign corporation with a principal place of business of 5205 North O'Connor Boulevard, Irving, TX 75015.

## C.    VENUE

Pursuant to 28 U.S.C. § 106 and § 1446(a) and (b), the state court action which was commenced in the Northern Berkshire District Court, may be removed to this Federal District Court which embraces Berkshire County.

WHEREFORE, Bombardier US respectfully requests that the Court order this matter removed from the State District Court to the USDC, Springfield.

BOMBARDIER RECREATIONAL PRODUCTS U.S., INC.,

Mark S. Granger, BBO# 206920
William A. Staar, BBO# 659425
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date:  January 10, 2005

- 4 -

## **ORDER**

After carefully reviewing the foregoing, the Court hereby rules as follows:

GRANTED / DENIED

By the Court,

_____

Judge

1119951v1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing to call counsel of record in this action by mailing same, posted prepaid, on this 10th day of January 2005 to the following parties and counsel of record:

Adam Clermont, Esquire
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746, 87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247

Spofford Motors, d/b/a Village Automotive
P.O. Box 78
North Hoosick, NY  12133

TIG Insurance Company
5205 North O'Connor Boulevard
Irving, TX  75015

Bombardier Recreational Products, Inc.,
726 rue St-Joseph
Valcourt, Quebec, Canada  J0E 2LO

Mark S. Granger
William A. Staar

1119951v1

*Trial Court of The Commonwealth*
*Northern Berkshire District Court*

Berkshire, ss

BRANDON DeMYER and TAMARA DeMYER,
Next Friend of Brandon DeMyer, PPA     )
   Plaintiffs                          )
                                        )
v.                                     )
                                        )     Civil Action No. _____
BOMBARDIER RECREATIONAL PRODUCTS, INC., )
BRP US, INC., SPOFFORD MOTORS, INC.    )
and TIG INSURANCE COMPANY,             )
   Defendants                          )

## SUMMONS
(Rule 4)

a/k/a Bombardier Motor Corporation
  of America, Inc.
10101 Science Drive
~~Sturtevant, WI 53177~~

To defendant  BRP US, Inc.                          of _____
             (name)                                              (address)

You are hereby summoned and required to serve upon _____ Adam Clermont _____, plaintiff ('s
attorney), whose address is_____ P.O. Box 746, North Adams, MA 01247 _____, a copy of
your answer to the complaint which is herewith served upon you, within 20 days after service of this summons,
exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk
of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the
above requirements, judgment by default may be rendered against you for the relief demanded in the complaint.
You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have
against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will be barred from making such claim in any other action.

WITNESS **MICHAEL J. RIPPS**, Presiding Justice, on ____ December 15, 2004 _____
(SEAL)

Timothy J. Morey, Clerk-Magistrate

Note:  (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each
       defendant, each should be addressed to the particular defendant.
     (2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

| | |
|---|---|
| Date of Service: | I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5): |

Signature _____
Name & Title___ _____
Address___ __ _____

Note  (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his/her attorney, as the case may be,
      who has requested such service. Proof of service shall be made promptly and in any event with the same time during which the person served
      must respond to the process.  Rule 4(f)
    (2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the
      copy returned to the person requesting service or his attorney.
    (3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place
      of abode, and shall set forth in the return the date of mailing, and the address to which the summons was sent (G.L. c.223, sec.31)

This form prescribed by the Chief Justice of the District Court

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

Berkshire, ss.                              DISTRICT COURT DEPARTMENT
                                            NORTHERN BERKSHIRE DIVISION
                                            CIVIL ACTION NO.:

BRANDON DEMYER and              )
TAMARA DEMYER, NEXT FRIEND      )
OF BRANDON DEMYER, PPA,         )
        Plaintiff              )
                                )
v.                              )           COMPLAINT
                                )
BOMBARDIER RECREATIONAL PRODUCTS, )
INC., BRP US, INC., SPOFFORD    )
MOTORS, INC. and TIG INSURANCE  )
COMPANY,                        )
        Defendants             )

1.  Plaintiff, Brandon DeMyer, is an individual who resided at
    1 Ingraham Road, New Ashford, Massachusetts at the time of
    the incident that is the subject matter of this litigation.

2.  Plaintiff, Tamara DeMyer, is the mother and next friend of
    Brandon DeMyer and currently resides at 118 Huntington
    Green Drive, Jacksonville, North Carolina, 28546.

