UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO: 2005-3003-MAP

BRANDON DeMYER and TAMARA )
DeMYER, NEXT FRIEND OF BRANDON )
DeMYER, PPA, )
)
Plaintiffs, )
)
v. )
)
BOMBARDIER RECREATIONAL )
PRODUCTS, INC., BRP US, INC., )
SPOFFORD MOTORS, INC., and TIG )
INSURANCE COMPANY, )
)
Defendants. )

## ANSWER & AFFIRMATIVE DEFENSES
## OF DEFENDANT BRP US, INC.

Defendant BRP US, Inc., ("BRP US") hereby responds to the Complaint and Demand for Jury Trial, dated December 15, 2004, filed by Plaintiffs in the Massachusetts District Court, Northern Berkshire County.

**I.   ANSWER**

1.   Without knowledge. (As used herein, the phrase "without knowledge" shall mean that (1) despite reasonable inquiry, BRP US, is without sufficient knowledge or information necessary to form a belief as to the truth of the allegation, (2) BRP US, therefore, denies same, and (3) BRP US, therefore, leaves Plaintiffs to their proof.)

2.   Without knowledge.

3.   Denied. Bombardier Recreational Products, Inc., is a foreign corporation with a principal place of business of 726 rue St-Joseph, Valcourt, Quebec, Canada J0E 2L0.

4.   Denied.

1120637v1

5. Without knowledge.

6. Without knowledge.

7. Admitted that BRP US distributed the vehicle in question, although at the time of that distribution, Defendant was known as Bombardier Motor Corporation of America. Without knowledge as to the remaining portion of this paragraph.

8. Without knowledge.

9. Without knowledge.

10. Admitted that counsel for Plaintiffs sent a letter to BRP US, dated November 14, 2003, containing allegations which BRP US denied then and denies now. Otherwise denied.

11. Admitted that BRP US received the noted letter on or about November 18, 2003.

12. Admitted.

13. Admitted that BRP US rejected Plaintiffs' claim in total and did not offer any amount to settle that claim.

14. Without knowledge.

15. Without knowledge.

16. Without knowledge.

17. Without knowledge.

18. Without knowledge.

19. Without knowledge.

20. Without knowledge.

### COUNT I
### (Negligence against Bombardier Recreational Products, Inc., BRP US, Inc., , and Spofford Motors, Inc.)

21. BRP US restates its responses to allegations set forth in Paragraphs 1 through 20 above as if fully set forth herein.

1120637v1

- 2 -

22. Admitted that BRP US distributed the vehicle in question, although at the time of that distribution, Defendant was known as Bombardier Motor Corporation of America. Without knowledge as to the remaining portions of this paragraph.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

### PRAYER FOR RELIEF

BRP US respectfully requests that the Court deny Plaintiffs' prayer for relief.

### COUNT II
### (Breach of Warranties against Bombardier Recreational Products, Inc., BRP US, and Spofford Motors, Inc.)

27. BRP US restates its responses to allegations set forth in Paragraphs 1 through 26 above as if fully set forth herein.

28. Denied.

29. Denied.

### PRAYER FOR RELIEF

BRP US respectfully requests that the Court deny Plaintiffs' prayer for relief.

### COUNT III
### (Violation of M.G.L. c. 93A against BRP US)

30. BRP US restates its responses to allegations set forth in Paragraphs 1 through 29 above as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

1120637v1

## PRAYER FOR RELIEF

BRP US respectfully requests that the Court deny Plaintiffs' prayer for relief.

## COUNT IV
### (Violation of M.G.L. c. 93A against TIG)

34. BRP US restates its responses to allegations set forth in Paragraphs 1 through 33 above as if fully set forth herein.

35. Without knowledge.

25. (Sic) 36. Without knowledge.

26. (Sic) 37. Without knowledge.

27. (Sic) 38. Without knowledge.

## PRAYER FOR RELIEF

BRP US respectfully requests that the Court deny Plaintiffs' prayer for relief as against BRP US.

## II. AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' damages, if any, were caused by a third party for whom BRP US is not responsible.

### Third Affirmative Defense

Plaintiffs' damages, if any, were caused solely by the negligence of Master DeMyer, Tamara DeMeyer, and/or others. Any damages should be barred, reduced in proportion to the negligence of Master DeMyer.

### Fourth Affirmative Defense

The subject equipment was changed in substance and form after it left the control of BRP US by the conduct of one or more entity(ies) for whose conduct BRP US is not responsible.

### Fifth Affirmative Defense

If any defect existed in the equipment which is the subject matter of this action, which BRP US expressly denies, Plaintiffs are barred from recovery because Master DeMyer, Tamara DeMyer, and/or others violated their own duty to act responsibly with respect to the product, and such conduct was the cause of his injuries.

### Sixth Affirmative Defense

Plaintiffs acted in violation of law, statute, regulation, or ordinance, and therefore, they cannot recover.

### Seventh Affirmative Defense

BRP US claims all defenses as identified in <u>Correia v. Firestone Tire & Rubber Co.</u>, 388 Mass. 342 (1983).

### Eighth Affirmative Defense

Plaintiffs knowingly assumed the risk of Master DeMyer's damages.

### III. DEMAND FOR JURY-TRIAL

BRP US DEMANDS A TRIAL BY JURY ON ISSUES TRIABLE TO A JURY.

BRP US, Inc.,

/s/ Mark S. Granger

Mark S. Granger, BBO# 206920
William A. Staar, BBO# 659425
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: January 18, 2005

- 5 -

1120637v1

## CERTIFICATE OF SERVICE

    I hereby certify that I served the foregoing to the following parties and counsel of record in this action by mailing same, posted prepaid, on this 18th day of January 2005:

Adam Clermont, Esquire
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
***Counsel for Plaintiffs***

Spofford Motors, d/b/a Village Automotive
P.O. Box 78
North Hoosick, NY 12133

TIG Insurance Company
5205 North O'Connor Boulevard
Irving, TX 75015

Bombardier Recreational Products, Inc.,
726 rue St-Joseph
Valcourt, Quebec, Canada J0E 2LO

                                                                            /s/ _____
                                                                            William A. Staar