UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA, | ) ) ) ) | CIVIL ACTION NO: 2005-30003-MAP |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) |  |
| BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY, | ) ) ) ) ) |  |
| Defendants, | ) ) |  |
| v. | ) ) |  |
| MR. LANCE JAY BINGHAM and MR. DAVID REICHERT | ) ) ) |  |
| Third-Party Defendants. | ) ) |  |

**NOTICE OF BRP US, INC.'s FILING OF CERTIFIED COPIES
OF STATE COURT DOCUMENTS PURSUANT TO LOCAL RULE 81.1**

Pursuant Local Rule 81.1, Defendant/Third-Party Plaintiff BRP US, Inc., hereby files

certified copies of all records, proceedings, and a certified copy of the docket from the Northern

Berkshire District Court of the Commonwealth of Massachusetts from which this matter was

removed. (Ex. A).

1123626v1

BRP US, Inc.

By Its Attorney,

Mark S. Granger, BBO# 206920
William A. Staar, BBO# 659425
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: February 4, 2005

1123626v1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing to call counsel of record in this action by mailing same, posted prepaid, on this 4th day of February 2005 to the following parties and counsel of record:

Adam Clermont, Esquire
FREEDMAN, DeROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
*Counsel for Plaintiffs*

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
Cain Hibbard Myer & Cook, PC
66 West Street
Pittsfield, MA 01201
*Counsel for Defendant Spofford Motors, d/b/a Village Automotive*

James F. Martin, Esq.
Robinson Donovan, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
*Counsel for Defendant TIG Insurance Company*

Mark S. Granger
William A. Staar

1123626v1

# EXHIBIT A

| Civil **DOCKET** | DOCKET NUMBER **200428CV000260** | Trial Court of Massachusetts District Court Department |
|---|---|---|

| CASE NAME **BRANDON DEMYER vs. BOMBARDIER RECREATIONAL PRODUCTS, INC.** | CURRENT COURT Northern Berkshire District Court City Hall, 10 Main Street North Adams, MA 01247-3462 (413) 663-5339 |
|---|---|

| ASSOCIATED DOCKET NO. | DATE FILED 12/20/2004 | DATE DISPOSED 01/20/2005 | |
|---|---|---|---|

| PLAINTIFF(S) | PLAINTIFF'S ATTORNEY |
|---|---|
| P01   BRANDON DEMYER 1 INGRAHAM RD NEW ASHFORD, MA  P02   BRANDON DEMYER  by his next friend and parent TAMARA DEMYER.. | ADAM PAUL CLERMONT 87 MARSHALL STREET ROOM 200 PO BOX 746 BULDING 1 NORTH ADAM, MA 01247-0746 (413) 664-1073  ADAM PAUL CLERMONT |

| DEFENDANT(S)/OTHER SINGLE PARTIES | DEFENDANT'S ATTORNEY |
|---|---|
| D01   BOMBARDIER RECREATIONAL PRODUCTS, INC. 1061 RUE PARENT SAINT-BRUNO (QUEBEC), CN J3V601  D02   BRP US, INC.   A/K/A BOMBARDIER MOTOR CORP. OF AMERICA, IN D03   SPOFFORD MOTORS, INC.   D/B/A  VILLAGE AUTOMOTIVE D04   TIG INSURANCE COMPANY |  MARK S. GRANGER |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 12/20/2004 | Complaint filed on 12/20/2004 at Northern Berkshire District Court. |
| 2 | 12/20/2004 | Appearance for Brandon Demyer filed by Attorney ADAM PAUL CLERMONT 87 Marshall Street Room 200 Po Box 746 Bulding 1 North Adams MA 01247-0746 BBO# 639769 |
| 3 | 12/20/2004 | Appearance for Brandon Demyer By His Next Friend And Parent Tamara Demyer filed by Attorney ADAM PAUL CLERMONT 87 Marshall Street Room 200 Po Box 746 Bulding 1 North Adams MA 01247-0746 BBO# 639769 |
| 4 | 12/20/2004 | Filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 5 | 12/20/2004 | Statement of damages filed by P01  BRANDON DEMYER (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 6 | 12/20/2004 | Exhibits A; B; C; D filed |
| 7 | 12/20/2004 | DISMISSAL UNDER MASS.R.CIV.P. 4(j) potentially applicable on 05/20/2005 07:00 PM. |

| Page 1 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | DATE 1 - 25 - 05 |
|---|---|---|---|

Date/Time Printed:  01/21/2005 02:55 PM

| DOCKET CONTINUATION | DOCKET NUMBER |
|---|---|
| | 200428CV000260 |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 12/20/2004 | DISMISSAL FOR FAILURE TO ACT ON DEFAULT UNDER JOINT STANDING ORDER 1-04 OR DIST. CT. STANDING ORDER 1-98 potentially applicable on 09/20/2005 07:00 PM. |
| 9 | 01/20/2005 | Case removed to U.S. District Court by D02  BRP US, INC. (28 U.S.C. §§1441-1452). |
| 10 | 01/20/2005 | Appearance for Brp Us, Inc. A/k/a Bombardier Motor Corp. Of America, Inc. filed by Attorney MARK S. GRANGER 250 Summer Street. 2Nd Floor Boston MA 02210 BBO# 206920 |

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | DATE 1-25-05 |
|---|---|---|---|

Date/Time Printed: 01/21/2005 02:55 PM

| **Civil DOCKET** | DOCKET NUMBER<br>**200428CV000260** | **Trial Court of Massachusetts<br>District Court Department** |
|---|---|---|

CASE NAME
**BRANDON DEMYER vs. BOMBARDIER RECREATIONAL PRODUCTS, INC.**

CURRENT COURT

Northern Berkshire District Court
City Hall,  10 Main Street
North Adams, MA 01247-3462
(413) 663-5339

| ASSOCIATED DOCKET NO. | DATE FILED<br>12/20/2004 | DATE DISPOSED<br>01/20/2005 | |
|---|---|---|---|

PLAINTIFF(S)

P01   BRANDON DEMYER
      1 INGRAHAM RD
      NEW ASHFORD, MA


P02   BRANDON DEMYER  by his next friend and parent TAMARA DEMYER..

