UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA,**<br><br>        Plaintiffs,<br><br>v.<br><br>**BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US INC., SPOFFORD MOTORS, INC. and TIG INSURANCE COMPANY,**<br><br>        Defendants,<br><br>v.<br><br>**LANCE JAY BINGHAM and DAVID REICHERT,**<br><br>        Third-Party<br>        Defendants. | CIVIL ACTION NO. 2005-30003-MAP |

**ANSWER AND CROSS-CLAIMS**
**OF DEFENDANT SPOFFORD MOTORS, INC.**

Defendant Spofford Motors, Inc. ("Spofford"), for its answer to the Complaint, states as follows:

1. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint.

2. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Complaint.

3. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint.

4. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint.

5. Spofford denies that it does business as Village Automotive but admits the remaining allegations in Paragraph 5 of the Complaint.

6. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint.

**Factual Background**

7. Spofford denies the allegations in Paragraph 7 of the Complaint.

8. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint.

10. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint.

11. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint.

13. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint that there was or was not an "incident" as otherwise described in the Complaint but admits that it was covered by a policy of liability insurance issued by TIG Insurance Company on or about June 7, 2002.

15. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint.

17. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint.

18. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint.

19. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint.

20. Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

## Count I (Negligence)

21. Spofford restates its answers to Paragraphs 1 through 20 of the Complaint.

22. Spofford denies the allegations in Paragraph 22 of the Complaint to the extent they pertain to Spofford and is without information sufficient to admit or deny the remaining allegations in Paragraph 22 of the Complaint.

23. Spofford denies the allegations in Paragraph 23 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

24. Spofford denies the allegations in Paragraph 24 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

25. Spofford denies the allegations in Paragraph 25 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

26. Spofford denies the allegations in Paragraph 26 of the Complaint and specifically denies that the plaintiff is entitled to the relief requested therein.

## Count II (Breach of Warranty)

27. Spofford restates its answers to Paragraphs 1 through 26 of the Complaint.

28. Spofford denies the allegations in Paragraph 28 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of breach of warranty relating to other defendants.

29. Spofford denies the allegations in Paragraph 29 of the Complaint and specifically denies that the plaintiff is entitled to the relief requested therein.

## Count III (Chapter 93A Claim against BRP US, Inc.)

30. Spofford restates its answers to Paragraphs 1 through 29 of the Complaint.

31. No response is required to Paragraph 31 of the Complaint as Count III is not directed at Spofford.

32. No response is required to Paragraph 32 of the Complaint as Count III is not directed at Spofford.

33. No response is required to Paragraph 33 of the Complaint as Count III is not directed at Spofford.

### Count IV (Chapter 93A Claim against TIG Insurance Company)

34. Spofford restates its answers to Paragraphs 1 through 33 of the Complaint.

35. No response is required to Paragraph 35 of the Complaint as Count IV is not directed at Spofford.

36. No response is required to Paragraph 36 of the Complaint (misnumbered as a second Paragraph 25) as Count IV is not directed at Spofford.

37. No response is required to Paragraph 37 of the Complaint (misnumbered as a second Paragraph 26) as Count IV is not directed at Spofford.

38. No response is required to Paragraph 38 of the Complaint (misnumbered as a second Paragraph 27) as Count IV is not directed at Spofford.

### AFFIRMATIVE DEFENSES

First Affirmative Defense. The plaintiffs' claims against Spofford are barred, in whole or in part, because plaintiff Brandon DeMyer's injuries were caused, in whole or in part, by acts or omissions of negligence of plaintiff Brandon DeMyer and/or other persons other than Spofford.

Second Affirmative Defense. The plaintiffs' claims are barred, in whole or in part, because plaintiff Brandon DeMyer used the ATV in a manner unexpected and/or unintended.

5

Third Affirmative Defense.  The plaintiffs' claims are barred, in whole or in part, because of the doctrine of assumption of risk.

Fourth Affirmative Defense.  The plaintiffs' claims are barred, in whole or in part, because the plaintiff was provided with adequate warnings concerning the safe operation of the ATV which he ignored or otherwise disregarded.

Fifth Affirmative Defense.  The plaintiffs' claims against Spofford fail because Spofford never owned the ATV in question.

Sixth Affirmative Defense.  The plaintiffs' claims against Spofford fail because Spofford was not and is not a merchant of ATVs.

## CROSS-CLAIMS

Defendant, Spofford Motors, Inc. ("Spofford"), for its cross-claims, alleges as follows:

1.  Cross-claim plaintiff Spofford is a New York corporation with a principal place of business in North Hoosick, New York.

2.  Upon information and belief, cross-claim defendant BRP US, Inc. ("BRP US") is a Wisconsin corporation with a principal place of business in Sturtevant, Wisconsin.

3.  Upon information and belief, cross-claim defendant Bombardier Recreational Products, Inc. ("Bombardier") is a Canadian corporation with a principal place of business in Valcourt, Quebec, Canada.

