UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:05-CV-30003-MAP

BRANDON DEMYER and )
TAMARA DEMYER, NEXT FRIEND )
OF BRANDON DEMYER, PPA, )
    Plaintiff )
 )
vs. )
 )
BOMBARDIER RECREATIONAL PRODUCTS, )
INC., BRP US, INC., SPOFFORD MOTORS, INC. )
and TIG INSURANCE COMPANY, )
    Defendant )

**DEFENDANT, TIG INSURANCE COMPANY'S,
ANSWER AND DEMAND FOR TRIAL BY JURY**

Now comes the defendant, TIG Insurance Company and answers the plaintiffs' complaint as follows.

AS TO PARTIES

1. The defendant neither admits nor denies the allegations contained in paragraph 1 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

2. The defendant neither admits nor denies the allegations contained in paragraph 2 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

3. The defendant neither admits nor denies the allegations contained in paragraph 3 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

391341

4. The defendant neither admits nor denies the allegations contained in paragraph 4 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

5. The defendant neither admits nor denies the allegations contained in paragraph 5 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

6. The defendant admits the allegations contained in paragraph 6 of the plaintiffs' complaint.

7. The defendant neither admits nor denies the allegations contained in paragraph 7 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

8. The defendant neither admits nor denies the allegations contained in paragraph 8 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

9. The defendant neither admits nor denies the allegations contained in paragraph 9 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

10. The defendant neither admits nor denies the allegations contained in paragraph 10 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

11. The defendant neither admits nor denies the allegations contained in paragraph 11 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

12. The defendant neither admits nor denies the allegations contained in paragraph 12 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

13. The defendant neither admits nor denies the allegations contained in paragraph 13 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

14. The defendant neither admits nor denies the allegations contained in paragraph 14 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

15. The defendant neither admits nor denies the allegations contained in paragraph 15 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

16. The defendant neither admits nor denies the allegations contained in paragraph 16 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

17. The defendant neither admits nor denies the allegations contained in paragraph 17 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

18. The defendant neither admits nor denies the allegations contained in paragraph 18 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

19. The defendant neither admits nor denies the allegations contained in paragraph 19 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

20. The defendant admits the allegations contained in paragraph 20 of the plaintiffs' complaint.

## AS TO COUNT I

21. The defendant repeats and realleges its answer to the allegations contained in paragraphs 1 through 20 of the plaintiffs' complaint and incorporate them herein by reference.

22. The defendant neither admits nor denies the allegations contained in paragraph 22 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

23. The defendant neither admits nor denies the allegations contained in paragraph 23 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

24. The defendant neither admits nor denies the allegations contained in paragraph 24 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

25. The defendant neither admits nor denies the allegations contained in paragraph 25 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

26. The defendant neither admits nor denies the allegations contained in paragraph 26 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

## AS TO COUNT II

27. The defendant repeats and realleges its answer to the allegations contained in paragraphs 1 through 26 of the plaintiffs' complaint and incorporate them herein by reference.

28. The defendant neither admits nor denies the allegations contained in paragraph 28 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

29. The defendant neither admits nor denies the allegations contained in paragraph 29 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

## AS TO COUNT III

30. The defendant repeats and realleges its answer to the allegations contained in paragraphs 1 through 29 of the plaintiffs' complaint and incorporate them herein by reference.

31. The defendant neither admits nor denies the allegations contained in paragraph 31 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

32. The defendant neither admits nor denies the allegations contained in paragraph 32 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

33. The defendant neither admits nor denies the allegations contained in paragraph 33 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

## AS TO COUNT IV

34. The defendant repeats and realleges its answer to the allegations contained in paragraphs 34 of the plaintiffs' complaint and incorporate them herein by reference.

35. The defendant denies the allegations contained in paragraph 35 of the plaintiffs' complaint.

391341

25. (sic) The defendant denies the allegations contained in paragraph 25 of the plaintiffs' complaint.

26. (sic The defendant denies the allegations contained in paragraph 26 of the plaintiffs' complaint.

27. (sic) The defendant denies the allegations contained in paragraph 27 of the plaintiffs' complaint.

### SECOND DEFENSE

Plaintiffs claim defendant, TIG Insurance Company, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The demand letters purportedly sent pursuant to M.G.L. c. 93A do not meet the statutory requirement of c. 93A and are, therefore, deficient.

### FOURTH DEFENSE

The plaintiffs failed to establish threshold liability on the part of TIG Insurance Company's insured and, therefore, TIG is not required to make any offer of settlement to the plaintiffs given that plaintiff had failed to establish liability on the part of TIG insurer as well as a causal relationship between the injuries sustained by the plaintiff and the action or conduct of TIG's insured.

### FIFTH DEFENSE

The defendant says that negligence of the plaintiff was greater than the alleged negligence of the defendants and, therefore, the plaintiffs can not recover.

### SIXTH DEFENSE

The defendant says that the plaintiffs own negligence contributed to the cause of the incident and, therefore, the recovery of damages, if any, must be reduced in accordance with the law.

391341

## SEVENTH DEFENSE

The defendant says that if the plaintiff was harmed or injured as alleged, it is not a result of the negligence of the defendant or the defendant's insured or person for whose conduct the defendant is responsible.

## EIGHTH DEFENSE

The plaintiffs' claims against the defendant, TIG Insurance Company, are barred in whole and in part by the doctrine of unclean hands

## NINTH DEFENSE

The defendant states that the plaintiffs' claims against them are barred in whole and in part by laches, estoppel, and or waiver.

THE DEFENDANT, TIG INSURANCE COMPANY, HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUE SO TRIABLE.

THE DEFENDANT
TIG INSURANCE COMPANY

By           /s/      *James F. Martin*
James F. Martin, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  322480

## CERTIFICATE OF SERVICE

I, James F. Martin, Esq., hereby certify that on this 11th day of February, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Adam Clermont, Esq., Freedman, DeRosa and Rondeau, P.O. Box 746, 87 Marshall Street, Mass MoCA, Bldg. 1, Rm. 200, North Adams, MA 01247.

Subscribed under the penalties of perjury.

*/s/ James F. Martin*
James F. Martin, Esq.

391341