UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| ) | CIVIL ACTION NO: 2005-30003-MAP |
| BRANDON DeMYER and TAMARA ) | |
| DeMYER, NEXT FRIEND OF BRANDON ) | |
| DeMYER, PPA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BOMBARDIER RECREATIONAL ) | |
| PRODUCTS, INC., BRP US, INC., ) | |
| SPOFFORD MOTORS, INC., and TIG ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| MR. LANCE JAY BINGHAM and ) | |
| MR. DAVID REICHERT ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

**ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT
OF DEFENDANT BOMBARDIER RECREATIONAL PRODUCTS, INC.**

Defendant Bombardier Recreational Products, Inc., ("Bombardier") hereby responds to

the Complaint and Demand for Jury Trial, dated December 15, 2004, filed by Plaintiffs in the

Massachusetts District Court, Northern Berkshire County.

**I.    ANSWER**

1.    Without knowledge.  (As used herein, the phrase "without knowledge" shall mean

that (1) despite reasonable inquiry, Bombardier is without sufficient knowledge or information

necessary to form a belief as to the truth of the allegation, (2) Bombardier, therefore, denies

same, and (3) Bombardier, therefore, leaves Plaintiffs to their proof.)

1134162v1

2.    Without knowledge.

3.    Denied.  Bombardier is a foreign corporation with a principal place of business of 726 rue St-Joseph, Valcourt, Quebec, Canada J0E 2L0.

4.    Denied.

5.    Without knowledge.

6.    Without knowledge.

7.    Admitted that Bombardier manufactured the vehicle in question and that BRP US, Inc., distributed the vehicle in question, although at the time of that distribution, BRP US, Inc., was known as Bombardier Motor Corporation of America.  Without knowledge as to the remaining portion of this paragraph.

8.    Without knowledge.

9.    Without knowledge.

10.   Admitted that counsel for Plaintiffs sent to "Bombardier Motor Corporation of America," a letter dated November 14, 2003, containing allegations which Bombardier denied then and denies now.  Otherwise denied.

11.   Admitted, upon information and belief.

12.   Admitted.

13.   Upon information and belief, admitted that BRP US, Inc., rejected Plaintiffs' claim in total and did not offer any amount to settle that claim.

14.   Without knowledge.

15.   Without knowledge.

16.   Without knowledge.

17.   Without knowledge.

18.   Without knowledge.

1134162v1

19.    Without knowledge.

20.    Without knowledge.

## COUNT I
### (Negligence against Bombardier Recreational Products, Inc., BRP US Inc., and Spofford Motors, Inc.)

21.    Bombardier restates its responses to allegations set forth in Paragraphs 1 through 20 above as if fully set forth herein.

22.    Admitted that Bombardier manufactured the vehicle in question.  Admitted that BRP US, Inc., distributed the vehicle in question, although at the time of that distribution, BRP US, Inc., was known as Bombardier Motor Corporation of America.  Without knowledge as to the remaining portions of this paragraph.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

## PRAYER FOR RELIEF

Bombardier respectfully requests that the Court deny Plaintiffs' prayer for relief.

## COUNT II
### (Breach of Warranties against Bombardier Recreational Products, Inc., BRP US, Inc., and Spofford Motors, Inc.)

27.    Bombardier restates its responses to allegations set forth in Paragraphs 1 through 26 above as if fully set forth herein.

28.    Denied.

29.    Denied.

1134162v1

**PRAYER FOR RELIEF**

Bombardier respectfully requests that the Court deny Plaintiffs' prayer for relief.


**COUNT III**
**(Violation of M.G.L. c. 93A against BRP US, Inc.)**

30.    Bombardier restates its responses to allegations set forth in Paragraphs 1 through 29 above as if fully set forth herein.

31.    Denied.

32.    Denied.

33.    Denied.

**PRAYER FOR RELIEF**

Bombardier respectfully requests that the Court deny Plaintiffs' prayer for relief.


**COUNT IV**
**(Violation of M.G.L. c. 93A against TIG)**

34.    Bombardier restates its responses to allegations set forth in Paragraphs 1 through 33 above as if fully set forth herein.

35.    Without knowledge.

25.    (Sic) 36.  Without knowledge.

26.    (Sic) 37.  Without knowledge.

27.    (Sic) 38.  Without knowledge.

**PRAYER FOR RELIEF**

Bombardier respectfully requests that the Court deny Plaintiffs' prayer for relief as against Bombardier.

- 4 -

1134162v1

## II.    AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' damages, if any, were caused by a third party for whom Bombardier is not responsible.

### Third Affirmative Defense

Plaintiffs' damages, if any, were caused solely by the negligence of Master DeMyer, Tamara DeMeyer, and/or others.  Any damages should be barred, reduced in proportion to the negligence of those entities.

### Fourth Affirmative Defense

The subject equipment was changed in substance and form after it left the control of Bombardier by the conduct of one or more entity(ies) for whose conduct Bombardier is not responsible.

### Fifth Affirmative Defense

If any defect existed in the equipment which is the subject matter of this action, which Bombardier expressly denies, Plaintiffs are barred from recovery because Master DeMyer, Tamara DeMyer, and/or others violated their own duty to act responsibly with respect to the product, and such conduct was the cause of his injuries.

### Sixth Affirmative Defense

Plaintiffs acted in violation of law, statute, regulation, or ordinance, and therefore, they cannot recover.

1134162v1

### Seventh Affirmative Defense

Bombardier claims all defenses as identified in <u>Correia v. Firestone Tire & Rubber Co.</u>, 388 Mass. 342 (1983).

### Eighth Affirmative Defense

Plaintiffs knowingly assumed the risk of Master DeMyer's damages.

## III.    DEMAND FOR JURY-TRIAL

BOMBARDIER, INC., DEMANDS A TRIAL BY JURY ON ISSUES TRIABLE TO A JURY.

BOMBARDIER RECREATIONAL
PRODUCTS, INC.


/s/ William A. Staar
_____
Mark S. Granger, BBO# 206920
William A. Staar, BBO# 659425
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500


Date:  April 4, 2005

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database.  As a result, these individuals (1) will receive from the Court electronic notification of the filing of this document, (2) have access to this document through the Court's website, and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
***Counsel for Defendant Spofford Motors, d/b/a Village Automotive***

James F. Martin, Esq.
ROBINSON DONOVAN, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
***Counsel for Defendant TIG Insurance Company***

I hereby certify that, because I understand that the following counsel of record and parties have not registered for electronic receipt of filed documents via the Court's CM/ECF system, I have served the foregoing on this/counsel by mailing same to him/her/them, posted prepaid, on this 4th day of April 2005:

Adam Clermont, Esquire
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
***Counsel for Plaintiffs***

David Reichert
1612 Route 20, Lot 1
West Lebanon, NY 12195
***Third-Party Defendant***

Lance Jay Bingham
14 Homestead Road East
Clinton, NY 13323-1006
***Third-Party Defendant***

/s/ William A. Staar

_____
William A. Staar

1134162v1