UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA, <br><br>        Plaintiffs, <br><br> v. <br><br> BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY, <br><br>        Defendants, <br><br> v. <br><br> MR. LANCE JAY BINGHAM and MR. DAVID REICHERT <br><br>        Third-Party Defendants. | CIVIL ACTION NO: 2005-30003-MAP |

**ANSWER & AFFIRMATIVE DEFENSES OF BOMBARDIER RECREATIONAL PRODUCTS, INC., TO THE CROSS-CLAIMS OF SPOFFORD MOTORS, INC., AND CROSS-CLAIMS OF BOMBARDIER RECREATIONAL PRODUCTS, INC., AGAINST SPOFFORD MOTORS, INC.**

Defendant Bombardier Recreational Products, Inc., ("Bombardier") hereby responds to the cross-claims appearing in the Answer and Cross-Claims of Spofford Motors, Inc., ("Spofford") dated February 9, 2005, beginning on page six of that pleading. Additionally, Bombardier also introduces herein cross-claims against Spofford.

**I.      ANSWER TO CROSS-CLAIMS OF SPOFFORD MOTORS, INC.**

1.      Without knowledge. (As used herein, the phrase "without knowledge" shall mean that (1) despite reasonable inquiry, Bombardier is without sufficient knowledge or information

necessary to form a belief as to the truth of the allegation, (2) Bombardier, therefore, denies same, and (3) Bombardier, therefore, leaves Plaintiffs to their proof.)

2.    Admitted.

3.    Admitted.

4.    Admitted that it is the belief of Bombardier that Mr. Bingham is the father of Brandon DeMyer, but that Mr. Bingham currently resides in East Clinton, New York, not Brainard, New York.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

## COUNT I
### (Indemnification Against Bombardier and BRP US, Inc.)

9.    Bombardier reasserts it responses to Paragraphs 1 through 8 above as if fully set forth herein..

10.    Admitted that BRP US, Inc., distributed the vehicle in question.  Denied as to the remainder of this paragraph.

11.    Denied.

## PRAYER FOR RELIEF

Bombardier respectfully requests that the Court deny Spofford's prayer for relief.

## COUNT II
### (Contribution Against Mr. Lance J. Bingham)

12.    Bombardier reasserts it responses to Paragraphs 1 through 11 above as if fully set forth herein..

- 2 -

1135132v1

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

**COUNT III**
**(Contribution Against Mr. David Reichart)**

17.     Bombardier reasserts it responses to Paragraphs 1 through 16 above as if fully set forth herein..

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

**II.     AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Spofford has failed to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Spofford's damages, if any, were caused by a third party for whom Bombardier is not responsible.

**Third Affirmative Defense**

Spofford's damages, if any, were caused solely by its own negligence or the negligence of Master DeMyer, Tamara DeMeyer, and/or others.  Any damages should be barred, reduced in proportion to the negligence of those entities.

1135132v1

**Fourth Affirmative Defense**

The subject equipment was changed in substance and form after it left the control of Bombardier by the conduct of one or more entities for whose conduct Bombardier is not responsible.

**Fifth Affirmative Defense**

If any defect existed in the equipment which is the subject matter of this action, which Bombardier expressly denies, Spofford is barred from recovery because Master DeMyer, Tamara DeMyer, and/or others violated their own duty to act responsibly with respect to the product, and such conduct was the cause of Master DeMyer's injuries.

**Sixth Affirmative Defense**

Plaintiffs and/or Spofford acted in violation of law, statute, regulation, or ordinance, and therefore, they cannot recover.

**Seventh Affirmative Defense**

Bombardier claims all defenses as identified in <u>Correia v. Firestone Tire & Rubber Co.</u>, 388 Mass. 342 (1983).

**Eighth Affirmative Defense**

Plaintiffs and Spofford knowingly assumed the risk of Master DeMyer's damages.

**Ninth Affirmative Defense**

Spofford's negligence proximately caused the injuries suffered by Master DeMyer, and its negligence exceeded any negligence of Bombardier.  As a result, Spofford is barred from recovering against Bombardier.

**Tenth Affirmative Defense**

Bombardier hereby incorporates all affirmative defenses appearing in its operative Answers & Affirmative defenses to the Complaint.

