UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA, | ) ) ) ) | CIVIL ACTION NO: 2005-30003-MAP |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US INC, SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| v. | ) ) | |
| MR. LANCE JAY BINGHAM and MR. DAVID REICHERT | ) ) ) ) | |

## THIRD-PARTY COMPLAINT OF DEFENDANT BOMBARDIER RECREATIONAL PRODUCTS, INC., AGAINST LANCE JAY BINGHAM AND DAVID REICHERT

### I.    PARTIES

1.    Defendant/Third-party Plaintiff, Bombardier Recreational Products, Inc., ("Bombardier") is a foreign corporation with a principal place of business of 726 rue St-Joseph, Valcourt, Quebec, Canada J0E 2L0.

2.    Defendant/Third-party Plaintiff, Spofford Motors, Inc., ("Spofford") is a New York corporation with a principle place of business in North Hoosick, New York.

3.    Third-party Defendant, Mr. Lance Jay Bingham, is the father of Plaintiff Brandon DeMyer and has a last-known residential address of P.O. Box 14, Brainard, New York.

1135165v1

4.    Third-party Defendant, Mr. David Reichert, is the present and/or former owner of a Bombardier DS650 all-terrain vehicle (VIN#: 2BVBBCB15YV002497) ("subject vehicle"), who has a last known residential address of P.O. Box 101, West Lebanon, New York, and who owned the subject vehicle at the time of an accident alleged to have occurred on or about June 7, 2002, as alleged in the Complaint (Ex. A).

## II.    FACTS

5.    In a demand letter dated September 4, 2003, counsel for Plaintiffs alleged as follows:

> David Reichart purchased a used Bombardier DS 650 all-terrain vehicle . . . sometime prior to June 7, 2002. On June 7, 2002, Lance J. Bingham, who is Brandon [DeMyer's] father, borrowed Mr. Reichart's Bombardier so that he could take his son riding. As Mr. Bingham operated the Bombardier with his son sitting in front of him, a cooling hose, which led from the radiator to the engine, dislodged and doused Brandon with hot cooling fluid.
>
> . . . .
>
> As a result of the coolant hose dislodging, Brandon was sprayed with coolant that was at or near its maximum operating temperature. The coolant was so hot that it caused the skin on Mr. [DeMyer's] left leg to blister from his thigh to his ankle. . . . Brandon [received] first, second, and third degree burns that covered his leg. . . ."

(Ex. B).

6.    On or about December 15, 2004, Brandon DeMyer and his mother and next friend, Tamara DeMyer, brought suit in State District Court of Northern Berkshire, to recover for the injuries allegedly sustained by Mr. DeMyer. Plaintiffs claim that Bombardier Recreational Products, Inc., BRP US, Spofford Motors, Inc., and TIG Insurance Company are responsible for their damages as a result of the alleged incident. (Ex. A.)

1135165v1

7.      On or about January 9, 2005, Spofford filed a cross-claim against Bombardier, alleging that Bombardier was responsible for any liability that the Court may assign to Spofford. (Ex. C).

## COUNT I – INDEMNIFICATION
### (As Against Mr. Lance Jay Bingham)

8.      Bombardier repeats the allegations in Paragraphs 1 through 7 above as if fully set forth herein.

9.      The personal injuries and damages sustained by Plaintiffs, if any, were solely and directly caused by the negligent acts or omissions of Mr. Lance Jay Bingham.

10.     If Bombardier is found liable to Plaintiffs and/or Spofford, its liability is vicarious and derivative, and exists only because of the negligence of Mr. Lance Jay Bingham.

WHEREFORE, Bombardier demands judgment against Mr. Lance Jay Bingham for indemnification for any and all sums that may be adjudged against Bombardier, including (1) all costs and fees incurred in defending Plaintiffs' claims and in prosecuting this Third-Party Complaint and (2) such other relief as the Court deems just and proper.

## COUNT II – INDEMNIFICATION
### (As Against Mr. David Reichert)

11.     Bombardier repeats the allegations in Paragraphs 1 through 10 above as if fully set forth herein.

12.     The personal injuries and consequential damages sustained by Plaintiffs, if any, were solely and directly caused by the negligent acts or omissions by Mr. David Reichert.

13.     If Bombardier is liable to Plaintiffs and/or Spofford, its liability is vicarious and derivative, and exists only because of the negligence of Mr. David Reichert.

