UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA,<br><br>       Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY,<br><br>       Defendants,<br><br>v.<br><br>MR. LANCE JAY BINGHAM and MR. DAVID REICHERT<br><br>       Third-Party Defendants. | CIVIL ACTION NO: 2005-30003-MAP |

**JOINT MOTION FOR
APPROVAL OF PROTECTIVE ORDER**

       Plaintiffs and Co-Defendants jointly move this Court for authority to execute a protective

order with respect to the disclosure and use of Co-Defendants' proprietary and other confidential

business information, including trade secrets, which may be disclosed during the course of

litigation in this matter. A proposed Stipulated Protective Order is attached hereto as Exhibit A.

       The parties intend this protective order to cover matters truly proprietary and confidential

in nature, such as (1) research and development, (including manufacturing processes, techniques,

raw material used in production, formulations, chemical compositions, performance

comparisons, testing, evaluations, and other such analyses developed by, and proprietary to, a

given defendant), and (2) other information which could yield an economic advantage to any competitor, (including, but not limited to, production data, sales trends, financial data or income information and/or market share).

By seeking this Court's approval, the submitting parties do not seek to restrain the Court's exercise of discretion or the public's right to know the nature, truth, or falsity of Plaintiffs' allegations.   Moreover, the proposed protective order specifically contemplates a party's objection to the designation of certain information as confidential by providing that party a vehicle to raise such objection first with the disclosing party, and, failing resolution, by motion to this Court.   These parties state that the Stipulated Protective Order is necessary to protect Defendants' confidential business information, the disclosure of which could result in substantial commercial and other harm to them.   Further, all parties appearing to date have agreed to the submission of the Stipulated Protective Order and its contents.   They further join in this motion.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court permit the parties to execute the attached proposed Stipulated Protective Order.

- 2 -

BRANDON DEMYER AND TAMARA
DEMYER, NEXT FRIEND OF BRANDON
DEMYER, PPA


*/s/ Adam Clermont*
_____

Adam Clermont, Esq. (BBO# 639769)
FREEDMAN, DeROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247

Date:   May 10, 2005          Phone: (413) 664-1073


BOMBARDIER RECREATIONAL
PRODUCTS, INC., and BRP US, INC.


*/s/ Mark Granger*
_____

Mark S. Granger  (BBO# 206920)
William A. Staar (BBO# 659425)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

Date:  May 10, 2005          Phone:  (617) 439-7500


TIG INSURANCE COMPANY


*/s/ Jim Martin*
_____

James F. Martin, Esq. (BBO# 322480)
ROBINSON DONOVAN, P.C.
1500 Main St., Suite 1600
Springfield, MA 01115-5609

Date:   May 10, 2005          Phone: (413) 732-2301


- 3 -

SPOFFORD MOTORS, d/b/a VILLAGE
AUTOMOTIVE

*/s/ Lucy Prashker*

Lucy Prashker, Esq.  (BBO# 405330)
Dennis LaRochelle, Esq.  (BBO# 600924)
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
Phone: (413) 443-4771

Date:   May 10, 2005

- 4 -

## **ORDER**

Having carefully considered the foregoing, the Court rules as follows:

GRANTED / DENIED

By the court,

_____

Judge

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database. As a result, these individuals (1) will receive from the Court electronic notification of the filing of this document, (2) have access to this document through the Court's website, and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

James F. Martin, Esq.
ROBINSON DONOVAN, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
**Counsel for Defendant TIG Insurance Company**

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
**Counsel for Defendant Spofford Motors, d/b/a Village Automotive**

The undersigned understands that the following counsel are not registered on this Court's CM/ECF system for this matter. As a result, a copy of the foregoing was sent to them by First Class Mail, postage prepaid, this 10th day of May 2005:

Adam Clermont, Esquire
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
**Counsel for Plaintiffs**

David Reichert
68 Chuckleberry Way
Stephentown, NY 12168
**Third-Party Defendant**