3.  Defendant, Bombardier Recreational Products, Inc. is a
    foreign corporation with a principal place of business of
    1061, rue Parent, Saint-Bruno (Quebec) Canada J3V601.

4.  Defendant, BRP US, Inc., a/k/a as Bombardier Motor
    Corporation of America, Inc., is a foreign corporation with
    a principal place of business of 10101 Science Drive,
    Sturtevant, WI 53177.

5.  Defendant, Spofford Motors, Inc. d/b/a Village Automotive
    is a foreign corporation with a mailing address of Rt 67 BX
    78, North Hoosick, New York, 12133.

6.  Defendant TIG Insurance Company is a foreign corporation
    with a principal place of business of 5205 North O'Connor
    Boulevard, Irving, TX 75015.

## FACTUAL BACKGROUND

7⊆. On or about October 29, 2003, Spofford Motors, Inc. sold a
Bombardier DS650 (VIN #2BVBBCB15YV002497) ATV (the "ATV")
that was manufactured and/or distributed by BRP US, Inc.,
Bombardier Motor Corporation of America, Inc. and/or
Bombardier Recreational Products, Inc.

8. On June 7, 2002, Brandon DeMyer was riding on the ATV in a
field located in New Ashford, Massachusetts when the
cooling hose detached suddenly and without warning.

9. As a result of the cooling hose detaching, hot liquid
sprayed Mr. DeMyer's legs, causing severe burns to his
body.

10. On November 14, 2003, the Plaintiffs, through counsel, sent
to BRP US, Inc. a formal demand, via certified mail and
pursuant to M.G.L. c. 93A, for settlement of the liability
claim.  A true and accurate copy of the M.G.L. c. 93A
demand letter is attached hereto as Exhibit A.

11. An authorized representative of BRP US, Inc. received the
demand letter referred to in Paragraph 10 on November 18,
2003.

12. On December 17, 2003, Mark Granger, Esquire, responded to
the demand letter referred to in paragraph 10 on behalf of
BRP US, Inc.  A true and accurate copy of the response to
the Plaintiffs' demand is attached hereto as Exhibit B.

13. In its response to the Plaintiffs' demand, BRP US, Inc.
failed to make any offer of settlement.

14. At the time of the incident referred to in this Complaint,
Spofford Motors, Inc. was covered by a policy of liability
insurance issued by TIG Insurance Company.

15. On September 4, 2003, the Plaintiffs, through counsel, sent
to an authorized representative of TIG Insurance Company, a
formal demand for settlement, via certified mail, for
settlement of the liability claim.  A true and accurate
copy of the demand letter is attached hereto as Exhibit C.

2

16. TIG Insurance Company failed to make any offer of settle-
    ment after receiving the demand letter referred to in
    Paragraph 15.

17. On November 14, 2003, the Plaintiffs, through counsel, sent
    to an authorized representative of TIG Insurance Company, a
    formal demand for settlement pursuant to M.G.L. c. 93A, via
    certified mail, for settlement of the liability claim.  A
    true and accurate copy of the M.G.L. c. 93A demand letter
    is attached hereto as Exhibit **A**.

18. An authorized representative of TIG Insurance Company
    received the demand letter referred to in Paragraph 17 on
    November 17, 2003.

19. On December 23, 2003, TIG Insurance Company responded to the
    demand letter referred to in paragraph 17.  A true and
    accurate copy of the response to the Plaintiffs' demand is
    attached hereto as Exhibit **D**.

20. In its response to the Plaintiffs' demand, TIG Insurance
    Company failed to make any offer of settlement.

### COUNT I, NEGLIGENCE
#### (v. Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc.)

21. Plaintiffs restate the allegations set forth in paragraphs
    1 through 20 above.

22. Defendants, Bombardier Recreational Products, Inc., BRP US,
    Inc. & Spofford Motors, Inc., as the manufacturers and/or
    distributors of the ATV, owned and controlled the ATV, and
    owed a duty to the plaintiffs to use care in the
    manufacture and marketing of the ATV.

23. The Defendants breached their duty to the Plaintiffs by
    designing the ATV is such a way as to contain an
    unreasonably dangerous condition, in that the cooling hose
    could become dislodged during normal use of the product.

24. The Defendants knew or should have known that the cooling
    hose could become dislodged during normal use of the
    product, and that the ability of the cooling hose to become
    dislodged was a dangerous feature of the ATV.