PLAINTIFF'S ATTORNEY

ADAM PAUL CLERMONT
87 MARSHALL STREET ROOM 200
PO BOX 746 BULDING 1
NORTH ADAM, MA 01247-0746
(413) 664-1073

ADAM PAUL CLERMONT

DEFENDANT(S)/OTHER SINGLE PARTIES

D01   BOMBARDIER RECREATIONAL PRODUCTS, INC.
      1061 RUE PARENT
      SAINT-BRUNO (QUEBEC), CN J3V601


D02   BRP US, INC.   A/K/A BOMBARDIER MOTOR CORP. OF AMERICA, IN
D03   SPOFFORD MOTORS, INC.   D/B/A  VILLAGE AUTOMOTIVE
D04   TIG INSURANCE COMPANY

DEFENDANT'S ATTORNEY

MARK S. GRANGER

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 12/20/2004 | Complaint filed on 12/20/2004 at Northern Berkshire District Court. |
| 2 | 12/20/2004 | Appearance for Brandon Demyer filed by Attorney ADAM PAUL CLERMONT 87 Marshall Street Room 200 Po Box 746 Bulding 1 North Adams MA 01247-0746 BBO# 639769 |
| 3 | 12/20/2004 | Appearance for Brandon Demyer By His Next Friend And Parent Tamara Demyer filed by Attorney ADAM PAUL CLERMONT 87 Marshall Street Room 200 Po Box 746 Bulding 1 North Adams MA 01247-0746 BBO# 639769 |
| 4 | 12/20/2004 | Filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 5 | 12/20/2004 | Statement of damages filed by P01  BRANDON DEMYER (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 6 | 12/20/2004 | Exhibits A; B; C; D filed |
| 7 | 12/20/2004 | DISMISSAL UNDER MASS.R.CIV.P. 4(j) potentially applicable on 05/20/2005 07:00 PM. |

| Page 1 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK<br>X | DATE<br>1-25-05 |
|---|---|---|---|

Date/Time Printed:  01/21/2005 03:00 PM

# DOCKET CONTINUATION

DOCKET NUMBER
**200428CV000260**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|-----|------------|----------------|
| 8 | 12/20/2004 | DISMISSAL FOR FAILURE TO ACT ON DEFAULT UNDER JOINT STANDING ORDER 1-04 OR DIST. CT. STANDING ORDER 1-98 potentially applicable on 09/20/2005 07:00 PM. |
| 9 | 01/20/2005 | Case removed to U.S. District Court by D02  BRP US, INC. (28 U.S.C. §§1441-1452). |
| 10 | 01/20/2005 | Appearance for Brp Us, Inc. A/k/a Bombardier Motor Corp. Of America, Inc. filed by Attorney MARK S. GRANGER 250 Summer Street. 2Nd Floor Boston MA 02210 BBO# 206920 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | DATE 1-25-05 |
|---|---|---|---|

Date/Time Printed:  01/21/2005 03:00 PM

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

Berkshire, ss.

DISTRICT COURT DEPARTMENT
NORTHERN BERKSHIRE DIVISION
CIVIL ACTION NO.:

BRANDON DEMYER and                  )
TAMARA DEMYER, NEXT FRIEND          )
OF BRANDON DEMYER, PPA,             )
        Plaintiff                   )
                                    )
v.                                  )    COMPLAINT
                                    )
BOMBARDIER RECREATIONAL PRODUCTS,   )
INC., BRP US, INC., SPOFFORD        )
MOTORS, INC. and TIG INSURANCE      )
COMPANY,                            )
        Defendants                  )

1.   Plaintiff, Brandon DeMyer, is an individual who resided at
     1 Ingraham Road, New Ashford, Massachusetts at the time of
     the incident that is the subject matter of this litigation.

2.   Plaintiff, Tamara DeMyer, is the mother and next friend of
     Brandon DeMyer and currently resides at 118 Huntington
     Green Drive, Jacksonville, North Carolina, 28546.

3.   Defendant, Bombardier Recreational Products, Inc. is a
     foreign corporation with a principal place of business of
     1061, rue Parent, Saint-Bruno (Quebec) Canada J3V601.

4.   Defendant, BRP US, Inc., a/k/a as Bombardier Motor
     Corporation of America, Inc., is a foreign corporation with
     a principal place of business of 10101 Science Drive,
     Sturtevant, WI 53177.

5.   Defendant, Spofford Motors, Inc. d/b/a Village Automotive
     is a foreign corporation with a mailing address of Rt 67 BX
     78, North Hoosick, New York, 12133.

6.   Defendant TIG Insurance Company is a foreign corporation
     with a principal place of business of 5205 North O'Connor
     Boulevard, Irving, TX 75015.

A TRUE COPY ATTEST.

CLERK *Timothy J. Morey*

## FACTUAL BACKGROUND

7.    On or about October 29, 2003, Spofford Motors, Inc. sold a
      Bombardier DS650 (VIN #2BVBBCB15YV002497) ATV (the "ATV")
      that was manufactured and/or distributed by BRP US, Inc.,
      Bombardier Motor Corporation of America, Inc. and/or
      Bombardier Recreational Products, Inc.

8.    On June 7, 2002, Brandon DeMyer was riding on the ATV in a
      field located in New Ashford, Massachusetts when the
      cooling hose detached suddenly and without warning.

9.    As a result of the cooling hose detaching, hot liquid
      sprayed Mr. DeMyer's legs, causing severe burns to his
      body.

10.   On November 14, 2003, the Plaintiffs, through counsel, sent
      to BRP US, Inc. a formal demand, via certified mail and
      pursuant to M.G.L. c. 93A, for settlement of the liability
      claim.  A true and accurate copy of the M.G.L. c. 93A
      demand letter is attached hereto as Exhibit A.

11.   An authorized representative of BRP US, Inc. received the
      demand letter referred to in Paragraph 10 on November 18,
      2003.

12.   On December 17, 2003, Mark Granger, Esquire, responded to
      the demand letter referred to in paragraph 10 on behalf of
      BRP US, Inc.  A true and accurate copy of the response to
      the Plaintiffs' demand is attached hereto as Exhibit B.

13.   In its response to the Plaintiffs' demand, BRP US, Inc.
      failed to make any offer of settlement.

14.   At the time of the incident referred to in this Complaint,
      Spofford Motors, Inc. was covered by a policy of liability
      insurance issued by TIG Insurance Company.

15.   On September 4, 2003, the Plaintiffs, through counsel, sent
      to an authorized representative of TIG Insurance Company, a
      formal demand for settlement, via certified mail, for
      settlement of the liability claim.  A true and accurate
      copy of the demand letter is attached hereto as Exhibit C.