4.  Upon information and belief, cross-claim defendant Lance Jay Bingham ("Bingham") is the father of plaintiff Brandon DeMyer and has a last-known residential address in Brainard, New York.

5. Upon information and belief, cross-claim defendant David Reichert ("Reichert") purchased the ATV that is the subject of the Complaint in this action on October 26, 2001, and has a last-known residential address in West Lebanon, New York.

6. Upon information and belief, on or around June 7, 2002, Reichert loaned the ATV to Bingham for the purpose of allowing Bingham and Brandon DeMyer to ride the ATV together.

7. On or about December 15, 2004, Brandon DeMyer and his next friend, Tamara DeMyer, brought an action against Spofford and others in the District Court for the Northern District of Berkshire County, Massachusetts, seeking to recover for certain injuries allegedly sustained by Brandon DeMyer on or around June 7, 2002, while he and Bingham were riding on the ATV manufactured by Bombardier and distributed by BRP US.

8. The claims brought against Spofford sound in negligence and in breach of warranty.

## Count I – Indemnification (Bombardier and BRP US)

9. Spofford repeats the allegations contained in Paragraphs 1 through 8 of the Cross-Claims.

10. At the time the ATV in question was placed into the stream of commerce by Bombardier through BRP US, Bombardier and BRP US were merchants with respect to ATVs and made express and implied warranties to downstream purchasers, owners and users that the ATV was safe for the use for which it was intended.

11. To the same extent that Spofford is found liable to the plaintiffs for breach of warranty, Bombardier and BRP US are liable to Spofford for breach of implied and/or express warranties.

7

WHEREFORE, Spofford respectfully requests that the Court enter judgment finding Bombardier and BRP US liable to the same extent and for the same amount as Spofford may be found liable to the plaintiffs, together with costs and such other relief as is just and equitable.

### Count II – Contribution (Bingham)

12. Spofford repeats the allegations contained in Paragraphs 1 through 11 of the Cross-Claims.

13. As operator of the ATV in question at the time of the alleged incident, Bingham owed a duty to Brandon DeMyer, his passenger, to operate the ATV with due care.

14. Upon information and belief, Bingham knew or should have known that the ATV was designed to be a single-passenger vehicle and that riding with a second person on the ATV was dangerous. Further, Bingham knew or should have known that the ATV was designed to be operated only by persons age 16 or over and that persons riding on the ATV should wear proper clothing to protect themselves and should take other precautions.

15. Upon information and belief, Bingham operated the ATV with Brandon DeMyer as a passenger and failed to ensure that he and/or Mr. DeMyer observed the safety precautions.

16. Bingham breached his duty of care to Brandon DeMyer by failing to operate the ATV with due care, resulting directly in injury to Brandon DeMyer.

WHEREFORE, in the event that Spofford is found liable to the plaintiffs for negligence, Spofford respectfully requests that the Court enter judgment finding Bingham liable to Spofford for contribution in an amount to be determined at trial, together with costs and such other relief as is just and equitable.

### Count III – Contribution (Reichert)

17. Spofford repeats the allegations contained in Paragraphs 1 through 16 of the Cross-Claims.

18. As owner of the ATV in question at the time of the alleged incident, Reichert owed a duty to provide warnings concerning dangers in operating and/or riding an ATV.

19. As owner of the ATV in question at the time of the alleged incident, Reichert owed a duty to ensure that the ATV remained in a condition safe for all intended uses.

20. Upon information and belief, Reichert knew or should have known that the ATV was designed to be a single-passenger vehicle, that riding with a second person was dangerous and that no one under the age of 16 should ride the ATV.

21. Upon information and belief, Reichert was negligent in allowing Bingham to operate the ATV with Brandon DeMyer as a passenger.

WHEREFORE, in the event that Spofford is found liable to the plaintiffs for negligence, Spofford respectfully requests that the Court enter judgment finding Reichert liable to Spofford for contribution in an amount to be determined at trial, together with costs and such other relief as is just and equitable.

February 9, 2005

SPOFFORD MOTORS, INC., Defendant and Cross-Claim Plaintiff,

By    /s/ Dennis M. LaRochelle    .
Lucy Prashker, Esq. (BBO # 405330)
Dennis M. LaRochelle, Esq. (BBO # 600924)
CAIN, HIBBARD, MYERS & COOK PC
66 West Street
Pittsfield, MA 01201
(413) 443-4771

**CERTIFICATE OF SERVICE**

  I, Dennis M. LaRochelle, Esquire, do hereby certify that a copy of the foregoing document has, on this Ninth Day of February, 2005, been forwarded, by first class mail, postage prepaid and properly addressed to:

Adam Clermont, Esq.
Freedman, DeRosa and Rondeau
P.O. Box 746
87 Marshall Street
Mass MoCA Building 1, Room 200
North Adams, Massachusetts  01247

    /s/ Dennis M. LaRochelle          .
    Dennis M. LaRochelle, Esquire