1135132v1

### III.    CROSS-CLAIMS AGAINST SPOFFORD MOTORS, INC.

### PARTIES

1.       Defendant/Third-party Plaintiff, Bombardier Recreational Products, Inc., ("Bombardier") is a foreign corporation with a principal place of business of 726 rue St-Joseph, Valcourt, Quebec, Canada J0E 2L0.

2.       Defendant Spofford Motors, Inc., ("Spofford") is a New York corporation with a principal place of business in North Hoosick, New York.

3.       Third-party Defendant, Mr. Lance Jay Bingham, is the father of Plaintiff Brandon DeMyer and has a last-known residential address of 14 Homestead Road East Clinton, NY 13323.

4.       Third-party Defendant, Mr. David Reichert, is the present and/or former owner of a Bombardier DS650 all-terrain vehicle (VIN#: 2BVBBCB15YV002497) ("subject vehicle"), who has a last known residential address of P.O. Box 101, West Lebanon, New York, and who owned the subject vehicle at the time of an accident alleged to have occurred on or about June 7, 2002, as alleged in Plaintiffs' Complaint (Ex. A).

### FACTS

5.       In a demand letter dated September 4, 2003, counsel for Plaintiffs alleged as follows:

> David Reichart purchased a used Bombardier DS 650 all-terrain vehicle . . . sometime prior to June 7, 2002. On June 7, 2002, Lance J. Bingham, who is Brandon [DeMyer's] father, borrowed Mr. Reichart's Bombardier so that he could take his son riding. As Mr. Bingham operated the Bombardier with his son sitting in front of him, a cooling hose, which led from the radiator to the engine, dislodged and doused Brandon with hot cooling fluid.
>
> . . . .

- 5 -

> As a result of the coolant hose dislodging, Brandon was sprayed with coolant that was at or near its maximum operating temperature. The coolant was so hot that it caused the skin on Mr. [DeMyer's] left leg to blister from his thigh to his ankle. . . . Brandon [received] first, second, and third degree burns that covered his leg. . . ."

(Ex. B).

6.    On or about December 15, 2004, Brandon DeMyer and his mother and next friend, Tamara DeMyer, brought suit in State District Court of Northern Berkshire, to recover for the injuries allegedly sustained by Mr. DeMyer. Plaintiffs claim that Bombardier Recreational Products, Inc., BRP US, Spofford Motors, Inc., and TIG Insurance Company are responsible for their damages as a result of the alleged incident. (Ex. A.)


## COUNT I
### (Indemnification As Against Spofford Motors, Inc.)

7.    Bombardier repeats the allegations in Paragraphs 1 through 6 above as if fully set forth herein.

8.    Any personal injuries and consequential damages sustained by Plaintiffs were caused solely and directly by the negligent acts or omissions of Spofford .

9.    If Bombardier is found liable to Plaintiffs, which Bombardier expressly denies, its liability is vicarious and derivative, and it exists only because of the negligence of Spofford.

WHEREFORE, Bombardier demands judgment against Spofford for indemnification for any and all sums that may be adjudged against Bombardier, including (1) all costs and fees incurred in defending against Plaintiffs' claims and in prosecuting Bombardier's its Third-Party Complaint and (2) such other relief as the Court deems just and proper.

1135132v1

## COUNT II
### (Contribution As Against Spofford Motors, Inc.)

10.    Bombardier repeats the allegations in Paragraphs 1 through 9 above as if fully set forth herein.

11.    Any personal injury and consequential damages sustained by Plaintiffs were the direct and proximate result of the negligence of Spofford.

12.    If it is determined that Bombardier is liable in this action, which Bombardier expressly denies, then such liability resulted from the actions or omissions for which Spofford is liable.

13.    By reason of the negligence of Spofford, Bombardier is entitled to contribution for all of the injuries and damages alleged in the Complaint.

WHEREFORE, Bombardier respectfully requests this Court to enter judgment against Spofford for the pro rata share of Spofford of the entire liability of Bombardier to Plaintiffs, including all costs and fees incurred in defending against Plaintiff's claims and in prosecuting Bombardier's Third-Party Complaint, and such other relief as the Court deems just and proper.

## IV.    DEMAND FOR JURY-TRIAL

BOMBARDIER DEMANDS A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE TO A JURY.