- 3 -

1135165v1

WHEREFORE, Bombardier demands judgment against Mr. David Reichert for indemnification for any and all sums that may be adjudged against Bombardier, including (1) all costs and fees incurred in defending Plaintiffs' claims and in prosecuting this Third-Party Complaint and (2) such other relief as the Court deems just and proper.

## COUNT III – CONTRIBUTION
### (As Against Mr. Lance Jay Bingham)

14.    Bombardier repeats the allegations in Paragraphs 1 through 13 above as if fully set forth herein.

15.    Any personal injury and consequential damages sustained by Plaintiffs were the direct and proximate result of the negligence of Mr. Lance Jay Bingham.

16.    If it is determined that Bombardier is liable to any party in this action, which Bombardier expressly denies, then such liability resulted from the actions or omissions for which Mr. Lance Jay Bingham is liable.

17.    By reason of the negligence of Mr. Lance Jay Bingham, Bombardier is entitled to contribution for all of the alleged injuries and damages alleged in the Complaint.

WHEREFORE, Bombardier respectfully requests this Court to enter judgment against Mr. Lance Jay Bingham for the pro rata share of Mr. Bingham of the entire liability of Bombardier to Plaintiffs, including all costs and fees incurred in defending Plaintiff's claim and in prosecuting this Third-Party Complaint, and such other relief as the Court deems just and proper.

1135165v1

## COUNT IV – CONTRIBUTION
### (As Against Mr. David Reichert)

18.    Bombardier repeats the allegations in Paragraphs 1 through 17 above as if fully set forth herein.

19.    Any personal injury and consequential damages sustained by Plaintiffs were the direct and proximate result of the negligence of third-party defendant, Mr. David Reichert.

20.    If it is determined that Bombardier is liable to any party in this action, which Bombardier expressly denies, then such liability resulted from actions or omissions for which Mr. David Reichert is liable.

21.    By reason of the negligence of Mr. David Reichert, Bombardier is entitled to contribution for all of the alleged injuries and damages in the Complaint.

WHEREFORE, Bombardier respectfully requests this Court to enter judgment against Mr. David Reichert for his pro rata share of the entire liability of Bombardier to Plaintiffs, if any, including (1) all costs and fees incurred in defending Plaintiffs' claim and in prosecuting this Third-Party Complaint, and (2) such other relief as the Court deems just and proper.

## III.    DEMAND FOR JURY-TRIAL

BOMBARDIER DEMANDS A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE TO A JURY

1135165v1

BOMBARDIER RECREATIONAL
PRODUCTS, INC.

/s/ William A. Staar

_____

Mark S. Granger, BBO# 206920
William A. Staar, BBO# 659425
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date:  April 4, 2005

- 6 -

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database.  As a result, these individuals (1) will receive from the Court electronic notification of the filing of this document, (2) have access to this document through the Court's website, and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
*Counsel for Defendant Spofford Motors, d/b/a Village Automotive*

James F. Martin, Esq.
ROBINSON DONOVAN, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
*Counsel for Defendant TIG Insurance Company*

I hereby certify that, because I understand that the following counsel of record and parties have not registered for electronic receipt of filed documents via the Court's CM/ECF system, I have served the foregoing on this counsel by mailing same to him/her/them, posted prepaid, on this 4th day of April 2005:

Adam Clermont, Esq.
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
*Counsel for Plaintiffs*

David Reichert
1612 Route 20, Lot 1
West Lebanon, NY 12195
*Third-Party Defendant*

Lance Jay Bingham
14 Homestead Road East
Clinton, NY 13323-1006
*Third-Party Defendant*

/s/ *William A. Staar*
_____
William A. Staar

1135165v1

1135165v1

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

Berkshire, ss.

DISTRICT COURT DEPARTMENT
NORTHERN BERKSHIRE DIVISION
CIVIL ACTION NO.:

BRANDON DEMYER and
TAMARA DEMYER, NEXT FRIEND
OF BRANDON DEMYER, PPA,
     Plaintiff

v.

BOMBARDIER RECREATIONAL PRODUCTS,
INC., BRP US, INC., SPOFFORD
MOTORS, INC. and TIG INSURANCE
COMPANY,
     Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

COMPLAINT

1.   Plaintiff, Brandon DeMyer, is an individual who resided at
    1 Ingraham Road, New Ashford, Massachusetts at the time of
    the incident that is the subject matter of this litigation.

2.   Plaintiff, Tamara DeMyer, is the mother and next friend of
    Brandon DeMyer and currently resides at 118 Huntington
    Green Drive, Jacksonville, North Carolina, 28546.