Lance Jay Bingham
14 Homestead Road East
Clinton, NY 13323-1006
**Third-Party Defendant**

*/s/ William Staar*

William A. Staar

- 6 -

1138168v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| ) | CIVIL ACTION NO: 2005-30003-MAP |
| BRANDON DeMYER and TAMARA ) | |
| DeMYER, NEXT FRIEND OF BRANDON ) | |
| DeMYER, PPA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BOMBARDIER RECREATIONAL ) | |
| PRODUCTS, INC., BRP US, INC., ) | |
| SPOFFORD MOTORS, INC., and TIG ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| MR. LANCE JAY BINGHAM and ) | |
| MR. DAVID REICHERT ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery and relief sought in this action by the parties to the dispute may

require the production of certain confidential, proprietary, and/or sensitive information, including

trade secrets; and

WHEREAS, the parties have agreed to the entry of this Order protecting the

confidentiality of such information, and the Court has been fully advised in the premises: NOW,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.      Subject to the endorsement of the Court, as used herein, "Confidential

Information" means any information found in documents or other things, including, but not

limited to, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission, business or commercial documents, that is proprietary in nature, contains trade secrets, or, if disclosed, could otherwise could give to Defendants' competitors an economic advantage over Defendants.

2.      Subject to Court approval, all materials containing Confidential Information will be stamped or otherwise prominently display the word "CONFIDENTIAL." Even if only a single page of an attached collection of documents is noted as being "CONFIDENTIAL," all other attached pages shall be treated as containing Confidential Information. The parties request that the following categories of information, whether presented orally or in writing, be automatically designated as confidential and containing protected information:

> a.   Product blueprints, drawings, and diagrams;
>
> b.   Design and engineering specifications;
>
> c.   Research and development information;
>
> d.   Product testing and evaluation information, including internal procedures for reviewing and assessing said information;
>
> e.   Strategic product marketing and sales information;
>
> f.   New product development information;
>
> g.   Non-public financial information;
>
> h.   Pricing information; and
>
> i.   Critique of competitor's products.

3.      Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever, other than for trial of this litigation, including appeals, if any, and preparation therefore.

4.    In the absence of a Court order stating otherwise, Confidential Information shall be disclosed only to the following entities:

    a.    Counsel for Plaintiffs, in-house counsel who have signed this Stipulated Protective Order, and counsel for Defendants, their partners, associates, and employees to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct or this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order.

    b.    Any party who is bound by the terms of this Stipulated Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

    c.    Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of

- 3 -

such assistance. Said expert(s) and/or consultants shall agree to be bound by this Order and shall execute a Confidentiality Agreement in a form to be approved by all Defendants to this action and attached hereto as Schedule A;

d.    Court reporters while in the performance of their official duties.

e.    This Court or any other court to which any appeal of this litigation is taken.

5.    As to any person referred to in subparagraphs 4(b) and 4(c) above to whom Confidential Information may be shown, the attorneys of record shall (1) inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, to be used solely for the purpose of preparing for and presenting evidence in this litigation, (2) inform each such person that these restrictions are imposed by a court order, and (3) obtain from each such person a signed Confidentiality Agreement in the form attached hereto as Schedule A.

6.    No Confidential Information shall be filed in Court without prior Court approval. Upon a showing of good cause by the disclosing party, all documents and all briefs and other papers containing, referring to, or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be (1) conspicuously marked "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" prior to such filing or submission and (2) accompanied by a written request that the documents be placed under seal. In the event that any Confidential Information is used in or disclosed at any hearing, trial, or other litigation-related

- 4 -

event, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

7. Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within three business days of such testimony noting the specific subject matter as Confidential Information. Within 14 days after the delivery of the transcript of such deposition by the official court reporter, the attorney who designated testimony as Confidential Information by such written statement shall furnish to the opposing counsel and the official court reporter a list of the page and line numbers subject to the confidential designation referred to in the written statement.