3

25.   The Defendants further breached their duty to the
      Plaintiffs by selling an ATV without warning that the
      cooling hose could become dislodged during normal operation
      of the product.

26.   As a proximate cause thereof, Plaintiff Brandon DeMyer,
      sustained serious injuries, great pain of body and mind,
      incurred substantial medical expenses, and has been and
      continues to be in pain when pursuing his normal
      activities.

      **WHEREFORE,** the Plaintiffs respectfully requests that this

Honorable Court enter judgment as follows:

      a.   Judgment against the Defendants, Bombardier
           Recreational Products, Inc., BRP US, Inc. & Spofford
           Motors, Inc., for actual and consequential damages
           sustained together with interest and costs; and

      b.   Such further relief as this Court may deem reasonable
           and just.

### COUNT II, BREACH OF WARRANTIES
**(v. Bombardier Recreational Products, Inc., BRP US, Inc. &
Spofford Motors, Inc.)**

27.   Plaintiffs restate the allegations set forth in paragraphs
      1 through 26 above.

28.   At the time of the sale of the ATV, the Defendants, their
      officers, agents, employees or directors, were a merchant
      with respect to the ATV and made express and implied
      warranties that the ATV was safe for the use for which it
      was intended.

29.   As a proximate cause thereof, Plaintiff Brandon DeMyer,
      sustained serious injuries, great pain of body and mind,
      incurred substantial medical expenses, and has been and
      continues to be in pain when pursuing his normal
      activities.

**WHEREFORE**, the Plaintiffs respectfully requests that this Honorable Court enter judgment as follows:

    a.    Judgment against the Defendants, Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc., for actual and consequential damages sustained together with interest and costs; and

    b.    Such further relief as this Court may deem reasonable and just.

### COUNT III, M.G.L. c. 93A
### (BRP US, Inc)

30.    Plaintiffs restate the allegations set forth in paragraphs 1 through 29 above.

31.    The Defendant's sale and/or distribution of the ATV in breach of the implied warranty of merchantability constitutes an unfair and deceptive act or practice in violation of M.G.L. c. 93A, as well as, the regulations promulgated by the Attorney General of the Commonwealth of Massachusetts, 940 C.M.R. 3.08(2).

32.    Defendant's unfair and deceptive acts or practices were done willfully or knowingly in violation of M.G.L. c. 93A.

33.    As a result of Defendant's unfair and deceptive acts or practices, Plaintiff Brandon DeMyer sustained serious injuries, great pain of body and mind, incurred substantial medical expenses, and has been and continues to be in pain when pursuing his normal activities.

**WHEREFORE**, the Plaintiffs respectfully requests this Honorable Court enter judgment as follows:

    a.    Judgment against the Defendant, BRP US, Inc., for actual and consequential damages, with interest, costs and reasonable attorney's fees;

    b.    Award treble damages to the plaintiff as provided by M.G.L. ch. 93A, sec. 9; and

    c.    Such further relief as this Court may deem reasonable and just.

### COUNT IV, M.G.L. c. 93A
### (TIG Insurance Company)

34. Plaintiffs restate the allegations set forth in paragraphs 1 through 33 above.

35. In failing to make a reasonable offer of settlement, TIG Insurance Company committed an unfair and deceptive trade practice pursuant to M.G.L. c. 176D, sec. 3(9)(f) and sec. 3(9)(n) by failing to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear and by failing to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the offer of a compromise settlement.

25. The actions of TIG Insurance Company constitute a willful and knowing violation of M.G.L. ch. 93A and ch. 176D.

26. TIG Insurance Company's failure to make a reasonable offer of settlement upon demand was done in bad faith and with knowledge or reason to know that TIG Insurance Company's actions violated M.G.L. ch. 93A and ch. 176D.

27. As a direct result thereof, the Plaintiff has sustained damages.

**WHEREFORE**, the Plaintiffs respectfully requests this

Honorable Court enter judgment as follows:

   d. Judgment against the Defendant, TIG Insurance Company, for actual and consequential damages, with interest, costs and reasonable attorney's fees;

   e. Award treble damages to the plaintiffs as provided by M.G.L. ch. 93A, sec. 9; and

   f. Such further relief as this Court may deem reasonable and just.