A TRUE COPY ATTEST.

CLERK

2

16.  TIG Insurance Company failed to make any offer of settle-
     ment after receiving the demand letter referred to in
     Paragraph 15.

17.  On November 14, 2003, the Plaintiffs, through counsel, sent
     to an authorized representative of TIG Insurance Company, a
     formal demand for settlement pursuant to M.G.L. c. 93A, via
     certified mail, for settlement of the liability claim.  A
     true and accurate copy of the M.G.L. c. 93A demand letter
     is attached hereto as Exhibit **A**.

18.  An authorized representative of TIG Insurance Company
     received the demand letter referred to in Paragraph 17 on
     November 17, 2003.

19.  On December 23, 2003, TIG Insurance Company responded to the
     demand letter referred to in paragraph 17.  A true and
     accurate copy of the response to the Plaintiffs' demand is
     attached hereto as Exhibit **D**.

20.  In its response to the Plaintiffs' demand, TIG Insurance
     Company failed to make any offer of settlement.

### COUNT I, NEGLIGENCE
### (v. **Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc.**)

21.  Plaintiffs restate the allegations set forth in paragraphs
     1 through 20 above.

22.  Defendants, Bombardier Recreational Products, Inc., BRP US
     Inc. & Spofford Motors, Inc., as the manufacturers and/or
     distributors of the ATV, owned and controlled the ATV, and
     owed a duty to the plaintiffs to use care in the
     manufacture and marketing of the ATV.

23.  The Defendants breached their duty to the Plaintiffs by
     designing the ATV is such a way as to contain an
     unreasonably dangerous condition, in that the cooling hose
     could become dislodged during normal use of the product.

24.  The Defendants knew or should have known that the cooling
     hose could become dislodged during normal use of the
     product, and that the ability of the cooling hose to become
     dislodged was a dangerous feature of the ATV.

A TRUE COPY ATTEST

CLERK

3

25. The Defendants further breached their duty to the Plaintiffs by selling an ATV without warning that the cooling hose could become dislodged during normal operation of the product.

26. As a proximate cause thereof, Plaintiff Brandon DeMyer, sustained serious injuries, great pain of body and mind, incurred substantial medical expenses, and has been and continues to be in pain when pursuing his normal activities.

   **WHEREFORE**, the Plaintiffs respectfully requests that this

Honorable Court enter judgment as follows:

   a.   Judgment against the Defendants, Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc., for actual and consequential damages sustained together with interest and costs; and

   b.   Such further relief as this Court may deem reasonable and just.

### COUNT II, BREACH OF WARRANTIES
### (v. Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc.)

27. Plaintiffs restate the allegations set forth in paragraphs 1 through 26 above.

28. At the time of the sale of the ATV, the Defendants, their officers, agents, employees or directors, were a merchant with respect to the ATV and made express and implied warranties that the ATV was safe for the use for which it was intended.

29. As a proximate cause thereof, Plaintiff Brandon DeMyer, sustained serious injuries, great pain of body and mind, incurred substantial medical expenses, and has been and continues to be in pain when pursuing his normal activities.

A TRUE COPY ATTEST.

CLERK

4

**WHEREFORE**, the Plaintiffs respectfully requests that this

Honorable Court enter judgment as follows:

    a.   Judgment against the Defendants, Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc., for actual and consequential damages sustained together with interest and costs; and

    b.   Such further relief as this Court may deem reasonable and just.

### COUNT III, M.G.L. c. 93A
### (BRP US, Inc)

30.  Plaintiffs restate the allegations set forth in paragraphs 1 through 29 above.

31.  The Defendant's sale and/or distribution of the ATV in breach of the implied warranty of merchantability constitutes an unfair and deceptive act or practice in violation of M.G.L. c. 93A, as well as, the regulations promulgated by the Attorney General of the Commonwealth of Massachusetts, 940 C.M.R. 3.08(2).

32.  Defendant's unfair and deceptive acts or practices were done willfully or knowingly in violation of M.G.L. c. 93A.

33.  As a result of Defendant's unfair and deceptive acts or practices, Plaintiff Brandon DeMyer sustained serious injuries, great pain of body and mind, incurred substantial medical expenses, and has been and continues to be in pain when pursuing his normal activities.

**WHEREFORE**, the Plaintiffs respectfully requests this

Honorable Court enter judgment as follows:

    a.   Judgment against the Defendant, BRP US, Inc., for actual and consequential damages, with interest, costs and reasonable attorney's fees;

    b.   Award treble damages to the plaintiff as provided by M.G.L. ch. 93A, sec. 9; and

    c.   Such further relief as this Court may deem reasonable and just.

A TRUE COPY ATTEST

5

### COUNT IV, M.G.L. c. 93A
**(TIG Insurance Company)**

34.  Plaintiffs restate the allegations set forth in paragraphs
     1 through 33 above.

35.  In failing to make a reasonable offer of settlement, TIG
     Insurance Company committed an unfair and deceptive trade
     practice pursuant to M.G.L. c. 176D, sec. 3(9)(f) and sec.
     3(9)(n) by failing to effectuate prompt, fair and equitable
     settlements of claims in which liability had become
     reasonably clear and by failing to provide a reasonable
     explanation of the basis in the insurance policy in
     relation to the facts or applicable law for the offer of a
     compromise settlement.

25.  The actions of TIG Insurance Company constitute a willful
     and knowing violation of M.G.L. ch. 93A and ch. 176D.

26.  TIG Insurance Company's failure to make a reasonable offer
     of settlement upon demand was done in bad faith and with
     knowledge or reason to know that TIG Insurance Company's
     actions violated M.G.L. ch. 93A and ch. 176D.

27.  As a direct result thereof, the Plaintiff has sustained
     damages.

   **WHEREFORE,** the Plaintiffs respectfully requests this

Honorable Court enter judgment as follows:

   d.   Judgment against the Defendant, TIG Insurance Company,
        for actual and consequential damages, with interest,
        costs and reasonable attorney's fees;

   e.   Award treble damages to the plaintiffs as provided by
        M.G.L. ch. 93A, sec. 9; and

   f.   Such further relief as this Court may deem reasonable
        and just.

   **THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

A TRUE COPY ATTEST.