1135132v1

BOMBARDIER RECREATIONAL
PRODUCTS, INC.


/s/ William A. Staar
_____
Mark S. Granger, Esq., BBO# 206920
William A. Staar, Esq., BBO# 659425
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

Date:  April 4, 2005

- 8 -

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database. As a result, these individuals (1) will receive from the Court electronic notification of the filing of this document, (2) have access to this document through the Court's website, and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
***Counsel for Defendant Spofford Motors, d/b/a Village Automotive***

James F. Martin, Esq.
ROBINSON DONOVAN, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
***Counsel for Defendant TIG Insurance Company***

I hereby certify that, because I understand that the following counsel of record and parties have not registered for electronic receipt of filed documents via the Court's CM/ECF system, I have served the foregoing on this/counsel by mailing same to him/her/them, posted prepaid, on this 4th day of April 2005:

Adam Clermont, Esquire
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
***Counsel for Plaintiffs***

David Reichert
1612 Route 20, Lot 1
West Lebanon, NY 12195
***Third-Party Defendant***

Lance Jay Bingham
14 Homestead Road East
Clinton, NY 13323-1006
***Third-Party Defendant***

/s/ *William A. Staar*
_____

1135132v1

William A. Staar

1135132v1

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

Berkshire, ss.                         DISTRICT COURT DEPARTMENT
                                       NORTHERN BERKSHIRE DIVISION
                                       CIVIL ACTION NO.:

BRANDON DEMYER and              )
TAMARA DEMYER, NEXT FRIEND      )
OF BRANDON DEMYER, PPA,         )
      Plaintiff                 )
                                )
v.                              )          COMPLAINT
                                )
BOMBARDIER RECREATIONAL PRODUCTS, )
INC., BRP US, INC., SPOFFORD    )
MOTORS, INC. and TIG INSURANCE  )
COMPANY,                        )
      Defendants                )

1.    Plaintiff, Brandon DeMyer, is an individual who resided at
      1 Ingraham Road, New Ashford, Massachusetts at the time of
      the incident that is the subject matter of this litigation.

2.    Plaintiff, Tamara DeMyer, is the mother and next friend of
      Brandon DeMyer and currently resides at 118 Huntington
      Green Drive, Jacksonville, North Carolina, 28546.

3.    Defendant, Bombardier Recreational Products, Inc. is a
      foreign corporation with a principal place of business of
      1061, rue Parent, Saint-Bruno (Quebec) Canada J3V601.

4.    Defendant, BRP US, Inc., a/k/a as Bombardier Motor
      Corporation of America, Inc., is a foreign corporation with
      a principal place of business of 10101 Science Drive,
      Sturtevant, WI 53177.

5.    Defendant, Spofford Motors, Inc. d/b/a Village Automotive
      is a foreign corporation with a mailing address of Rt 67 BX
      78, North Hoosick, New York, 12133.

6.    Defendant TIG Insurance Company is a foreign corporation
      with a principal place of business of 5205 North O'Connor
      Boulevard, Irving, TX 75015.

## FACTUAL BACKGROUND

7. On or about October 29, 2003, Spofford Motors, Inc. sold a
Bombardier DS650 (VIN #2BVBBCB15YV002497) ATV (the "ATV")
that was manufactured and/or distributed by BRP US, Inc.,
Bombardier Motor Corporation of America, Inc. and/or
Bombardier Recreational Products, Inc.

8. On June 7, 2002, Brandon DeMyer was riding on the ATV in a
field located in New Ashford, Massachusetts when the
cooling hose detached suddenly and without warning.

9. As a result of the cooling hose detaching, hot liquid
sprayed Mr. DeMyer's legs, causing severe burns to his
body.

10. On November 14, 2003, the Plaintiffs, through counsel, sent
to BRP US, Inc. a formal demand, via certified mail and
pursuant to M.G.L. c. 93A, for settlement of the liability
claim.  A true and accurate copy of the M.G.L. c. 93A
demand letter is attached hereto as Exhibit A.

11. An authorized representative of BRP US, Inc. received the
demand letter referred to in Paragraph 10 on November 18,
2003.

12. On December 17, 2003, Mark Granger, Esquire, responded to
the demand letter referred to in paragraph 10 on behalf of
BRP US, Inc.  A true and accurate copy of the response to
the Plaintiffs' demand is attached hereto as Exhibit B.