3.   Defendant, Bombardier Recreational Products, Inc.  is a
    foreign corporation with a principal place of business of
    1061, rue Parent, Saint-Bruno (Quebec) Canada J3V601.

4.   Defendant, BRP US, Inc., a/k/a as Bombardier Motor
    Corporation of America, Inc., is a foreign corporation with
    a principal place of business of 10101 Science Drive,
    Sturtevant, WI 53177.

5.   Defendant, Spofford Motors, Inc. d/b/a Village Automotive
    is a foreign corporation with a mailing address of Rt 67 BX
    78, North Hoosick, New York, 12133.

6.   Defendant TIG Insurance Company is a foreign corporation
    with a principal place of business of 5205 North O'Connor
    Boulevard, Irving, TX 75015.

## FACTUAL BACKGROUND

7♀. On or about October 29, 2003, Spofford Motors, Inc. sold a Bombardier DS650 (VIN #2BVBBCB15YV002497) ATV (the "ATV") that was manufactured and/or distributed by BRP US, Inc., Bombardier Motor Corporation of America, Inc. and/or Bombardier Recreational Products, Inc.

8. On June 7, 2002, Brandon DeMyer was riding on the ATV in a field located in New Ashford, Massachusetts when the cooling hose detached suddenly and without warning.

9. As a result of the cooling hose detaching, hot liquid sprayed Mr. DeMyer's legs, causing severe burns to his body.

10. On November 14, 2003, the Plaintiffs, through counsel, sent to BRP US, Inc. a formal demand, via certified mail and pursuant to M.G.L. c. 93A, for settlement of the liability claim. A true and accurate copy of the M.G.L. c. 93A demand letter is attached hereto as Exhibit A.

11. An authorized representative of BRP US, Inc. received the demand letter referred to in Paragraph 10 on November 18, 2003.

12. On December 17, 2003, Mark Granger, Esquire, responded to the demand letter referred to in paragraph 10 on behalf of BRP US, Inc. A true and accurate copy of the response to the Plaintiffs' demand is attached hereto as Exhibit B.

13. In its response to the Plaintiffs' demand, BRP US, Inc. failed to make any offer of settlement.

14. At the time of the incident referred to in this Complaint, Spofford Motors, Inc. was covered by a policy of liability insurance issued by TIG Insurance Company.

15. On September 4, 2003, the Plaintiffs, through counsel, sent to an authorized representative of TIG Insurance Company, a formal demand for settlement, via certified mail, for settlement of the liability claim. A true and accurate copy of the demand letter is attached hereto as Exhibit C.

2

16.  TIG Insurance Company failed to make any offer of settle-
ment after receiving the demand letter referred to in
Paragraph 15.

17.  On November 14, 2003, the Plaintiffs, through counsel, sent
to an authorized representative of TIG Insurance Company, a
formal demand for settlement pursuant to M.G.L. c. 93A, via
certified mail, for settlement of the liability claim. A
true and accurate copy of the M.G.L. c. 93A demand letter
is attached hereto as Exhibit A.

18.  An authorized representative of TIG Insurance Company
received the demand letter referred to in Paragraph 17 on
November 17, 2003.

19.  On December 23, 2003, TIG Insurance Company responded to the
demand letter referred to in paragraph 17. A true and
accurate copy of the response to the Plaintiffs' demand is
attached hereto as Exhibit D.

20.  In its response to the Plaintiffs' demand, TIG Insurance
Company failed to make any offer of settlement.

<u>COUNT I, NEGLIGENCE</u>
(v. Bombardier Recreational Products, Inc., BRP US, Inc. &
Spofford Motors, Inc.)

21.  Plaintiffs restate the allegations set forth in paragraphs
1 through 20 above.

22.  Defendants, Bombardier Recreational Products, Inc., BRP US,
Inc. & Spofford Motors, Inc., as the manufacturers and/or
distributors of the ATV, owned and controlled the ATV, and
owed a duty to the plaintiffs to use care in the
manufacture and marketing of the ATV.

23.  The Defendants breached their duty to the Plaintiffs by
designing the ATV is such a way as to contain an
unreasonably dangerous condition, in that the cooling hose
could become dislodged during normal use of the product.

24.  The Defendants knew or should have known that the cooling
hose could become dislodged during normal use of the
product, and that the ability of the cooling hose to become
dislodged was a dangerous feature of the ATV.

3

25. The Defendants further breached their duty to the Plaintiffs by selling an ATV without warning that the cooling hose could become dislodged during normal operation of the product.