8. No person shall make copies, extracts, or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

9. Nothing in this order shall be construed as a waiver by the parties of their right to object to any request for discovery. This Stipulated Protective Order (1) shall not be construed as an agreement by the parties to produce any documents or to supply any information, (2) shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation, or (3) shall not be considered a waiver

- 5 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA, ) ) ) ) | CIVIL ACTION NO: 2005-30003-MAP |

BRANDON DeMYER and TAMARA )
DeMYER, NEXT FRIEND OF BRANDON )
DeMYER, PPA, )
)
     Plaintiffs, )
)
v. )
)
BOMBARDIER RECREATIONAL )
PRODUCTS, INC., BRP US, INC., )
SPOFFORD MOTORS, INC., and TIG )
INSURANCE COMPANY, )
)
     Defendants, )
)
v. )
)
MR. LANCE JAY BINGHAM and )
MR. DAVID REICHERT )
)
     Third-Party Defendants. )
)

CIVIL ACTION NO: 2005-30003-MAP

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery and relief sought in this action by the parties to the dispute may require the production of certain confidential, proprietary, and/or sensitive information, including trade secrets; and

WHEREAS, the parties have agreed to the entry of this Order protecting the confidentiality of such information, and the Court has been fully advised in the premises: NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.    Subject to the endorsement of the Court, as used herein, "Confidential Information" means any information found in documents or other things, including, but not

limited to, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission, business or commercial documents, that is proprietary in nature, contains trade secrets, or, if disclosed, could otherwise could give to Defendants' competitors an economic advantage over Defendants.

    2.    Subject to Court approval, all materials containing Confidential Information will be stamped or otherwise prominently display the word "CONFIDENTIAL." Even if only a single page of an attached collection of documents is noted as being "CONFIDENTIAL," all other attached pages shall be treated as containing Confidential Information. The parties request that the following categories of information, whether presented orally or in writing, be automatically designated as confidential and containing protected information:

        a.    Product blueprints, drawings, and diagrams;

        b.    Design and engineering specifications;

        c.    Research and development information;

        d.    Product testing and evaluation information, including internal procedures for reviewing and assessing said information;

        e.    Strategic product marketing and sales information;

        f.    New product development information;

        g.    Non-public financial information;

        h.    Pricing information; and

        i.    Critique of competitor's products.

    3.    Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever, other than for trial of this litigation, including appeals, if any, and preparation therefore.

1135955v1

4.    In the absence of a Court order stating otherwise, Confidential Information shall be disclosed only to the following entities:

a.    Counsel for Plaintiffs, in-house counsel who have signed this Stipulated Protective Order, and counsel for Defendants, their partners, associates, and employees to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct or this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order.

b.    Any party who is bound by the terms of this Stipulated Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

c.    Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of

- 3 -

such assistance. Said expert(s) and/or consultants shall agree to be bound by this Order and shall execute a Confidentiality Agreement in a form to be approved by all Defendants to this action and attached hereto as Schedule A;

d.      Court reporters while in the performance of their official duties.

e.      This Court or any other court to which any appeal of this litigation is taken.

5.      As to any person referred to in subparagraphs 4(b) and 4(c) above to whom Confidential Information may be shown, the attorneys of record shall (1) inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, to be used solely for the purpose of preparing for and presenting evidence in this litigation, (2) inform each such person that these restrictions are imposed by a court order, and (3) obtain from each such person a signed Confidentiality Agreement in the form attached hereto as Schedule A.

6.      No Confidential Information shall be filed in Court without prior Court approval. Upon a showing of good cause by the disclosing party, all documents and all briefs and other papers containing, referring to, or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be (1) conspicuously marked "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" prior to such filing or submission and (2) accompanied by a written request that the documents be placed under seal. In the event that any Confidential Information is used in or disclosed at any hearing, trial, or other litigation-related

- 4 -

event, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

7.    Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within three business days of such testimony noting the specific subject matter as Confidential Information. Within 14 days after the delivery of the transcript of such deposition by the official court reporter, the attorney who designated testimony as Confidential Information by such written statement shall furnish to the opposing counsel and the official court reporter a list of the page and line numbers subject to the confidential designation referred to in the written statement.