   **THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

6

Respectfully submitted,

Brandon DeMyer and Tamara
DeMyer, Plaintiffs
By their attorney,


_____

Adam Clermont, Esquire
Freedman, DeRosa and Rondeau
P.O. Box 746, 87 Marshall St.
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
(413) 664-1073
B.B.O.# 639769

Date:   **December 15, 2004**

7

# FREEDMAN, DeRosa & RONDEAU

ATTORNEYS AND COUNSELLORS AT LAW
85 MAIN STREET, P. O. BOX 746
NORTH ADAMS, MASSACHUSETTS 01247-0746
TELEFAX (413) 664-7379
(413) 664-1073

John B. DeRosa
Patrick E. Rondeau *
Thomas Manuel *
Brigid Hennessey +
Adam P. Clermont
Jeremia A. Pollard
Jan P. Myskowski

Morton Freedman
Senior Counsel
--------------------
* Also admitted VT
+ Also admitted NY

September 4, 2003

CERTIFIED MAIL #7002 3150 0004 4045 4250 & 7002 3150 0004 4045 4243

Bombardier Motor Corporation of America
Attn: Nancy Larsen
7575 Bombardier Court
Wausau, WI 54401

South Valley Claims, Inc.
TIG Insurance Company
Attn: Mary Ann Johnson
P.O. Box 248
330 Tennant Avenue
Morgan Hill, CA 95037

Re:    My Client:    Brandon DeMyer
       Your Insured: Bombardier/Village Automotive
       Claim No.:    TIG39283284
       DOL:          June 7, 2002

Dear Ms. Larson and Ms. Johnson:

As you know, I represent Brandon DeMyer ("Brandon") with respect to his claim for personal injuries sustained on June 7, 2002 as a result of a defective product manufactured by Bombardier Motor Corporation of America and sold by Village Automotive. The following represents our formal demand for settlement.

## LIABILITY

David Reichart purchased a used Bombardier DS 650 all terrain vehicle from Village Automotive, which is located in North Hoosick, New York, sometime prior to June 7, 2002. On June 7, 2002, Lance Jay Bingham, who is Brandon's father, borrowed Mr. Reichart's Bombardier so that he could take his son riding. As. Mr. Bingham operated the Bombardier with his son sitting in front of him, a cooling hose, which led from the radiator to the engine,

Bombardier Motor Corporation of America
South Valley Claims, Inc.
September 4, 2003
Page 2

dislodged and doused Brandon with hot cooling fluid. At the time of the accident, Mr. Bingham was operating the Bombardier on a level field.

An investigation conducted after the accident revealed that the coolant hose was secured to the motor by an adjustable pipe clamp. This is not a preferred method for attaching a coolant hose, as the heat from the coolant will cause the hose to expand and become pliable. Because the metal pipe clamp is unable to automatically adjust to the changes in the coolant hose, the coolant hose will loosen as a result of the vibration from the motor and the lubricating effect of the coolant. Thus, a pipe lip is needed to assist the pipe clamp in securing the coolant hose to the engine.

An examination of the Bombardier indicated the pipe leading into the engine that the cooling hose attached to had a diameter of .750 inches, with a lip diameter of .0785. Those figures indicate that the lip difference was a mere 0.0175. In comparison, standard automobile radiators have a pipe diameter of 1.311 inches in diameter with a lip diameter of 1.391 inches, which gives a lip difference of 0.040 inches radially. A lip difference of 0.0175 was insufficient to ensure that the pressurized cooling hose remained attached during normal operation of the Bombardier and the product could have been made safer by increasing the lip difference. The cost of increasing the lip difference would be minimal.

In addition to having a deficient pipe lip size, our investigation revealed that the Bombardier lacked sufficient shielding to protect the cooling hose from becoming dislodged, and, should the cooling hose do so, the operator. The design on the Bombardier permitted branches and stones to come into direct contact with the cooling hose during normal operation. Additionally, the lack of shielding permitted an operator to come into direct contact with the hose during the process of mounting or dismounting the Bombardier. If the coolant hose were to crack or dislodge, there is no shield to prevent the hose from spraying hot coolant over the operator. The cost of adding shielding to prevent the coolant hose from becoming dislodged and spraying the operator would also be minimal.

Finally, the Bombardier lacked sufficient warnings to warn the operator of the possibility that the coolant hose could dislodge. There were no indications on the Bombardier or in its operator's manual that warned the operator that it was possible for the cooling hose to dislodge during normal operation. Additionally, the operator's manual did not instruct the operator to inspect the coolant hose and hose clamp prior to operation to ensure that the coolant hose was properly secured.