6

Respectfully submitted,

Brandon DeMyer and Tamara
DeMyer, Plaintiffs
By their attorney,

*Adam Clermont (J.A.P.)*

Adam Clermont, Esquire
Freedman, DeRosa and Rondeau
P.O. Box 746, 87 Marshall St.
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
(413) 664-1073
B.B.O.# 639769

Date:   December 15, 2004

A TRUE COPY ATTEST

7

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, s. 5 | DAY FILED (To be added by Clerk) | DOCKET NUMBER (To be filled by Clerk) | Trial Court of<br>Massachusetts |
|---|---|---|---|

| PLAINTIFF(S)   Brandon DeMyer and Tamara DeMeyer,<br>Next Friend of Brandon DeMyer, PPA | DEFENDANT(S)   Bombardier Recreational Products,<br>Inc., BRP US, Inc., Spofford Motors, Inc. and<br>TIG Insurance Company |
|---|---|

| INSTRUCTIONS:  THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BERKSHIRE, ESSEX, MIDDLESEX AND NORFOLK COUNTIES. | Northern Berkshire _____ DISTRICT COURT |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|
| A.  Documented medical expenses to date: | |
| 1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 2,516.86 |
| 2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 3,172.00 |
| 3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 5. Total other expenses (Describe): _____ | $ _____ |
| SUBTOTAL: | $ 5,688.86 |
| B.  Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| C.  Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D.  Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| E.  Reasonably anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F.  Other documented items of damage (Describe): _____ | $ _____ |
| G.  Brief description of Plaintiff's injury, including nature and extent of injury (Describe):<br><br>the ATV cooling hose detached and sprayed plaintiff's leg and foot<br><br>causing severe burns | |
| For this form, disregard double or treble damage claims; indicate single damages only.        TOTAL: | $ 5,688.86 |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only.        TOTAL: | $ |

A TRUE COPY ATTEST

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):<br><br>*Adam Clermont (J A.P)*        12/15/04<br>Signature                                         Date<br><br>Adam Clermont                    639769<br>Print or Type Name                    B.B.O.#<br><br>P.O. Box 746, North Adams, MA 01247<br>Address | DEFENDANT'S NAME AND ADDRESS:<br><br>Bombardier Recreational Products, Inc.<br>1061, Rue Parent<br>Saint-Bruno (Quebec) Canada J3V601<br><br>BRP US, Inc.<br>10101 Science Drive<br>Sturtevant, WI 53177<br>(additional defendants on back) |
|---|---|

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
DISTRICT COURT DEPARTMENT

## UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

CASE NAME:    DEMYER ET AL v.                    DOCKET #:

BOMBARDIER ET AL

I am attorney of record for:    Brandon DeMyer and Tamara DeMyer, Next Friend of
Brandon DeMyer, PPA
plaintiff/defendant in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution
(SJC Rule 1:18) which states in part: ". . . Attorneys shall:  provide their clients with this
information about court-connected dispute resolution services; discuss with their clients the
advantages and disadvantages of the various methods of dispute resolution; and certify their
compliance with this requirement on the civil cover sheet or its equivalent . . . ," I hereby certify
that I have complied with this requirement.

_Adam Clermont (J.A.P.)_

Signature of Attorney of Record


Adam Clermont

Print Name


B.B.O. #:    639769


Date:    December 15, 2004


NOTE:  UNLESS EXEMPTED, PLAINTIFF'S AND PETITIONER'S COUNSEL SHALL FILE THIS DOCUMENT
TOGETHER WITH HIS OR HER INITIAL PLEADING. ALL OTHER COUNSEL SHALL FILE IT WITHIN 30
DAYS OF HIS OR HER INITIAL ENTRY INTO THE CASE WHETHER BY ANSWER, MOTION, APPEARANCE
SLIP OR OTHER PLEADING.

A TRUE COPY ATTEST

6/1/00

# FREEDMAN, DEROSA & RONDEAU LLP

## ATTORNEYS AND COUNSELORS AT LAW

John B. DeRosa
Patrick E. Rondeau *
Thomas Manuel *
Adam P. Clermont
Jeremia A. Pollard
Richard M. Dohoney

Morton Freedman
Retired

*  Also admitted VT

December 15, 2004

Timothy J. Morey
Clerk-Magistrate
Northern Berkshire District Court
10 Main Street
North Adams, MA 01247

Re:  Brandon DeMyer and Tamara DeMyer, Next Friend of Brandon
     DeMyer, PPA v. Bombardier Recreational Products, Inc.,
     BRP US, Inc., Spofford Motors, Inc. and TIG Insurance
     Company

Dear Clerk-Magistrate:

    Enclosed are the following for filing in connection with
the above-captioned matter:

    1.   Complaint
    2.   Statement of Damages
    3.   Uniform Counsel Certification for Civil Cases
    4.   Check in the amount of $195 made payable to the
         Northern Berkshire District Court

    Thank you for your attention to this matter.

                    Respectfully,

                    Adam Clermont (J.A.P.)

                    Adam Clermont

/las
Enclosures

A TRUE COPY ATTEST:

BUILDING 1 , SUITE 200, MASS MoCA
87 MARSHALL STREET, P. O. BOX 746, NORTH ADAMS, MASSACHUSETTS   01247-0746
TELEPHONE (413) 664-1073    TELEFAX (413) 664-7379

17 MAIN STREET, LEE, MASSACHUSETTS 01238
TELEPHONE (413) 243-3325

# FREEDMAN, DeRosa & Rondeau

### ATTORNEYS AND COUNSELLORS AT LAW
### 85 MAIN STREET, P. O. BOX 746
### NORTH ADAMS, MASSACHUSETTS 01247-0746
### TELEFAX (413) 664-7379
### (413) 664-1073

John B. DeRosa
Patrick E. Rondeau *
Thomas Manuel *
Brigid Hennessey +
Adam P. Clermont
Jeremia A. Pollard
Jan P. Myskowski -

Morton Freedman
Senior Counsel
-----------------
* Also admitted VT
+ Also admitted NY
- Also admitted NH

November 14, 2003

CERTIFIED MAIL #7002 3150 0004 4045 4885 & 7002 3150 0004 4045 4830

Bombadier Motor Corporation of America
Attn: Nancy Larsen
7575 Bombardier Court
Wausau, WI 54401

TIG Insurance Company
Attn: Deidra McCuiston
5205 North O'Connor Boulevard
Irving, TX 75039

> Re:  My Client:    Brandon DeMyer
> Your Insured: Bombardier/Village Automotive
> Claim No.:    TIG39283284
> DOL:          June 7, 2002

## 30 DAY WRITTEN DEMAND FOR RELIEF PURSUANT TO M.G.L. c. 93A, THE MASSACHUSETTS CONSUMER PROTECTION ACT AND M.G.L. c. 176D

Dear Ms. Larsen and McCuiston:

As you know, I represent Brandon DeMyer with respect to his claim for personal injuries sustained on June 7, 2002 as a result of a defective product manufactured by Bombardier Motor Corporation of America and sold by Village Automotive. The following represents our demand for relief pursuant to M.G.L. c. 93A and M.G.L. c. 176D.