13. In its response to the Plaintiffs' demand, BRP US, Inc.
failed to make any offer of settlement.

14. At the time of the incident referred to in this Complaint,
Spofford Motors, Inc. was covered by a policy of liability
insurance issued by TIG Insurance Company.

15. On September 4, 2003, the Plaintiffs, through counsel, sent
to an authorized representative of TIG Insurance Company, a
formal demand for settlement, via certified mail, for
settlement of the liability claim.  A true and accurate
copy of the demand letter is attached hereto as Exhibit C.

16. TIG Insurance Company failed to make any offer of settlement after receiving the demand letter referred to in Paragraph 15.

17. On November 14, 2003, the Plaintiffs, through counsel, sent to an authorized representative of TIG Insurance Company, a formal demand for settlement pursuant to M.G.L. c. 93A, via certified mail, for settlement of the liability claim. A true and accurate copy of the M.G.L. c. 93A demand letter is attached hereto as Exhibit A.

18. An authorized representative of TIG Insurance Company received the demand letter referred to in Paragraph 17 on November 17, 2003.

19. On December 23, 2003, TIG Insurance Company responded to the demand letter referred to in paragraph 17. A true and accurate copy of the response to the Plaintiffs' demand is attached hereto as Exhibit D.

20. In its response to the Plaintiffs' demand, TIG Insurance Company failed to make any offer of settlement.

### COUNT I, NEGLIGENCE
**(v. Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc.)**

21. Plaintiffs restate the allegations set forth in paragraphs 1 through 20 above.

22. Defendants, Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc., as the manufacturers and/or distributors of the ATV, owned and controlled the ATV, and owed a duty to the plaintiffs to use care in the manufacture and marketing of the ATV.

23. The Defendants breached their duty to the Plaintiffs by designing the ATV is such a way as to contain an unreasonably dangerous condition, in that the cooling hose could become dislodged during normal use of the product.

24. The Defendants knew or should have known that the cooling hose could become dislodged during normal use of the product, and that the ability of the cooling hose to become dislodged was a dangerous feature of the ATV.

3

25.  The Defendants further breached their duty to the
     Plaintiffs by selling an ATV without warning that the
     cooling hose could become dislodged during normal operation
     of the product.

26.  As a proximate cause thereof, Plaintiff Brandon DeMyer,
     sustained serious injuries, great pain of body and mind,
     incurred substantial medical expenses, and has been and
     continues to be in pain when pursuing his normal
     activities.

     **WHEREFORE**, the Plaintiffs respectfully requests that this

Honorable Court enter judgment as follows:

     a.   Judgment against the Defendants, Bombardier
          Recreational Products, Inc., BRP US, Inc. & Spofford
          Motors, Inc., for actual and consequential damages
          sustained together with interest and costs; and

     b.   Such further relief as this Court may deem reasonable
          and just.

### COUNT II, BREACH OF WARRANTIES
(v. Bombardier Recreational Products, Inc., BRP US, Inc. &
Spofford Motors, Inc.)

27.  Plaintiffs restate the allegations set forth in paragraphs
     1 through 26 above.

28.  At the time of the sale of the ATV, the Defendants, their
     officers, agents, employees or directors, were a merchant
     with respect to the ATV and made express and implied
     warranties that the ATV was safe for the use for which it
     was intended.

29.  As a proximate cause thereof, Plaintiff Brandon DeMyer,
     sustained serious injuries, great pain of body and mind,
     incurred substantial medical expenses, and has been and
     continues to be in pain when pursuing his normal
     activities.

4

**WHEREFORE**, the Plaintiffs respectfully requests that this Honorable Court enter judgment as follows:

a.  Judgment against the Defendants, Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc., for actual and consequential damages sustained together with interest and costs; and

b.  Such further relief as this Court may deem reasonable and just.

<u>COUNT III, M.G.L. c. 93A</u>
(BRP US, Inc)

30.  Plaintiffs restate the allegations set forth in paragraphs 1 through 29 above.

31.  The Defendant's sale and/or distribution of the ATV in breach of the implied warranty of merchantability constitutes an unfair and deceptive act or practice in violation of M.G.L. c. 93A, as well as, the regulations promulgated by the Attorney General of the Commonwealth of Massachusetts, 940 C.M.R. 3.08(2).