26. As a proximate cause thereof, Plaintiff Brandon DeMyer, sustained serious injuries, great pain of body and mind, incurred substantial medical expenses, and has been and continues to be in pain when pursuing his normal activities.

   **WHEREFORE**, the Plaintiffs respectfully requests that this

Honorable Court enter judgment as follows:

   a.   Judgment against the Defendants, Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc., for actual and consequential damages sustained together with interest and costs; and

   b.   Such further relief as this Court may deem reasonable and just.

## COUNT II, BREACH OF WARRANTIES
### (v. Bombardier Recreational Products, Inc., BRP US, Inc. & Spofford Motors, Inc.)

27. Plaintiffs restate the allegations set forth in paragraphs 1 through 26 above.

28. At the time of the sale of the ATV, the Defendants, their officers, agents, employees or directors, were a merchant with respect to the ATV and made express and implied warranties that the ATV was safe for the use for which it was intended.

29. As a proximate cause thereof, Plaintiff Brandon DeMyer, sustained serious injuries, great pain of body and mind, incurred substantial medical expenses, and has been and continues to be in pain when pursuing his normal activities.

4

**WHEREFORE**, the Plaintiffs respectfully requests that this

Honorable Court enter judgment as follows:

a.   Judgment against the Defendants, Bombardier
     Recreational Products, Inc., BRP US, Inc. & Spofford
     Motors, Inc., for actual and consequential damages
     sustained together with interest and costs; and

b.   Such further relief as this Court may deem reasonable
     and just.

## COUNT III, M.G.L. c. 93A
### (BRP US, Inc)

30.  Plaintiffs restate the allegations set forth in paragraphs
     1 through 29 above.

31.  The Defendant's sale and/or distribution of the ATV in
     breach of the implied warranty of merchantability
     constitutes an unfair and deceptive act or practice in
     violation of M.G.L. c. 93A, as well as, the regulations
     promulgated by the Attorney General of the Commonwealth of
     Massachusetts, 940 C.M.R. 3.08(2).

32.  Defendant's unfair and deceptive acts or practices were
     done willfully or knowingly in violation of M.G.L. c. 93A.

33.  As a result of Defendant's unfair and deceptive acts or
     practices, Plaintiff Brandon DeMyer sustained serious
     injuries, great pain of body and mind, incurred substantial
     medical expenses, and has been and continues to be in pain
     when pursuing his normal activities.

**WHEREFORE**, the Plaintiffs respectfully requests this

Honorable Court enter judgment as follows:

a.   Judgment against the Defendant, BRP US, Inc., for
     actual and consequential damages, with interest, costs
     and reasonable attorney's fees;

b.   Award treble damages to the plaintiff as provided by
     M.G.L. ch. 93A, sec. 9; and

c.   Such further relief as this Court may deem reasonable
     and just.

5

## COUNT IV, M.G.L. c. 93A
### (TIG Insurance Company)

34.  Plaintiffs restate the allegations set forth in paragraphs 1 through 33 above.

35.  In failing to make a reasonable offer of settlement, TIG Insurance Company committed an unfair and deceptive trade practice pursuant to M.G.L. c. 176D, sec. 3(9)(f) and sec. 3(9)(n) by failing to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear and by failing to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the offer of a compromise settlement.

25.  The actions of TIG Insurance Company constitute a willful and knowing violation of M.G.L. ch. 93A and ch. 176D.

26.  TIG Insurance Company's failure to make a reasonable offer of settlement upon demand was done in bad faith and with knowledge or reason to know that TIG Insurance Company's actions violated M.G.L. ch. 93A and ch. 176D.

27.  As a direct result thereof, the Plaintiff has sustained damages.

   **WHEREFORE,** the Plaintiffs respectfully requests this

Honorable Court enter judgment as follows:

   d.   Judgment against the Defendant, TIG Insurance Company, for actual and consequential damages, with interest, costs and reasonable attorney's fees;

   e.   Award treble damages to the plaintiffs as provided by M.G.L. ch. 93A, sec. 9; and

   f.   Such further relief as this Court may deem reasonable and just.