8.    No person shall make copies, extracts, or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

9.    Nothing in this order shall be construed as a waiver by the parties of their right to object to any request for discovery. This Stipulated Protective Order (1) shall not be construed as an agreement by the parties to produce any documents or to supply any information, (2) shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation, or (3) shall not be considered a waiver

- 5 -

of any privilege or immunity with respect thereto. The parties reserve the right to seek further protective orders from the Court in connection with any documents and other information.

10.     Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in a good-faith attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution. Pending such resolution by the Court, the information in question shall continue to be treated as "Confidential" in accordance with the provisions of this Order.

11.     Within thirty (30) days after final termination of this litigation, counsel for each of the parties shall (1) return to the person or other entity producing it all documents and other items in counsel's possession containing Confidential Information, or (2) certify in writing to such person or other entity of the destruction of such documents or other items.

12.     All persons and other entities to whom Confidential Information is disclosed shall be bound by the terms of this Order. The parties agree that the terms of this Order shall survive and remain in full force and effect after termination of the above-captioned matter. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

13.     This Order may be subject to further review and amendment as required by the parties and as approved by the Court.

- 6 -

of any privilege or immunity with respect thereto. The parties reserve the right to seek further protective orders from the Court in connection with any documents and other information.

10.    Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in a good-faith attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution. Pending such resolution by the Court, the information in question shall continue to be treated as "Confidential" in accordance with the provisions of this Order.

11.    Within thirty (30) days after final termination of this litigation, counsel for each of the parties shall (1) return to the person or other entity producing it all documents and other items in counsel's possession containing Confidential Information, or (2) certify in writing to such person or other entity of the destruction of such documents or other items.

12.    All persons and other entities to whom Confidential Information is disclosed shall be bound by the terms of this Order. The parties agree that the terms of this Order shall survive and remain in full force and effect after termination of the above-captioned matter. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

13.    This Order may be subject to further review and amendment as required by the parties and as approved by the Court.

- 6 -

BRANDON DEMYER AND TAMARA
DEMYER, NEXT FRIEND OF BRANDON
DEMYER, PPA

## /s/ Adam Clermont

Adam Clermont, Esq. (BBO# 639769)
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
Phone: (413) 664-1073

Date:   May 10, 2005

BOMBARDIER RECREATIONAL
PRODUCTS, INC., and BRP US, INC.

## /s/ Mark Granger

Mark S. Granger  (BBO# 206920)
William A. Staar (BBO# 659425)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone:  (617) 439-7500

Date:   May 10, 2005

TIG INSURANCE COMPANY

## /s/ Jim Martin

James F. Martin, Esq. (BBO# 322480)
ROBINSON DONOVAN, P.C.
1500 Main St., Suite 1600
Springfield, MA 01115-5609
Phone: (413) 732-2301

Date:   May 10, 2005

- 7 -

SPOFFORD MOTORS, d/b/a VILLAGE
AUTOMOTIVE

*/s/ Lucy Prashker*

Lucy Prashker, Esq.  (BBO# 405330)
Dennis LaRochelle, Esq.  (BBO# 600924)
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
Phone: (413) 443-4771

Date:   May 10, 2005

- 8 -

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database.  As a result, these individuals (1) will receive from the Court electronic notification of the filing of this document, (2) have access to this document through the Court's website, and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

James F. Martin, Esq.
ROBINSON DONOVAN, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
**Counsel for Defendant TIG Insurance Company**

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
**Counsel for Defendant Spofford Motors, d/b/a Village Automotive**

The undersigned understands that the following counsel are not registered on this Court's CM/ECF system for this matter.  As a result, a copy of the foregoing was sent to them by First Class Mail, postage prepaid, this 10th day of May 2005:

Adam Clermont, Esquire
FREEDMAN, DeRosa, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
**Counsel for Plaintiffs**