The facts reveal that the Bombardier manufactured by Bombardier Motor Corporation of America and sold by Village Automotive was unreasonably dangerous because it had a deficient pipe lip, lacked adequate shielding and warnings to alert the operator of the possibility that the coolant hose could dislodge. Therefore, liability in this case is clear.

Bombardier Motor Corporation of America
South Valley Claims, Inc.
September 4, 2003
Page 3

## DAMAGES

As a result of the coolant hose dislodging, Brandon was sprayed with coolant that was at or near its maximum operating temperature. The coolant was so hot that it caused the skin on Mr. Brandon's left leg to blister from his thigh to his ankle. Attached as "Exhibit A" are pictures of Brandon's injury. Brandon, who was in excruciating pain due to the first, second and third degree burns that covered his leg, was immediately transported to Berkshire Medical Center.

The attending emergency room physician examined Brandon after he arrived at Berkshire Medical Center. The physician noted that Brandon suffered a first-degree burn from his anterior thigh to his ankle. The physician also noted that Brandon had second-degree burns in three separate areas within the first-degree burn. The physician then applied a Bacitracin dressing, gave Brandon Tylenol with codeine for pain and instructed him to return in the morning.

Brandon returned to Berkshire Medical Center on June 8, 2002. The attending physician indicated that he did not observe any signs of infection. However, the physician did note that Brandon's proximate thigh blister broke. The physician applied another Bacitracin dressing and instructed Brandon to consult with Dr. Csank, who is a plastic surgeon.

Brandon first saw Dr. Csank on June 12, 2002. Dr. Csank's examination revealed that the blisters that were previously present on Brandon's foot and upper thigh had ruptured. Dr. Csank also noted that the previously reddened area on Brandon's leg had blistered. Dr. Csank debrided the extensive blistering to Brandon's thigh, leg and foot and applied a Bacitracin dressing.

Dr. Csank next examined Brandon on June 17, 2002. Dr. Csank indicated in his note that all of Brandon's superficial burns had re-epithelialized. However, Dr. Csank also noted that the area on the dorsum of Brandon's foot had not re-epithelialized. Dr. Csank noted that if the area did not re-epithelialize in 10-14 days, he would consider performing an excision and split-thickness skin graft coverage.

Brandon returned to Dr. Csank's office on July 1, 2002. Dr. Csank's examination of Mr. DeMyer revealed that a 10 x 6 cm area of granulating wound on the dorsal instep of his foot with no evidence of re-epitheliazation. Dr. Csank explained the treatment options available, and Mr. DeMyer decided to proceed with debridement and split-thickness graft coverage of his third degree burn. Dr. Csank then made arrangements to perform the procedure at the Crane Center under general anesthesia.

On July 5, 2002, Brandon arrived at the Crane Center for the debridement procedure. Dr. Csank began the procedure by administering intravenous antibiotics and general anesthesia. Dr. Csank then debrided the wound until a good bleeding base was achieved. Dr. Csank then took

Bombardier Motor Corporation of America
South Valley Claims, Inc.
September 4, 2003
Page 4

an 8 by 5 cm partial thickness skin graft from Brandon's thigh. Dr. Csank tailored the skin graft to the defect and sutured it in, using 5-0 chromic interrupted and running stitches.

Dr. Csank examined Brandon again on July 10, 2002 and July 17, 2002. Dr. Csank noted on those dates that Mr. Brandon's skin graft had taken and that the donor site looked benign. On Brandon's July 17, 2002 visit, Dr. Csank instructed him to return in four weeks to evaluate his progress.

Brandon next saw Dr. Csank on August 19, 2002. Dr. Csank's examination revealed mild hypertrophy at the skin-grafted area. Dr. Csank recommended that Brandon wear a silicone sheet and instructed him to return in three months.

Dr. Csank examined Brandon again on February 5, 2003. Dr. Csank's examination revealed a hypertrophic, raised scar on Brandon's skin grafted area. Dr. Csank prescribed Mr. Brandon Jobst stockings and silicone sheeting, which Mr. DeMyer was required to wear 24 hours a day.