Rather than repeat all of the facts of this case, I am incorporating formally by reference my demand letter of September 4, 2003 attached hereto as Exhibit A. The letter set forth the facts establishing liability, described Mr. DeMyer's injuries and requested that your companies

A TRUE COPY ATTEST

CLERK

Bombardier Motor Corporation of America
TIG Insurance Company
November 14, 2003
Page 2

make a reasonable offer of settlement. I have left at least three messages on each of your voice mail systems requesting that you contact me so that we could discuss this matter further. To date, I have yet to hear from either one of you.

Despite clear liability and Mr. DeMyer's full cooperation, your companies have made no offer of settlement in this matter and have refused to return my telephone calls. Based on the aforementioned circumstances, it is clear that Bombardier, Inc. and TIG Insurance Company have committed unfair and deceptive trade practices pursuant to M.G.L. c. 176D, sec. 3(9)(f), and 3(9)(b), which apply to self-insureds, by failing to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear and by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies. If your companies refuse to pay $550,000.00 within 30 days, I will file a claim against Bombardier, Inc. and TIG Insurance Company pursuant to M.G.L. c. 93A/176D. Your failure to extend a reasonable offer of settlement within 30 days may result in treble damages together with attorney's fees and costs associated with the statutory action.

Respectfully,


Adam Clermont

Enclosure

# MORRISON, MAHONEY & MILLER, LLP

### COUNSELLORS AT LAW

Mark S. Granger
Phone: 617-439-7518
Fax: 617-342-4908
mgranger@mail.mm-m.com

William A. Staar
Phone: 617-737-8870
Fax: 617-342-4836
wstaar@mail.mm-m.com

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

MASSACHUSETTS    CONNECTICUT
BOSTON                    HARTFORD
FALL RIVER
SPRINGFIELD           NEW YORK
WORCESTER            NEW YORK

RHODE ISLAND        ENGLAND
PROVIDENCE            LONDON

December 17, 2003

## BY FACSIMILE & CERTIFIED MAIL: 413-664-7379

Adam P. Clermont, Esq.
FREEDMAN, DEROSA & RONDEAU
85 Main Street
P.O. Box 746
North Adams, MA  01247-0746

Re:    **DeMyer v. Bombardier**
Our File No:  10011475

Dear Attorney Clermont:

I am in receipt of your letters to Bombardier Motor Corporation of America ("BMCA") of September 4th and November 14th, 2003, which purport to be demand letters under M.G.L. c. 93A and c. 176D. Please be advised that this office represents BMCA. Forward to all future communications concerning the above-referenced matter to me or Bill Staar, of my office.

I have a few comments regarding your letters. First, neither letter, singly or in combination with one another, complies with the requirements of either M.G.L. c. 93A or c. 176D. Accordingly, BMCA cannot and will not accept those letters as making any claim under either statute. In addition, neither M.G.L. c. 93A nor c. 176D applies to this case nor to the "facts" alleged in your letter. By way of example only, the letters fail to in any way document or justify your demand of $550,000 dollars. The only basis given for this is medical bills under $6,000 and an allegation of future medical bills and scarring. Nowhere is an expert medical report provided which would justify the amount claimed in this matter.

Second, your letters ignore the obvious issue of comparative fault on the part of Mr. DeMyer, Mr. Bingham, and Mr. Reichart. Your letters reveal that you read the operator's manual for the DS 650, yet you provide no explanation for the failure of these individuals to properly follow the labels and instructions on the subject vehicle and in the various manuals, including the operator's manual, that should have been made available to all three individuals. Additionally, you fail to explain each person's failure to exercise common sense in using the ATV, Mr. Bingham's most of all.

A TRUE COPY ATTEST:

1059881v1

**MORRISON, MAHONEY & MILLER, LLP**

A. P. Clermont, Esq.
December 17, 2003
Page 2 of 7

A proper demand letter under M.G.L c. 93A and c. 176D must provide adequate information to support both alleged liability and the amount of asserted damages so that a potential defendant can fully evaluate the claim. Your letters fail to document the reasons for Mr. DeMyer's damages and to explain the overwhelming comparative fault and knowing assumption of risk by your client, Mr. Bingham, and Mr. Reichart. For these reasons alone, they are not adequate under the statutes.

Third, BMCA further denies that it is in any way subject to M.G.L c. 176D because it is not an insurance company. It is simply a manufacturer and distributor of products that has not chosen to protect itself via the use of an insurance provider.

Fourth the overwhelming fact in this matter is that BMCA is without fault with respect to this accident. BMCA flatly rejects your demand for payment of $550,000 to settle the claim made in your letters. The Bombardier 2000 DS 650 is not defective for any of the reasons you claim, and the blame for Brandon DeMyer's injuries rests entirely with Mr. DeMyer, Mr. Bingham, and Mr. Reichart. For the following reasons, BMCA will vigorously defend any suit you may bring on behalf of Mr. DeMyer, and it will take appropriate steps to involve those responsible for this accident in such a suit.

## A.    PROPER VEHICLE DESIGN

Neither (1) the design of the subject cooling hose, (2) the design of that hose's attachment to the vehicle, nor (3) the alleged lack of shielding around the cooling hose constitutes a defective condition, much less one that can be attributed to Mr. DeMyer's injuries. The hose, its form of attachment, and all related parts, comply with applicable standards, are properly designed, and are properly manufactured. BMCA has received no other claims for personal injuries which allege that this hose became detached and resulted in a burn injury. Mr. DeMyer's experience is the first notice Bombardier has ever had of an alleged problem with that coolant line allegedly leading to such injuries.