32.  Defendant's unfair and deceptive acts or practices were done willfully or knowingly in violation of M.G.L. c. 93A.

33.  As a result of Defendant's unfair and deceptive acts or practices, Plaintiff Brandon DeMyer sustained serious injuries, great pain of body and mind, incurred substantial medical expenses, and has been and continues to be in pain when pursuing his normal activities.

**WHEREFORE**, the Plaintiffs respectfully requests this Honorable Court enter judgment as follows:

a.  Judgment against the Defendant, BRP US, Inc., for actual and consequential damages, with interest, costs and reasonable attorney's fees;

b.  Award treble damages to the plaintiff as provided by M.G.L. ch. 93A, sec. 9; and

c.  Such further relief as this Court may deem reasonable and just.

5

### COUNT IV, M.G.L. c. 93A
### (TIG Insurance Company)

34.  Plaintiffs restate the allegations set forth in paragraphs 1 through 33 above.

35.  In failing to make a reasonable offer of settlement, TIG Insurance Company committed an unfair and deceptive trade practice pursuant to M.G.L. c. 176D, sec. 3(9)(f) and sec. 3(9)(n) by failing to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear and by failing to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the offer of a compromise settlement.

25.  The actions of TIG Insurance Company constitute a willful and knowing violation of M.G.L. ch. 93A and ch. 176D.

26.  TIG Insurance Company's failure to make a reasonable offer of settlement upon demand was done in bad faith and with knowledge or reason to know that TIG Insurance Company's actions violated M.G.L. ch. 93A and ch. 176D.

27.  As a direct result thereof, the Plaintiff has sustained damages.

WHEREFORE, the Plaintiffs respectfully requests this

Honorable Court enter judgment as follows:

  d.  Judgment against the Defendant, TIG Insurance Company, for actual and consequential damages, with interest, costs and reasonable attorney's fees;

  e.  Award treble damages to the plaintiffs as provided by M.G.L. ch. 93A, sec. 9; and

  f.  Such further relief as this Court may deem reasonable and just.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Respectfully submitted,

Brandon DeMyer and Tamara
DeMyer, Plaintiffs
By their attorney,

_____
Adam Clermont, Esquire
Freedman, DeRosa and Rondeau
P.O. Box 746, 87 Marshall St.
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
(413) 664-1073
B.B.O.# 639769

Date:   December 15, 2004

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRANDON DeMYER and TAMARA
DeMYER, NEXT FRIEND OF
BRANDON DeMYER, PPA,

           Plaintiffs,

           v.

BOMBARDIER RECREATIONAL
PRODUCTS, INC., BRP US INC.,
SPOFFORD MOTORS, INC. and TIG
INSURANCE COMPANY,

           Defendants,

           v.

LANCE JAY BINGHAM and DAVID
REICHERT,

           Third-Party
           Defendants.

CIVIL ACTION NO. 2005-30003-MAP

ANSWER AND CROSS-CLAIMS
OF DEFENDANT SPOFFORD MOTORS, INC.

     Defendant Spofford Motors, Inc. ("Spofford"), for its answer to the Complaint, states as follows:

     1.     Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint.

     2.     Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Complaint.

3.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint.

4.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint.

5.    Spofford denies that it does business as Village Automotive but admits the remaining allegations in Paragraph 5 of the Complaint.

6.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint.

## Factual Background

7.    Spofford denies the allegations in Paragraph 7 of the Complaint.

8.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint.

10.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint.

11.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint.

13.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint.

14.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint that there was or was not an "incident" as otherwise described in the Complaint but admits that it was covered by a policy of liability insurance issued by TIG Insurance Company on or about June 7, 2002.

15.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint.

16.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint.

17.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint.

18.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint.

19.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint.

20.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

### Count I (Negligence)

21.    Spofford restates its answers to Paragraphs 1 through 20 of the Complaint.

22.    Spofford denies the allegations in Paragraph 22 of the Complaint to the extent they pertain to Spofford and is without information sufficient to admit or deny the remaining allegations in Paragraph 22 of the Complaint.