   **THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

6

Respectfully submitted,

Brandon DeMyer and Tamara
DeMyer, Plaintiffs
By their attorney,

_____
Adam Clermont, Esquire
Freedman, DeRosa and Rondeau
P.O. Box 746, 87 Marshall St.
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
(413) 664-1073
B.B.O.# 639769

Date:   December 15, 2004

7

# EXHIBIT B

9-18-03; 7:44AM;Bombardier                    TRUST SERVICES    ;715 847 6878              # 2/ 8

RECEIVED
SEP 1 5 2003

# FREEDMAN, DeROSA & RONDEAU
### ATTORNEYS AND COUNSELLORS AT LAW
85 MAIN STREET, P. O. BOX 746
NORTH ADAMS, MASSACHUSETTS 01247-0746
TELEFAX (413) 664-7379
(413) 664-1073

John B. DeRosa
Patrick E. Rondeau *
Thomas Manuel *
Brigid Hennessey +
Adam P. Clormont
Jeremia A. Pollard
Jan P. Myakowski

Morton Freedman
Senior Counsel
------------------
* Also admitted VT
+ Also admitted NY

September 4, 2003

CERTIFIED MAIL #7002 3150 0004 4045 4250 & 7002 3150 0004 4045 4243

Bombardier Motor Corporation of America
Attn: Nancy Larsen
7575 Bombardier Court
Wausau, WI 54401

South Valley Claims, Inc.
TIG Insurance Company
Attn: Mary Ann Johnson
P.O. Box 248
330 Tennant Avenue
Morgan Hill, CA 95037

Re:    My Client:    Brandon DeMyer
        Your Insured:  Bombardier/Village Automotive
        Claim No.:    TIG39283284
        DOL:        June 7, 2002

Dear Ms. Larson and Ms. Johnson:

As you know, I represent Brandon DeMyer ("Brandon") with respect to his claim for personal injuries sustained on June 7, 2002 as a result of a defective product manufactured by Bombardier Motor Corporation of America and sold by Village Automotive. The following represents our formal demand for settlement.

## LIABILITY

David Reichart purchased a used Bombardier DS 650 all terrain vehicle from Village Automotive, which is located in North Hoosick, New York, sometime prior to June 7, 2002. On June 7, 2002, Lance Jay Bingham, who is Brandon's father, borrowed Mr. Reichart's Bombardier so that he could take his son riding. As Mr. Bingham operated the Bombardier with his son sitting in front of him, a cooling hose, which led from the radiator to the engine,

8-18-03; 7:44AM;Bombardier                    FRONT SERVICES      ;715 847 8878        #  12  8

Bombardier Motor Corporation of America
South Valley Claims, Inc.
September 4, 2003
Page 3

## DAMAGES

As a result of the coolant hose dislodging, Brandon was sprayed with coolant that was at or near its maximum operating temperature. The coolant was so hot that it caused the skin on Mr. Brandon's left leg to blister from his thigh to his ankle. Attached as "Exhibit A" are pictures of Brandon's injury. Brandon, who was in excruciating pain due to the first, second and third degree burns that covered his leg, was immediately transported to Berkshire Medical Center.

The attending emergency room physician examined Brandon after he arrived at Berkshire Medical Center. The physician noted that Brandon suffered a first-degree burn from his anterior thigh to his ankle. The physician also noted that Brandon had second-degree burns in three separate areas within the first-degree burn. The physician then applied a Bacitracin dressing, gave Brandon Tylenol with codeine for pain and instructed him to return in the morning.

Brandon returned to Berkshire Medical Center on June 8, 2002. The attending physician indicated that he did not observe any signs of infection. However, the physician did note that Brandon's proximate thigh blister broke. The physician applied another Bacitracin dressing and instructed Brandon to consult with Dr. Csank, who is a plastic surgeon.

Brandon first saw Dr. Csank on June 12, 2002. Dr. Csank's examination revealed that the blisters that were previously present on Brandon's foot and upper thigh had ruptured. Dr. Csank also noted that the previously reddened area on Brandon's leg had blistered. Dr. Csank debrided the extensive blistering to Brandon's thigh, leg and foot and applied a Bacitracin dressing.

Dr. Csank next examined Brandon on June 17, 2002. Dr. Csank indicated in his note that all of Brandon's superficial burns had re-epithelialized. However, Dr. Csank also noted that the area on the dorsum of Brandon's foot had not re-epithelialized. Dr. Csank noted that if the area did not re-epithelialize in 10-14 days, he would consider performing an excision and split-thickness skin graft coverage.

Brandon returned to Dr. Csank's office on July 1, 2002. Dr. Csank's examination of Mr. DeMyer revealed that a 10 x 6 cm area of granulating wound on the dorsal instep of his foot with no evidence of re-epitheliazation. Dr. Csank explained the treatment options available, and Mr. DeMyer decided to proceed with debridement and split-thickness graft coverage of his third degree burn. Dr. Csank then made arrangements to perform the procedure at the Crane Center under general anesthesia.