David Reichert
68 Chuckleberry Way
Stephentown, NY 12168
**Third-Party Defendant**

Lance Jay Bingham
14 Homestead Road East
Clinton, NY 13323-1006
**Third-Party Defendant**

*/s/ William Staar*

_____
William A. Staar

- 9 -

1135955v1

# SCHEDULE A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA,<br><br>       Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY,<br><br>       Defendants,<br><br>v.<br><br>MR. LANCE JAY BINGHAM and MR. DAVID REICHERT<br><br>       Third-Party Defendants. | CIVIL ACTION NO: 2005-30003-MAP |

## CONFIDENTIALITY  AGREEMENT

I, _____, represent and agree as follows:

1.    I  reside at, _____,
                                 (Address )

_____, _____,

_____, and I am employed as _____,
       (Zip)                                    (Title)

by _____,
                                 (Employer)

_____, _____.
       (Address)                          (City)

_____, _____, _____.
       (State)          (Zip)         (Phone Number)

1135959v1

2.    I have read and know the contents of the Stipulated Protective Order dated_____, 2005 filed in the above entitled action, agree to be bound by its terms and conditions, and submit myself to the jurisdiction of this Court, relative to assuring enforcement of the terms and conditions of said Stipulated Protective Order.

3.    I am one of the persons described in Paragraph 4(c) of the Stipulated Protective Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Stipulated Protective Order prior to the disclosure to me of any Confidential Information as said term is defined and described in the Stipulated Protective Order.

4.    I expressly agree that:

> (a)    I have read and shall be fully bound by the terms of the Stipulated Protective Order;

> (b)    All such Confidential Information as is disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original, any copy of, or the subject matter of the Confidential Information except in accordance with the Stipulated Protective Order;

> (c)    I shall not make or cause to be made any copy of any document containing such Confidential Information in any form whatsoever unless as provided for by the Stipulated Protective Order or by agreement of the parties;

> (d)    I shall not use or refer to any Confidential Information, or copies of any documents containing such information,    other than in

- 2 -

connection with the above- entitled action and as provided in the Stipulated Protective Order; and,

(e)     Upon being notified of the termination of the above entitled action, I shall proffer the return of all copies of all documents containing Confidential Information to the counsel for the party who furnished such Confidential Information to me, and I shall destroy any notes and memoranda I have regarding the same.

Date:_____          Signature:_____

- 3 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA, | ) ) ) ) | CIVIL ACTION NO: 2005-30003-MAP |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) |  |
| BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY, | ) ) ) ) ) |  |
| Defendants, | ) ) ) |  |
| v. | ) ) |  |
| MR. LANCE JAY BINGHAM and MR. DAVID REICHERT | ) ) ) |  |
| Third-Party Defendants. | ) ) ) |  |

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery and relief sought in this action by the parties to the dispute may

require the production of certain confidential, proprietary, and/or sensitive information, including

trade secrets; and

WHEREAS, the parties have agreed to the entry of this Order protecting the

confidentiality of such information, and the Court has been fully advised in the premises: NOW,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.    Subject to the endorsement of the Court, as used herein, "Confidential

Information" means any information found in documents or other things, including, but not

limited to, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission, business or commercial documents, that is proprietary in nature, contains trade secrets, or, if disclosed, could otherwise could give to Defendants' competitors an economic advantage over Defendants.

2.      Subject to Court approval, all materials containing Confidential Information will be stamped or otherwise prominently display the word "CONFIDENTIAL." Even if only a single page of an attached collection of documents is noted as being "CONFIDENTIAL," all other attached pages shall be treated as containing Confidential Information. The parties request that the following categories of information, whether presented orally or in writing, be automatically designated as confidential and containing protected information:

            a.      Product blueprints, drawings, and diagrams;

            b.      Design and engineering specifications;

            c.      Research and development information;

            d.      Product testing and evaluation information, including internal procedures for reviewing and assessing said information;

            e.      Strategic product marketing and sales information;

            f.      New product development information;

            g.      Non-public financial information;

            h.      Pricing information; and

            i.      Critique of competitor's products.