In a letter dated August 6, 2003, Dr. Csank writes, "[i]n assessment, Brandon suffered a burn injury to the left lower extremity. The total extent of the burn injury was 8% of body surface area, of which 1% was third-degree burn that required reconstruction." Although at the time of Dr. Csank's last appointment approximately 8 months had elapsed from the date of Brandon's injury, Dr. Csank was unable to state whether Brandon would experience further recovery.

As a result of this terrible accident, Brandon suffered extreme pain, not only from the hot coolant that sprayed over 8% of his body, but also from the surgical procedures he was required to endure. The pictures of Brandon's injuries speak for themselves. Brandon was left with significant scarring over his left leg. Brandon has been very reluctant to engage in any kind of athletic activities at school because he is very self-conscious about his scar. Additionally, Brandon continues to experience pain in his right leg and has incurred $5,688.86 in medical bills for treatment of his injuries.

While Brandon and his family would prefer that this horrible accident never occurred rather than receive compensation for his financial losses and pain and suffering, that is not possible. We therefore request that your company do everything in its power to adequately compensate Brandon for his injuries. Toward that end, we demand that Bombardier Motor Corporation of America and South Valley Claims, Inc. pay $550,000.00 to settle this claim.

Respectfully,

Adam Clermont

Enclosures
pc: Brandon J. DeMyer, without enclosures

C

# FREEDMAN, DeRosa & RONDEAU

### ATTORNEYS AND COUNSELLORS AT LAW
### 85 MAIN STREET, P. O. BOX 746
### NORTH ADAMS, MASSACHUSETTS   01247-0746
### TELEFAX  (413) 664-7379
### (413) 664-1073

John B. DeRosa
Patrick E. Rondeau *
Thomas Manuel *
Brigid Hennessey +
Adam P. Clermont
Jeremia A. Pollard
Jan P. Myskowski -

Morton Freedman
Senior Counsel

\*   Also admitted VT
\+   Also admitted NY
\-   Also admitted NH

November 14, 2003

CERTIFIED MAIL  #7002 3150 0004 4045 4885 & 7002 3150 0004 4045 4830

Bombadier Motor Corporation of America
Attn:  Nancy Larsen
7575 Bombardier Court
Wausau, WI 54401

TIG Insurance Company
Attn: Deidra McCuiston
5205 North O'Connor Boulevard
Irving, TX 75039

Re:    My Client:    Brandon DeMyer
            Your Insured:  Bombardier/Village Automotive
            Claim No.:    TIG39283284
            DOL:          June 7, 2002

## 30 DAY WRITTEN DEMAND FOR RELIEF PURSUANT TO M.G.L. c. 93A, THE MASSACHUSETTS CONSUMER PROTECTION ACT AND M.G.L. c. 176D

Dear Ms. Larsen and McCuiston:

As you know, I represent Brandon DeMyer with respect to his claim for personal injuries sustained on June 7, 2002 as a result of a defective product manufactured by Bombardier Motor Corporation of America and sold by Village Automotive.  The following represents our demand for relief pursuant to M.G.L. c. 93A and M.G.L. c. 176D.

Rather than repeat all of the facts of this case, I am incorporating formally by reference my demand letter of September 4, 2003 attached hereto as Exhibit A.  The letter set forth the facts establishing liability, described Mr. DeMyer's injuries and requested that your companies

Bombardier Motor Corporation of America
TIG Insurance Company
November 14, 2003
Page 2

make a reasonable offer of settlement. I have left at least three messages on each of your voice mail systems requesting that you contact me so that we could discuss this matter further. To date, I have yet to hear from either one of you.

Despite clear liability and Mr. DeMyer's full cooperation, your companies have made no offer of settlement in this matter and have refused to return my telephone calls. Based on the aforementioned circumstances, it is clear that Bombardier, Inc. and TIG Insurance Company have committed unfair and deceptive trade practices pursuant to M.G.L. c. 176D, sec. 3(9)(f), and 3(9)(b), which apply to self-insureds, by failing to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear and by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies. If your companies refuse to pay $550,000.00 within 30 days, I will file a claim against Bombardier, Inc. and TIG Insurance Company pursuant to M.G.L. c. 93A/176D. Your failure to extend a reasonable offer of settlement within 30 days may result in treble damages together with attorney's fees and costs associated with the statutory action.