## B.    FAILURE TO HEED WARNINGS

As illustrated below, BMCA contends that Mr. DeMyer's, Mr. Bingham's, and/or Mr. Reichart's failures to heed multiple clear warnings posted (1) directly on the DS 650 itself, (2) in the vehicle's operator's manual, (3) in the vehicle's safety manual, and (4) on a hang tag tied to the vehicle when purchased new, are the true proximate causes of Mr. DeMyer's injuries. Each of these specific warnings was accompanied by a general warning that failure to observe any one of them "can result in SEVERE INJURY or DEATH." What follows below is only a fraction of the

MORRISON, MAHONEY & MILLER, LLP

A. P. Clermont, Esq.
December 17, 2003
Page 3 of 7

warnings appearing in the noted sources. If any one of them had been followed, Mr. DeMyer would not have suffered injury.

1. <u>ONE PERSON ONLY</u>

First, only a single passenger is to ride on the 650 at any one time. This warning appears in the form of a circled-and-slashed drawing of two individuals, one seated in front of the other, in no less than <u>three</u> places on the vehicle itself (embossed on the seat and on two stickers, one on each left-side fender). It also appears multiple times in both the Operator's Guide, Safety Handbook, and a Hang Tag that was distributed to the original purchaser. The various text of each of those warnings appears exactly as follows:

- **! WARNING - NEVER CARRY A PASSENGER**

  - Never carry a passenger on an ATV

- **POTENTIAL HAZARD**
  Carrying a passenger on this ATV

  **HOW TO AVOID THE HAZARD**
  Never carry a passenger. The long seat is to allow the operator to shift position as needed during operation. It is not for carrying passengers.

- **NEVER CARRY PASSENGERS.**

- **! WARNING – NEVER** ride as a passenger. Passengers can cause a loss of control, resulting in SEVERE INJURY OR DEATH.

  - Never carry passenger(s).

- **Carrying Loads / Passengers**
  All ATVs are intended for an operator only. Even with a long seat that provides unrestricted operator movement, they are not designed nor intended to carry passenger (s).

- **OPERATOR ONLY – NO PASSENGERS**

MORRISON, MAHONEY & MILLER, LLP

A. P. Clermont, Esq.
December 17, 2003
Page 4 of 7

## 2. NO RIDERS UNDER 16 YEARS OLD

Second, as of the date of the alleged accident, Mr. DeMyer appeared to be far younger than the minimum recommended age for a rider of the model DS 650, i.e. 16 years old. Based on photos made available to me, I am estimating his age at that time to be somewhere between 10 to 12 years old. This too, is clearly in contravention to the warnings appearing on the vehicle itself, in the Operator's Guide, in the Safety Handbook, and on the Hang Tag. The various text of each of those individual warnings appears exactly as follows:

# UNDER
# 16

(circled and crossed out via the international no pictogram)

**POTENTIAL HAZARD**
Failure to follow the age recommendations for this ATV.

**WHAT CAN HAPPEN**
Use by children of ATVs that are not recommended for their age can lead to sever injury or death of the child. Even though a child may be within the age group for which an ATV is recommended, he or she may not have the skills abilities, or judgment needed to operate the ATV safely and may be involved in a serious accident.

**HOW TO AVOID THE HAZARD**
No one under 16 should operate a Bombardier AVT.

**- NO OPERATOR UNDER AGE 16**

**! WARNING**

**UNDER**
# 16

(circled and crossed out using the international pictogram)

1059881v1

MORRISON, MAHONEY & MILLER, LLP

A. P. Clermont, Esq.
December 17, 2003
Page 5 of 7

> Operating this ATV if you are under the age of 16 increases
> your chance of SEVERE INJURY or DEATH.  NEVER operate
> this ATV is you are under age 16.

- Adult vehicle only.

- Always follow this age recommendation:  A child under 16 years
  old should never operate this ATV

## 3.  <u>FAILURE TO WEAR BOOTS and LONG PANTS</u>

Third, the noted materials clearly require any rider of the DS 650 to wear protective clothing,
i.e., boots and long pants, to protect the rider's legs from injury.  Based on the apparent burns
to Mr. DeMyer's left leg, it appears that he was wearing shorts and sneakers at the time of the
incident.   The relevant warnings appearing on the vehicle and in the previously-noted
locations is as follows:

> - ! WARNING
>    ALWAYS WEAR . . . protective clothing.
>
> - You should . . . wear . . . boots . . . and long pants.
>
> - Always wear the appropriate protective clothing an apparel, including . . . boots
>   [and] long . . . pants.
>
> - (drawing of ATV rider wearing "Long, sturdy Pants" and "Boots.")
>
> - (picture of rider wearing a baseball cap, short-sleeved shirt, and no eye
>   protection)
>
> **POTENTIAL HAZARD**
> Operating this ATV without wearing  . . . protective clothing.
>
> **WHAT CAN HAPPEN**
> . . . .
> Operating without protective clothing increases your chances of severe injury
> in the event of an accident.
>
> **HOW TO AVOID THE HAZARD**
> . . . . You should . . . wear:  boots . . . long pants.

A TRUE COPY ATTEST

**MORRISON, MAHONEY & MILLER, LLP**

A. P. Clermont, Esq.
December 17, 2003
Page 6 of 7

### 4. LACK OF MINIMUM EXPERIENCE

Fourth, given (1) Brandon's apparent age, (2) the fact that he was riding with his father on the ATV, and (3) the capabilities and risks of the model of Bombardier ATV at issue, it appears that Mr. DeMyer lacked the requisite skill to operate a 650. The DS 650 is clearly described as a performance vehicle in the vehicle instructions. It is to be used by experienced operators and contains warnings and instructions to that effect. Its meant for off-road driving and competition for only the most skilled operators. Again, warnings stating as much appear as follows on the vehicle and in the various documents accompanying it:

> - **NEVER OPERATE THIS ATV WITHOUT PROPER INSTRUCTION.** Beginners should complete a certified training course.

> - ! **WARNING**
> This ATV may exceed the performance of other ATVs you may have ridden in the past.
> This category S (sport) is a high performance ATV for off-road use only. It is for sport type recreational and competitive use by operators with advanced skills and substantial experience.