3

23.    Spofford denies the allegations in Paragraph 23 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

24.    Spofford denies the allegations in Paragraph 24 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

25.    Spofford denies the allegations in Paragraph 25 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

26.    Spofford denies the allegations in Paragraph 26 of the Complaint and specifically denies that the plaintiff is entitled to the relief requested therein.

**Count II (Breach of Warranty)**

27.    Spofford restates its answers to Paragraphs 1 through 26 of the Complaint.

28.    Spofford denies the allegations in Paragraph 28 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of breach of warranty relating to other defendants.

29.    Spofford denies the allegations in Paragraph 29 of the Complaint and specifically denies that the plaintiff is entitled to the relief requested therein.

**Count III (Chapter 93A Claim against BRP US, Inc.)**

30.    Spofford restates its answers to Paragraphs 1 through 29 of the Complaint.

31.    No response is required to Paragraph 31 of the Complaint as Count III is not directed at Spofford.

4

32.     No response is required to Paragraph 32 of the Complaint as Count III is not directed at Spofford.

33.     No response is required to Paragraph 33 of the Complaint as Count III is not directed at Spofford.

### Count IV (Chapter 93A Claim against TIG Insurance Company)

34.     Spofford restates its answers to Paragraphs 1 through 33 of the Complaint.

35.     No response is required to Paragraph 35 of the Complaint as Count IV is not directed at Spofford.

36.     No response is required to Paragraph 36 of the Complaint (misnumbered as a second Paragraph 25) as Count IV is not directed at Spofford.

37.     No response is required to Paragraph 37 of the Complaint (misnumbered as a second Paragraph 26) as Count IV is not directed at Spofford.

38.     No response is required to Paragraph 38 of the Complaint (misnumbered as a second Paragraph 27) as Count IV is not directed at Spofford.


### AFFIRMATIVE DEFENSES

First Affirmative Defense.  The plaintiffs' claims against Spofford are barred, in whole or in part, because plaintiff Brandon DeMyer's injuries were caused, in whole or in part, by acts or omissions of negligence of plaintiff Brandon DeMyer and/or other persons other than Spofford.

Second Affirmative Defense.  The plaintiffs' claims are barred, in whole or in part, because plaintiff Brandon DeMyer used the ATV in a manner unexpected and/or unintended.

5

Third Affirmative Defense. The plaintiffs' claims are barred, in whole or in part, because of the doctrine of assumption of risk.

Fourth Affirmative Defense. The plaintiffs' claims are barred, in whole or in part, because the plaintiff was provided with adequate warnings concerning the safe operation of the ATV which he ignored or otherwise disregarded.

Fifth Affirmative Defense. The plaintiffs' claims against Spofford fail because Spofford never owned the ATV in question.

Sixth Affirmative Defense. The plaintiffs' claims against Spofford fail because Spofford was not and is not a merchant of ATVs.

## CROSS-CLAIMS

Defendant, Spofford Motors, Inc. ("Spofford"), for its cross-claims, alleges as follows:

1.     Cross-claim plaintiff Spofford is a New York corporation with a principal place of business in North Hoosick, New York.

2.     Upon information and belief, cross-claim defendant BRP US, Inc. ("BRP US") is a Wisconsin corporation with a principal place of business in Sturtevant, Wisconsin.

3.     Upon information and belief, cross-claim defendant Bombardier Recreational Products, Inc. ("Bombardier") is a Canadian corporation with a principal place of business in Valcourt, Quebec, Canada.

4.     Upon information and belief, cross-claim defendant Lance Jay Bingham ("Bingham") is the father of plaintiff Brandon DeMyer and has a last-known residential address in Brainard, New York.

6

5.      Upon information and belief, cross-claim defendant David Reichert ("Reichert") purchased the ATV that is the subject of the Complaint in this action on October 26, 2001, and has a last-known residential address in West Lebanon, New York.

6.      Upon information and belief, on or around June 7, 2002, Reichert loaned the ATV to Bingham for the purpose of allowing Bingham and Brandon DeMyer to ride the ATV together.

7.      On or about December 15, 2004, Brandon DeMyer and his next friend, Tamara DeMyer, brought an action against Spofford and others in the District Court for the Northern District of Berkshire County, Massachusetts, seeking to recover for certain injuries allegedly sustained by Brandon DeMyer on or around June 7, 2002, while he and Bingham were riding on the ATV manufactured by Bombardier and distributed by BRP US.