On July 5, 2002, Brandon arrived at the Crane Center for the debridement procedure. Dr. Csank began the procedure by administering intravenous antibiotics and general anesthesia. Dr. Csank then debrided the wound until a good bleeding base was achieved. Dr. Csank then took

8-18-03; 7:44AM;Bombardier                                    FROM SERVICES      ;715 847 6878              # 5/ 8

Bombardier Motor Corporation of America
South Valley Claims, Inc.
September 4, 2003
Page 4

an 8 by 5 cm partial thickness skin graft from Brandon's thigh. Dr. Csank tailored the skin graft to the defect and sutured it in, using 5-0 chromic interrupted and running stitches.

Dr. Csank examined Brandon again on July 10, 2002 and July 17, 2002. Dr. Csank noted on those dates that Mr. Brandon's skin graft had taken and that the donor site looked benign. On Brandon's July 17, 2002 visit, Dr. Csank instructed him to return in four weeks to evaluate his progress.

Brandon next saw Dr. Csank on August 19, 2002. Dr. Csank's examination revealed mild hypertrophy at the skin-grafted area. Dr. Csank recommended that Brandon wear a silicone sheet and instructed him to return in three months.

Dr. Csank examined Brandon again on February 5, 2003. Dr. Csank's examination revealed a hypertrophic, raised scar on Brandon's skin grafted area. Dr. Csank prescribed Mr. Brandon Jobst stockings and silicone sheeting, which Mr. DeMyer was required to wear 24 hours a day.

In a letter dated August 6, 2003, Dr. Csank writes, "[i]n assessment, Brandon suffered a burn injury to the left lower extremity. The total extent of the burn injury was 8% of body surface area, of which 1% was third-degree burn that required reconstruction." Although at the time of Dr. Csank's last appointment approximately 8 months had elapsed from the date of Brandon's injury, Dr. Csank was unable to state whether Brandon would experience further recovery.

As a result of this terrible accident, Brandon suffered extreme pain, not only from the hot coolant that sprayed over 8% of his body, but also from the surgical procedures he was required to endure. The pictures of Brandon's injuries speak for themselves. Brandon was left with significant scarring over his left leg. Brandon has been very reluctant to engage in any kind of athletic activities at school because he is very self-conscious about his scar. Additionally, Brandon continues to experience pain in his right leg and has incurred $5,688.86 in medical bills for treatment of his injuries.

While Brandon and his family would prefer that this horrible accident never occurred rather than receive compensation for his financial losses and pain and suffering, that is not possible. We therefore request that your company do everything in its power to adequately compensate Brandon for his injuries. Toward that end, we demand that Bombardier Motor Corporation of America and South Valley Claims, Inc. pay $550,000.00 to settle this claim.

Respectfully,

Adam Clermont

Enclosures
pc: Brandon J. DeMyer, without enclosures









EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRANDON DeMYER and TAMARA
DeMYER, NEXT FRIEND OF
BRANDON DeMYER, PPA,

Plaintiffs,

v.                                          CIVIL ACTION NO. 2005-30003-MAP

BOMBARDIER RECREATIONAL
PRODUCTS, INC., BRP US INC.,
SPOFFORD MOTORS, INC. and TIG
INSURANCE COMPANY,

Defendants,

v.

LANCE JAY BINGHAM and DAVID
REICHERT,

Third-Party
Defendants.

## ANSWER AND CROSS-CLAIMS
## OF DEFENDANT SPOFFORD MOTORS, INC.

Defendant Spofford Motors, Inc. ("Spofford"), for its answer to the Complaint, states
as follows:

1.      Spofford is without knowledge or information sufficient to admit or deny the
allegations in Paragraph 1 of the Complaint.

2.      Spofford is without knowledge or information sufficient to admit or deny the
allegations in Paragraph 2 of the Complaint.

3.      Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint.

4.      Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint.

5.      Spofford denies that it does business as Village Automotive but admits the remaining allegations in Paragraph 5 of the Complaint.

6.      Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint.

### Factual Background

7.      Spofford denies the allegations in Paragraph 7 of the Complaint.

8.      Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9.      Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint.

10.     Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint.

11.     Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12.     Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint.

13.     Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint.

14.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint that there was or was not an "incident" as otherwise described in the Complaint but admits that it was covered by a policy of liability insurance issued by TIG Insurance Company on or about June 7, 2002.

15.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint.

16.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint.

17.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint.

18.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint.

19.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint.