3.      Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever, other than for trial of this litigation, including appeals, if any, and preparation therefore.

4.    In the absence of a Court order stating otherwise, Confidential Information shall be disclosed only to the following entities:

      a.     Counsel for Plaintiffs, in-house counsel who have signed this Stipulated Protective Order, and counsel for Defendants, their partners, associates, and employees to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct or this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order.

      b.     Any party who is bound by the terms of this Stipulated Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

      c.     Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of

- 3 -

such assistance. Said expert(s) and/or consultants shall agree to be bound by this Order and shall execute a Confidentiality Agreement in a form to be approved by all Defendants to this action and attached hereto as Schedule A;

d.    Court reporters while in the performance of their official duties.

e.    This Court or any other court to which any appeal of this litigation is taken.

5.    As to any person referred to in subparagraphs 4(b) and 4(c) above to whom Confidential Information may be shown, the attorneys of record shall (1) inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, to be used solely for the purpose of preparing for and presenting evidence in this litigation, (2) inform each such person that these restrictions are imposed by a court order, and (3) obtain from each such person a signed Confidentiality Agreement in the form attached hereto as Schedule A.

6.    No Confidential Information shall be filed in Court without prior Court approval. Upon a showing of good cause by the disclosing party, all documents and all briefs and other papers containing, referring to, or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be (1) conspicuously marked "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" prior to such filing or submission and (2) accompanied by a written request that the documents be placed under seal. In the event that any Confidential Information is used in or disclosed at any hearing, trial, or other litigation-related

event, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

7.     Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within three business days of such testimony noting the specific subject matter as Confidential Information. Within 14 days after the delivery of the transcript of such deposition by the official court reporter, the attorney who designated testimony as Confidential Information by such written statement shall furnish to the opposing counsel and the official court reporter a list of the page and line numbers subject to the confidential designation referred to in the written statement.

8.     No person shall make copies, extracts, or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

9.     Nothing in this order shall be construed as a waiver by the parties of their right to object to any request for discovery. This Stipulated Protective Order (1) shall not be construed as an agreement by the parties to produce any documents or to supply any information, (2) shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation, or (3) shall not be considered a waiver

- 5 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA, <br><br> Plaintiffs, <br><br> v. <br><br> BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY, <br><br> Defendants, <br><br> v. <br><br> MR. LANCE JAY BINGHAM and MR. DAVID REICHERT <br><br> Third-Party Defendants. | CIVIL ACTION NO: 2005-30003-MAP |

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery and relief sought in this action by the parties to the dispute may require the production of certain confidential, proprietary, and/or sensitive information, including trade secrets; and

WHEREAS, the parties have agreed to the entry of this Order protecting the confidentiality of such information, and the Court has been fully advised in the premises: NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.    Subject to the endorsement of the Court, as used herein, "Confidential Information" means any information found in documents or other things, including, but not

limited to, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission, business or commercial documents, that is proprietary in nature, contains trade secrets, or, if disclosed, could otherwise could give to Defendants' competitors an economic advantage over Defendants.

2.     Subject to Court approval, all materials containing Confidential Information will be stamped or otherwise prominently display the word "CONFIDENTIAL." Even if only a single page of an attached collection of documents is noted as being "CONFIDENTIAL," all other attached pages shall be treated as containing Confidential Information. The parties request that the following categories of information, whether presented orally or in writing, be automatically designated as confidential and containing protected information:

> a.     Product blueprints, drawings, and diagrams;
>
> b.     Design and engineering specifications;
>
> c.     Research and development information;
>
> d.     Product testing and evaluation information, including internal procedures for reviewing and assessing said information;
>
> e.     Strategic product marketing and sales information;
>
> f.     New product development information;
>
> g.     Non-public financial information;
>
> h.     Pricing information; and
>
> i.     Critique of competitor's products.

3.     Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever, other than for trial of this litigation, including appeals, if any, and preparation therefore.