Respectfully,


Adam Clermont


Enclosure

**D**

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, s. 5 | DATE FILED (To be added by Clerk) | DOCKET NUMBER (To be added by Clerk) | Trial Court of<br>Massachusetts |
|---|---|---|---|
| PLAINTIFF(S)    Brandon DeMyer and Tamara DeMeyer,<br>Next Friend of Brandon DeMyer, PPA | DEFENDANT(S)   Bombardier Recreational Products,<br>Inc., BRP US, Inc., Spofford Motors, Inc. and<br>TIG Insurance Company | | |
| INSTRUCTIONS:    THIS FORM MUST BE COMPLETED AND FILED WITH<br>THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT<br>CIVIL ACTIONS SEEKING MONEY DAMAGES IN BERKSHIRE, ESSEX,<br>MIDDLESEX AND NORFOLK COUNTIES. | Northern Berkshire | DISTRICT COURT | |

| TORT CLAIMS | AMOUNT |
|---|---|
| A.  Documented medical expenses to date: | |
|     1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 2,516.86 |
|     2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 3,172.00 |
|     3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|     4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|     5. Total other expenses (Describe): . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| SUBTOTAL: | $ 5,688.86 |
| B.  Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| C.  Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D.  Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . . . . . | $ _____ |
| E.  Reasonably anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F.  Other documented items of damage (Describe): _____ | $ _____ |
| G.  Brief description of Plaintiff's injury, including nature and extent of injury (Describe):<br><br>the ATV cooling hose detached and sprayed plaintiff's leg and foot<br><br>causing severe burns | |
| For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: | $ 5,688.86 |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____ | $ _____ |
| | $ _____ |
| | $ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: | $ |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS:<br>Bombardier Recreational Products, Inc.<br>1061, Rue Parent<br>Saint-Bruno (Quebec) Canada J3V601 |
|---|---|
| 12/ 15 /04<br>Signature               Date<br><br>Adam Clermont       639769<br>Print or Type Name         B.B.O.#<br>P.O. Box 746, North Adams, MA 01247<br>Address | BRP US, Inc.<br>10101 Science Drive<br>Sturtevant, WI 53177<br>(additional defendants on back) |

# CIVIL COVER SHEET

🗞JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Brandon DeMyer and Tamara DeMyer, next friend of Brandon DeMyer

## DEFENDANTS

BRP, U.S., Inc.

(b) County of Residence of First Listed Plaintiff **Onslow County**
(EXCEPT IN U.S. PLAINTIFF CASES)    North Carolina

County of Residence of First Listed Defendant **Racine County,** **Wisconsin**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)   (413) 664-1073
Alan Claremont, Esq.   P.O. Box 746, 87
Freedman, DeRosa, and Rondeau   North Adams, MA 01247

Attorneys (If Known)   (617) 439-7500
Mark S. Granger, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sec. 1446(a), 28 U.S.C. 1332, 28 U.S.C. 1441(a)

Brief description of cause:
Product liability suit involving a motor vehicle.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $550,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                DOCKET NUMBER  **2004-28CV0260**

DATE
1/10/05

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.    TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Brandon DeMyer v BRP, U.S., Inc.__

2.    CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER

SHEET. (SEE LOCAL RULE 40.1(A)(1)).

_____    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_____    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740,        * Also complete AO 120 or AO 121
             790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.                          for patent, trademark or copyright cases

__X__    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

_____    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

_____    V.    150, 152, 153.                          2004-28 CV0260

3.    TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))._____

4.    HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                        YES ☐        NO ☒

5.    DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC

INTEREST?   (SEE 28 USC 2403)        YES ☐        NO ☒
IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                        YES ☐        NO ☐

6.    IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC

2284?                                   YES ☐        NO ☒

7.    DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER

COUNTY) - (SEE LOCAL RULE 40.1(C)).        YES ☐        NO ☒
OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
                                        YES ☐        NO ☐

8.    DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
                                        YES ☐        NO ☒

      (a)      IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE?_____

9.    IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____

10.   IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF
      THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE

      CENTRAL DIVISION;  YES ☐  NO ☐        OR WESTERN DIVISION;    YES ☐        NO ☐

11.   ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR?  IF SO, BY WHICH ADR?

      EARLY NEUTRAL EVALUATION ☐        MEDIATION ☐        SUMMARY JURY/BENCH TRIAL ☐

      MINI-TRIAL ☐                       OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Mark S. Granger, Esq.
ADDRESS    Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210
TELEPHONE NO.   617-439-7500

(Category Form.wpd - 3/28/2000)