### S

### SPORT MODEL

**THIS ATV IS FOR RECREATIONAL USE BY EXPERIENCED OPERATORS ONLY. THIS CATEGORY (SPORT) ATV IS A HIGH PERFORMANCE ATV FOR OFF ROAD USE ONLY. IT IS FOR SPORTR TYPE RECREATIONAL AND COMPETITIVE USE BY OPERATORS WITH ADVANCED SKILLS AND SUBSTANTIAL EXPERIENCE.**

### 5. FAILURE TO USE FOOT-PEGS

Fifth, Mr. DeMyer apparently failed to use the DS 650's foot-rests, as mandated by the noted instructions. No other conclusion is possible, given that the DS 650 contains only one set of foot-rests and that his father, the driver of the vehicle, had to have been using them. Interestingly enough, the logical location for Brandon's left foot to rest would have been directly on or near the coolant hose at issue. No other position is possible: He could not have used the foot rest designed for the driver because (1) his foot would have interfered with

A TRUE COPY ATTEST

MORRISON, MAHONEY & MILLER, LLP

A. P. Clermont, Esq.
December 17, 2003
Page 7 of 7

his father's use of the shifting pedal, which is positioned forward of that foot rest and (2) you do not report that Mr. Bingham received any burns whatsoever.

The relevant warnings with regard to foot-pedal use appear as follows:

### - POTENTIAL HAZARD
Removing . . . feet from footpegs during operation.

### HOW TO AVOID THE HAZARD
Always keep both hands on the handlebars and both feet on the footpegs of your ATV during operation.

Rather than simply slipping off due to the "vibration of the motor and the lubricating effect of the coolant" as you suggest, it seems far more likely that hose dislodged as a result of Brandon having rested his foot on the hose and kicking it off during a rough ride.

Given all of the above, BMCA rejects your demand. If you wish to provide us with any additional information, we will be glad to consider it with out client. If you are still considering bringing an action after reviewing this letter, please take all necessary steps to preserve the vehicle and to prevent it from being lost, altered, or destroyed.

Please also rest assured that if Brandon pursues an action against BMCA, BMCA will look to Mr Bingham and Mr. Reichart as the responsible parties, along with Mr. DeMyer, in this matter. If you are serious about bringing a claim, please inform Mr Bingham and Mr. Reichart that they should put their insurers on notice that they almost certainly will become parties to such an action.

Please contact me or Bill Staar should you have any questions.

Very truly yours,

Mark S. Granger
William A. Staar

1059881v1

EXHIBIT C

# FREEDMAN, DeROSA & RONDEAU

ATTORNEYS AND COUNSELLORS AT LAW
85 MAIN STREET, P. O. BOX 746
NORTH ADAMS, MASSACHUSETTS  01247-0746
TELEFAX  (413) 664-7379
(413) 664-1073

John B. DeRosa
Patrick E. Rondeau *
Thomas Manuel *
Brigid Hennessey +
Adam P. Clermont
Jeremia A. Pollard
Jan P. Myskowski

Morton Freedman
Senior Counsel
-------------------
*  Also admitted VT
+  Also admitted NY

September 4, 2003

CERTIFIED MAIL #7002 3150 0004 4045 4250 & 7002 3150 0004 4045 4243

Bombardier Motor Corporation of America
Attn: Nancy Larsen
7575 Bombardier Court
Wausau, WI 54401

South Valley Claims, Inc.
TIG Insurance Company
Attn: Mary Ann Johnson
P.O. Box 248
330 Tennant Avenue
Morgan Hill, CA 95037

Re:    My Client:     Brandon DeMyer
       Your Insured:  Bombardier/Village Automotive
       Claim No.:     TIG39283284
       DOL:           June 7, 2002

Dear Ms. Larson and Ms. Johnson:

As you know, I represent Brandon DeMyer ("Brandon") with respect to his claim for personal injuries sustained on June 7, 2002 as a result of a defective product manufactured by Bombardier Motor Corporation of America and sold by Village Automotive. The following represents our formal demand for settlement.

## LIABILITY

David Reichart purchased a used Bombardier DS 650 all terrain vehicle from Village Automotive, which is located in North Hoosick, New York, sometime prior to June 7, 2002. On June 7, 2002, Lance Jay Bingham, who is Brandon's father, borrowed Mr. Reichart's Bombardier so that he could take his son riding. As. Mr. Bingham operated the Bombardier with his son sitting in front of him, a cooling hose, which led from the radiator to the engine,

Bombardier Motor Corporation of America
South Valley Claims, Inc.
September 4, 2003
Page 2

dislodged and doused Brandon with hot cooling fluid. At the time of the accident, Mr. Bingham was operating the Bombardier on a level field.

An investigation conducted after the accident revealed that the coolant hose was secured to the motor by an adjustable pipe clamp. This is not a preferred method for attaching a coolant hose, as the heat from the coolant will cause the hose to expand and become pliable. Because the metal pipe clamp is unable to automatically adjust to the changes in the coolant hose, the coolant hose will loosen as a result of the vibration from the motor and the lubricating effect of the coolant. Thus, a pipe lip is needed to assist the pipe clamp in securing the coolant hose to the engine.

An examination of the Bombardier indicated the pipe leading into the engine that the cooling hose attached to had a diameter of .750 inches, with a lip diameter of .0785. Those figures indicate that the lip difference was a mere 0.0175. In comparison, standard automobile radiators have a pipe diameter of 1.311 inches in diameter with a lip diameter of 1.391 inches, which gives a lip difference of 0.040 inches radially. A lip difference of 0.0175 was insufficient to ensure that the pressurized cooling hose remained attached during normal operation of the Bombardier and the product could have been made safer by increasing the lip difference. The cost of increasing the lip difference would be minimal.

In addition to having a deficient pipe lip size, our investigation revealed that the Bombardier lacked sufficient shielding to protect the cooling hose from becoming dislodged, and, should the cooling hose do so, the operator. The design on the Bombardier permitted branches and stones to come into direct contact with the cooling hose during normal operation. Additionally, the lack of shielding permitted an operator to come into direct contact with the hose during the process of mounting or dismounting the Bombardier. If the coolant hose were to crack or dislodge, there is no shield to prevent the hose from spraying hot coolant over the operator. The cost of adding shielding to prevent the coolant hose from becoming dislodged and spraying the operator would also be minimal.

Finally, the Bombardier lacked sufficient warnings to warn the operator of the possibility that the coolant hose could dislodge. There were no indications on the Bombardier or in its operator's manual that warned the operator that it was possible for the cooling hose to dislodge during normal operation. Additionally, the operator's manual did not instruct the operator to inspect the coolant hose and hose clamp prior to operation to ensure that the coolant hose was properly secured.

The facts reveal that the Bombardier manufactured by Bombardier Motor Corporation of America and sold by Village Automotive was unreasonably dangerous because it had a deficient pipe lip, lacked adequate shielding and warnings to alert the operator of the possibility that the coolant hose could dislodge. Therefore, liability in this case is clear.