8.      The claims brought against Spofford sound in negligence and in breach of warranty.

## Count I – Indemnification (Bombardier and BRP US)

9.      Spofford repeats the allegations contained in Paragraphs 1 through 8 of the Cross-Claims.

10.     At the time the ATV in question was placed into the stream of commerce by Bombardier through BRP US, Bombardier and BRP US were merchants with respect to ATVs and made express and implied warranties to downstream purchasers, owners and users that the ATV was safe for the use for which it was intended.

11.     To the same extent that Spofford is found liable to the plaintiffs for breach of warranty, Bombardier and BRP US are liable to Spofford for breach of implied and/or express warranties.

WHEREFORE, Spofford respectfully requests that the Court enter judgment finding Bombardier and BRP US liable to the same extent and for the same amount as Spofford may be found liable to the plaintiffs, together with costs and such other relief as is just and equitable.

### Count II – Contribution (Bingham)

12.    Spofford repeats the allegations contained in Paragraphs 1 through 11 of the Cross-Claims.

13.    As operator of the ATV in question at the time of the alleged incident, Bingham owed a duty to Brandon DeMyer, his passenger, to operate the ATV with due care.

14.    Upon information and belief, Bingham knew or should have known that the ATV was designed to be a single-passenger vehicle and that riding with a second person on the ATV was dangerous. Further, Bingham knew or should have known that the ATV was designed to be operated only by persons age 16 or over and that persons riding on the ATV should wear proper clothing to protect themselves and should take other precautions.

15.    Upon information and belief, Bingham operated the ATV with Brandon DeMyer as a passenger and failed to ensure that he and/or Mr. DeMyer observed the safety precautions.

16.    Bingham breached his duty of care to Brandon DeMyer by failing to operate the ATV with due care, resulting directly in injury to Brandon DeMyer.

WHEREFORE, in the event that Spofford is found liable to the plaintiffs for negligence, Spofford respectfully requests that the Court enter judgment finding Bingham liable to Spofford for contribution in an amount to be determined at trial, together with costs and such other relief as is just and equitable.

8

## <u>Count III – Contribution (Reichert)</u>

17.     Spofford repeats the allegations contained in Paragraphs 1 through 16 of the Cross-Claims.

18.     As owner of the ATV in question at the time of the alleged incident, Reichert owed a duty to provide warnings concerning dangers in operating and/or riding an ATV.

19.     As owner of the ATV in question at the time of the alleged incident, Reichert owed a duty to ensure that the ATV remained in a condition safe for all intended uses.

20.     Upon information and belief, Reichert knew or should have known that the ATV was designed to be a single-passenger vehicle, that riding with a second person was dangerous and that no one under the age of 16 should ride the ATV.

21.     Upon information and belief, Reichert was negligent in allowing Bingham to operate the ATV with Brandon DeMyer as a passenger.

WHEREFORE, in the event that Spofford is found liable to the plaintiffs for negligence, Spofford respectfully requests that the Court enter judgment finding Reichert liable to Spofford for contribution in an amount to be determined at trial, together with costs and such other relief as is just and equitable.


February 9, 2005                              SPOFFORD MOTORS, INC., Defendant and
                                              Cross-Claim Plaintiff,


                                              By_____/s/ Dennis M. LaRochelle_____.
                                              Lucy Prashker, Esq. (BBO # 405330)
                                              Dennis M. LaRochelle, Esq. (BBO # 600924)
                                              CAIN, HIBBARD, MYERS & COOK PC
                                              66 West Street
                                              Pittsfield, MA 01201
                                              (413) 443-4771

9

## CERTIFICATE OF SERVICE

I, Dennis M. LaRochelle, Esquire, do hereby certify that a copy of the foregoing document has, on this Ninth Day of February, 2005, been forwarded, by first class mail, postage prepaid and properly addressed to:

Adam Clermont, Esq.
Freedman, DeRosa and Rondeau
P.O. Box 746
87 Marshall Street
Mass MoCA Building 1, Room 200
North Adams, Massachusetts  01247

/s/ Dennis M. LaRochelle            .
Dennis M. LaRochelle, Esquire

10