20.    Spofford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

## Count I (Negligence)

21.    Spofford restates its answers to Paragraphs 1 through 20 of the Complaint.

22.    Spofford denies the allegations in Paragraph 22 of the Complaint to the extent they pertain to Spofford and is without information sufficient to admit or deny the remaining allegations in Paragraph 22 of the Complaint.

3

23.    Spofford denies the allegations in Paragraph 23 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

24.    Spofford denies the allegations in Paragraph 24 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

25.    Spofford denies the allegations in Paragraph 25 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of negligence relating to other defendants.

26.    Spofford denies the allegations in Paragraph 26 of the Complaint and specifically denies that the plaintiff is entitled to the relief requested therein.

### Count II (Breach of Warranty)

27.    Spofford restates its answers to Paragraphs 1 through 26 of the Complaint.

28.    Spofford denies the allegations in Paragraph 28 of the Complaint to the extent they pertain to Spofford. No response is required with respect to allegations of breach of warranty relating to other defendants.

29.    Spofford denies the allegations in Paragraph 29 of the Complaint and specifically denies that the plaintiff is entitled to the relief requested therein.

### Count III (Chapter 93A Claim against BRP US, Inc.)

30.    Spofford restates its answers to Paragraphs 1 through 29 of the Complaint.

31.    No response is required to Paragraph 31 of the Complaint as Count III is not directed at Spofford.

32.    No response is required to Paragraph 32 of the Complaint as Count III is not directed at Spofford.

33.    No response is required to Paragraph 33 of the Complaint as Count III is not directed at Spofford.

### Count IV (Chapter 93A Claim against TIG Insurance Company)

34.    Spofford restates its answers to Paragraphs 1 through 33 of the Complaint.

35.    No response is required to Paragraph 35 of the Complaint as Count IV is not directed at Spofford.

36.    No response is required to Paragraph 36 of the Complaint (misnumbered as a second Paragraph 25) as Count IV is not directed at Spofford.

37.    No response is required to Paragraph 37 of the Complaint (misnumbered as a second Paragraph 26) as Count IV is not directed at Spofford.

38.    No response is required to Paragraph 38 of the Complaint (misnumbered as a second Paragraph 27) as Count IV is not directed at Spofford.

### AFFIRMATIVE DEFENSES

First Affirmative Defense.  The plaintiffs' claims against Spofford are barred, in whole or in part, because plaintiff Brandon DeMyer's injuries were caused, in whole or in part, by acts or omissions of negligence of plaintiff Brandon DeMyer and/or other persons other than Spofford.

Second Affirmative Defense.  The plaintiffs' claims are barred, in whole or in part, because plaintiff Brandon DeMyer used the ATV in a manner unexpected and/or unintended.

5

Third Affirmative Defense.  The plaintiffs' claims are barred, in whole or in part, because of the doctrine of assumption of risk.

Fourth Affirmative Defense.  The plaintiffs' claims are barred, in whole or in part, because the plaintiff was provided with adequate warnings concerning the safe operation of the ATV which he ignored or otherwise disregarded.

Fifth Affirmative Defense.  The plaintiffs' claims against Spofford fail because Spofford never owned the ATV in question.

Sixth Affirmative Defense.  The plaintiffs' claims against Spofford fail because Spofford was not and is not a merchant of ATVs.

## CROSS-CLAIMS

Defendant, Spofford Motors, Inc. ("Spofford"), for its cross-claims, alleges as follows:

1.      Cross-claim plaintiff Spofford is a New York corporation with a principal place of business in North Hoosick, New York.

2.      Upon information and belief, cross-claim defendant BRP US, Inc. ("BRP US") is a Wisconsin corporation with a principal place of business in Sturtevant, Wisconsin.

3.      Upon information and belief, cross-claim defendant Bombardier Recreational Products, Inc. ("Bombardier") is a Canadian corporation with a principal place of business in Valcourt, Quebec, Canada.

4.      Upon information and belief, cross-claim defendant Lance Jay Bingham ("Bingham") is the father of plaintiff Brandon DeMyer and has a last-known residential address in Brainard, New York.

6

5.    Upon information and belief, cross-claim defendant David Reichert ("Reichert") purchased the ATV that is the subject of the Complaint in this action on October 26, 2001, and has a last-known residential address in West Lebanon, New York.

6.    Upon information and belief, on or around June 7, 2002, Reichert loaned the ATV to Bingham for the purpose of allowing Bingham and Brandon DeMyer to ride the ATV together.