1135955v1

4. In the absence of a Court order stating otherwise, Confidential Information shall be disclosed only to the following entities:

    a. Counsel for Plaintiffs, in-house counsel who have signed this Stipulated Protective Order, and counsel for Defendants, their partners, associates, and employees to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct or this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order.

    b. Any party who is bound by the terms of this Stipulated Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

    c. Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of

- 3 -

such assistance. Said expert(s) and/or consultants shall agree to be bound by this Order and shall execute a Confidentiality Agreement in a form to be approved by all Defendants to this action and attached hereto as Schedule A;

d.      Court reporters while in the performance of their official duties.

e.      This Court or any other court to which any appeal of this litigation is taken.

5.      As to any person referred to in subparagraphs 4(b) and 4(c) above to whom Confidential Information may be shown, the attorneys of record shall (1) inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, to be used solely for the purpose of preparing for and presenting evidence in this litigation, (2) inform each such person that these restrictions are imposed by a court order, and (3) obtain from each such person a signed Confidentiality Agreement in the form attached hereto as Schedule A.

6.      No Confidential Information shall be filed in Court without prior Court approval. Upon a showing of good cause by the disclosing party, all documents and all briefs and other papers containing, referring to, or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be (1) conspicuously marked "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" prior to such filing or submission and (2) accompanied by a written request that the documents be placed under seal. In the event that any Confidential Information is used in or disclosed at any hearing, trial, or other litigation-related

- 4 -

event, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

7. Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within three business days of such testimony noting the specific subject matter as Confidential Information. Within 14 days after the delivery of the transcript of such deposition by the official court reporter, the attorney who designated testimony as Confidential Information by such written statement shall furnish to the opposing counsel and the official court reporter a list of the page and line numbers subject to the confidential designation referred to in the written statement.

8. No person shall make copies, extracts, or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

9. Nothing in this order shall be construed as a waiver by the parties of their right to object to any request for discovery. This Stipulated Protective Order (1) shall not be construed as an agreement by the parties to produce any documents or to supply any information, (2) shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation, or (3) shall not be considered a waiver

- 5 -

of any privilege or immunity with respect thereto. The parties reserve the right to seek further protective orders from the Court in connection with any documents and other information.

10.    Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in a good-faith attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution. Pending such resolution by the Court, the information in question shall continue to be treated as "Confidential" in accordance with the provisions of this Order.

11.    Within thirty (30) days after final termination of this litigation, counsel for each of the parties shall (1) return to the person or other entity producing it all documents and other items in counsel's possession containing Confidential Information, or (2) certify in writing to such person or other entity of the destruction of such documents or other items.

12.    All persons and other entities to whom Confidential Information is disclosed shall be bound by the terms of this Order. The parties agree that the terms of this Order shall survive and remain in full force and effect after termination of the above-captioned matter. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

13.    This Order may be subject to further review and amendment as required by the parties and as approved by the Court.

1135955v1

of any privilege or immunity with respect thereto. The parties reserve the right to seek further protective orders from the Court in connection with any documents and other information.

10.     Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in a good-faith attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution. Pending such resolution by the Court, the information in question shall continue to be treated as "Confidential" in accordance with the provisions of this Order.

11.     Within thirty (30) days after final termination of this litigation, counsel for each of the parties shall (1) return to the person or other entity producing it all documents and other items in counsel's possession containing Confidential Information, or (2) certify in writing to such person or other entity of the destruction of such documents or other items.

12.     All persons and other entities to whom Confidential Information is disclosed shall be bound by the terms of this Order. The parties agree that the terms of this Order shall survive and remain in full force and effect after termination of the above-captioned matter. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

13.     This Order may be subject to further review and amendment as required by the parties and as approved by the Court.

- 6 -

BRANDON DEMYER AND TAMARA
DEMYER, NEXT FRIEND OF BRANDON
DEMYER, PPA

*/s/ Adam Clermont*
_____

Adam Clermont, Esq. (BBO# 639769)
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
Phone: (413) 664-1073

Date:   May 10, 2005

BOMBARDIER RECREATIONAL
PRODUCTS, INC., and BRP US, INC.