A TRUE COPY ATTEST,

Bombardier Motor Corporation of America
South Valley Claims, Inc.
September 4, 2003
Page 3

## DAMAGES

As a result of the coolant hose dislodging, Brandon was sprayed with coolant that was at or near its maximum operating temperature. The coolant was so hot that it caused the skin on Mr. Brandon's left leg to blister from his thigh to his ankle. Attached as "Exhibit A" are pictures of Brandon's injury. Brandon, who was in excruciating pain due to the first, second and third degree burns that covered his leg, was immediately transported to Berkshire Medical Center.

The attending emergency room physician examined Brandon after he arrived at Berkshire Medical Center. The physician noted that Brandon suffered a first-degree burn from his anterior thigh to his ankle. The physician also noted that Brandon had second-degree burns in three separate areas within the first-degree burn. The physician then applied a Bacitracin dressing, gave Brandon Tylenol with codeine for pain and instructed him to return in the morning.

Brandon returned to Berkshire Medical Center on June 8, 2002. The attending physician indicated that he did not observe any signs of infection. However, the physician did note that Brandon's proximate thigh blister broke. The physician applied another Bacitracin dressing and instructed Brandon to consult with Dr. Csank, who is a plastic surgeon.

Brandon first saw Dr. Csank on June 12, 2002. Dr. Csank's examination revealed that the blisters that were previously present on Brandon's foot and upper thigh had ruptured. Dr. Csank also noted that the previously reddened area on Brandon's leg had blistered. Dr. Csank debrided the extensive blistering to Brandon's thigh, leg and foot and applied a Bacitracin dressing.

Dr. Csank next examined Brandon on June 17, 2002. Dr. Csank indicated in his note that all of Brandon's superficial burns had re-epithelialized. However, Dr. Csank also noted that the area on the dorsum of Brandon's foot had not re-epithelialized. Dr. Csank noted that if the area did not re-epitheliaize in 10-14 days, he would consider performing an excision and split-thickness skin graft coverage.

Brandon returned to Dr. Csank's office on July 1, 2002. Dr. Csank's examination of Mr. DeMyer revealed that a 10 x 6 cm area of granulating wound on the dorasal instep of his foot with no evidence of re-epitheliazation. Dr. Csank explained the treatment options available, and Mr. DeMyer decided to proceed with debridement and split-thickness graft coverage of his third degree burn. Dr. Csank then made arrangements to perform the procedure at the Crane Center under general anesthesia.

On July 5, 2002, Brandon arrived at the Crane Center for the debridement procedure. Dr. Csank began the procedure by administering intravenous antibiotics and general anesthesia. Dr. Csank then debrided the wound until a good bleeding base was achieved. Dr. Csank then took

Bombardier Motor Corporation of America
South Valley Claims, Inc.
September 4, 2003
Page 4

an 8 by 5 cm partial thickness skin graft from Brandon's thigh. Dr. Csank tailored the skin graft to the defect and sutured it in, using 5-0 chromic interrupted and running stitches.

Dr. Csank examined Brandon again on July 10, 2002 and July 17, 2002. Dr. Csank noted on those dates that Mr. Brandon's skin graft had taken and that the donor site looked benign. On Brandon's July 17, 2002 visit, Dr. Csank instructed him to return in four weeks to evaluate his progress.

Brandon next saw Dr. Csank on August 19, 2002. Dr. Csank's examination revealed mild hypertrophy at the skin-grafted area. Dr. Csank recommended that Brandon wear a silicone sheet and instructed him to return in three months.

Dr. Csank examined Brandon again on February 5, 2003. Dr. Csank's examination revealed a hypertrophic, raised scar on Brandon's skin grafted area. Dr. Csank prescribed Mr. Brandon Jobst stockings and silicone sheeting, which Mr. DeMyer was required to wear 24 hours a day.

In a letter dated August 6, 2003, Dr. Csank writes, "[i]n assessment, Brandon suffered a burn injury to the left lower extremity. The total extent of the burn injury was 8% of body surface area, of which 1% was third-degree burn that required reconstruction." Although at the time of Dr. Csank's last appointment approximately 8 months had elapsed from the date of Brandon's injury, Dr. Csank was unable to state whether Brandon would experience further recovery.

As a result of this terrible accident, Brandon suffered extreme pain, not only from the hot coolant that sprayed over 8% of his body, but also from the surgical procedures he was required to endure. The pictures of Brandon's injuries speak for themselves. Brandon was left with significant scarring over his left leg. Brandon has been very reluctant to engage in any kind of athletic activities at school because he is very self-conscious about his scar. Additionally, Brandon continues to experience pain in his right leg and has incurred $5,688.86 in medical bills for treatment of his injuries.

While Brandon and his family would prefer that this horrible accident never occurred rather than receive compensation for his financial losses and pain and suffering, that is not possible. We therefore request that your company do everything in its power to adequately compensate Brandon for his injuries. Toward that end, we demand that Bombardier Motor Corporation of America and South Valley Claims, Inc. pay $550,000.00 to settle this claim.

Respectfully,

Adam Clermont

Enclosures
pc: Brandon J. DeMyer, without enclosures



December 23, 2003

Adam Clermont
Freedman, DeRosa & Rondeau
PO Box 746
North Adams, MA 01247-0746

| Re: | **Our Insured:** | **Village Automotive** |
|---|---|---|
| | **Our Claim:** | **B02065966** |
| | **Date of Loss:** | **06/07/02** |
| | **Your client:** | **Brandon Jay DeMyer** |

Dear Mr. Clermont:

We are in receipt of your correspondence dated December 13, 2003. Thank you for the photographs.

We have reviewed all the information provided to our office in regards to this claim. As you know, our insured sold the vehicle in question to David Reichart on or about October 29, 2001 approximately eight months prior to your client's accident. It also known that this particular ATV is intended for one person.

It is our belief that our insured is not liable for your client's injuries. Our insured did not make any changes or repairs to the ATV before it was sold. Our insured did not manufacture the ATV.

Based on this information, we must respectfully deny your claim for damages.

If you have any other information you wish for us to review, please contact our office.

Sincerely,

Deidra McCuiston
Claims Representative
1-888-778-7262 Ext. 6512



cc:    Spofford Motors, Inc.
       DBA: Village Automotive
       Route 67
       North Hoosick, NY 12133

A TRUE COPY ATTEST.