7.    On or about December 15, 2004, Brandon DeMyer and his next friend, Tamara DeMyer, brought an action against Spofford and others in the District Court for the Northern District of Berkshire County, Massachusetts, seeking to recover for certain injuries allegedly sustained by Brandon DeMyer on or around June 7, 2002, while he and Bingham were riding on the ATV manufactured by Bombardier and distributed by BRP US.

8.    The claims brought against Spofford sound in negligence and in breach of warranty.

### Count I – Indemnification (Bombardier and BRP US)

9.    Spofford repeats the allegations contained in Paragraphs 1 through 8 of the Cross-Claims.

10.    At the time the ATV in question was placed into the stream of commerce by Bombardier through BRP US, Bombardier and BRP US were merchants with respect to ATVs and made express and implied warranties to downstream purchasers, owners and users that the ATV was safe for the use for which it was intended.

11.    To the same extent that Spofford is found liable to the plaintiffs for breach of warranty, Bombardier and BRP US are liable to Spofford for breach of implied and/or express warranties.

7

WHEREFORE, Spofford respectfully requests that the Court enter judgment finding Bombardier and BRP US liable to the same extent and for the same amount as Spofford may be found liable to the plaintiffs, together with costs and such other relief as is just and equitable.

### Count II – Contribution (Bingham)

12.    Spofford repeats the allegations contained in Paragraphs 1 through 11 of the Cross-Claims.

13.    As operator of the ATV in question at the time of the alleged incident, Bingham owed a duty to Brandon DeMyer, his passenger, to operate the ATV with due care.

14.    Upon information and belief, Bingham knew or should have known that the ATV was designed to be a single-passenger vehicle and that riding with a second person on the ATV was dangerous.  Further, Bingham knew or should have known that the ATV was designed to be operated only by persons age 16 or over and that persons riding on the ATV should wear proper clothing to protect themselves and should take other precautions.

15.    Upon information and belief, Bingham operated the ATV with Brandon DeMyer as a passenger and failed to ensure that he and/or Mr. DeMyer observed the safety precautions.

16.    Bingham breached his duty of care to Brandon DeMyer by failing to operate the ATV with due care, resulting directly in injury to Brandon DeMyer.

WHEREFORE, in the event that Spofford is found liable to the plaintiffs for negligence, Spofford respectfully requests that the Court enter judgment finding Bingham liable to Spofford for contribution in an amount to be determined at trial, together with costs and such other relief as is just and equitable.

8

## Count III – Contribution (Reichert)

17.     Spofford repeats the allegations contained in Paragraphs 1 through 16 of the Cross-Claims.

18.     As owner of the ATV in question at the time of the alleged incident, Reichert owed a duty to provide warnings concerning dangers in operating and/or riding an ATV.

19.     As owner of the ATV in question at the time of the alleged incident, Reichert owed a duty to ensure that the ATV remained in a condition safe for all intended uses.

20.     Upon information and belief, Reichert knew or should have known that the ATV was designed to be a single-passenger vehicle, that riding with a second person was dangerous and that no one under the age of 16 should ride the ATV.

21.     Upon information and belief, Reichert was negligent in allowing Bingham to operate the ATV with Brandon DeMyer as a passenger.

WHEREFORE, in the event that Spofford is found liable to the plaintiffs for negligence, Spofford respectfully requests that the Court enter judgment finding Reichert liable to Spofford for contribution in an amount to be determined at trial, together with costs and such other relief as is just and equitable.


February 9, 2005                    SPOFFORD MOTORS, INC., Defendant and
                                    Cross-Claim Plaintiff,


                                    By_____/s/ Dennis M. LaRochelle_____.
                                    Lucy Prashker, Esq. (BBO # 405330)
                                    Dennis M. LaRochelle, Esq. (BBO # 600924)
                                    CAIN, HIBBARD, MYERS & COOK PC
                                    66 West Street
                                    Pittsfield, MA 01201
                                    (413) 443-4771

                                    9

## CERTIFICATE OF SERVICE

I, Dennis M. LaRochelle, Esquire, do hereby certify that a copy of the foregoing document has, on this Ninth Day of February, 2005, been forwarded, by first class mail, postage prepaid and properly addressed to:

Adam Clermont, Esq.
Freedman, DeRosa and Rondeau
P.O. Box 746
87 Marshall Street
Mass MoCA Building 1, Room 200
North Adams, Massachusetts 01247

_____/s/ Dennis M. LaRochelle_____.
Dennis M. LaRochelle, Esquire

10