*/s/ Mark Granger*
_____

Mark S. Granger  (BBO# 206920)
William A. Staar (BBO# 659425)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: (617) 439-7500

Date:   May 10, 2005

TIG INSURANCE COMPANY

*/s/ Jim Martin*
_____

James F. Martin, Esq. (BBO# 322480)
ROBINSON DONOVAN, P.C.
1500 Main St., Suite 1600
Springfield, MA 01115-5609
Phone: (413) 732-2301

Date:   May 10, 2005

- 7 -

SPOFFORD MOTORS, d/b/a VILLAGE
AUTOMOTIVE

*/s/ Lucy Prashker*

Lucy Prashker, Esq.  (BBO# 405330)
Dennis LaRochelle, Esq.  (BBO# 600924)
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
Phone: (413) 443-4771

Date:   May 10, 2005

- 8 -

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database. As a result, these individuals (1) will receive from the Court electronic notification of the filing of this document, (2) have access to this document through the Court's website, and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

James F. Martin, Esq.
ROBINSON DONOVAN, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
***Counsel for Defendant TIG Insurance Company***

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
***Counsel for Defendant Spofford Motors, d/b/a Village Automotive***

The undersigned understands that the following counsel are not registered on this Court's CM/ECF system for this matter. As a result, a copy of the foregoing was sent to them by First Class Mail, postage prepaid, this 10th day of May 2005:

Adam Clermont, Esquire
FREEDMAN, DeROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
***Counsel for Plaintiffs***

David Reichert
68 Chuckleberry Way
Stephentown, NY 12168
***Third-Party Defendant***

Lance Jay Bingham
14 Homestead Road East
Clinton, NY 13323-1006
***Third-Party Defendant***

*/s/ William Staar*

William A. Staar

1135955v1

# SCHEDULE A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA,<br><br>   Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY,<br><br>   Defendants,<br><br>v.<br><br>MR. LANCE JAY BINGHAM and MR. DAVID REICHERT<br><br>   Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO: 2005-30003-MAP

## CONFIDENTIALITY AGREEMENT

I, _____, represent and agree as follows:

1.  I reside at, _____,

         (Address )

_____, _____,

_____, and I am employed as _____,

  (Zip)             (Title)

by _____,

        (Employer)

_____, _____,

  (Address)         (City)

_____, _____, _____.

  (State)     (Zip)    (Phone Number)

2.    I have read and know the contents of the Stipulated Protective Order dated_____, 2005 filed in the above entitled action, agree to be bound by its terms and conditions, and submit myself to the jurisdiction of this Court, relative to assuring enforcement of the terms and conditions of said Stipulated Protective Order.

3.    I am one of the persons described in Paragraph 4(c) of the Stipulated Protective Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Stipulated Protective Order prior to the disclosure to me of any Confidential Information as said term is defined and described in the Stipulated Protective Order.

4.    I expressly agree that:

    (a)    I have read and shall be fully bound by the terms of the Stipulated Protective Order;

    (b)    All such Confidential Information as is disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original, any copy of, or the subject matter of the Confidential Information except in accordance with the Stipulated Protective Order;

    (c)    I shall not make or cause to be made any copy of any document containing such Confidential Information in any form whatsoever unless as provided for by the Stipulated Protective Order or by agreement of the parties;

    (d)    I shall not use or refer to any Confidential Information, or copies of any documents containing such information,    other than in

- 2 -

connection with the above- entitled action and as provided in the Stipulated Protective Order; and,

(e)     Upon being notified of the termination of the above entitled action, I shall proffer the return of all copies of all documents containing Confidential Information to the counsel for the party who furnished such Confidential Information to me, and I shall destroy any notes and memoranda I have regarding the same.


Date:_____                    Signature:_____


- 3 -

1135959v1