UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA, <br><br>Plaintiffs, <br><br>v. <br><br>BOMBARDIER RECREATIONAL PRODUCTS INC., BRP US INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY, <br><br>Defendants/Third-Party Plaintiffs <br><br>v. <br><br>MR. LANCE JAY BINGHAM and MR. DAVID REICHERT, <br><br>Third-Party Defendants. | CIVIL ACTION NO: 2005-30003-MAP |

**LIMITED OPPOSITION OF DEFENDANTS/THIRD-PARTY PLAINTIFFS, BOMBARDIER RECREATIONAL PRODUCTS INC. AND BRP US INC. TO THE MOTION OF THIRD-PARTY DEFENDANT, DAVID REICHERT, <u>TO FILE ANSWER LATE</u>**

Defendants/Third-Party Plaintiffs, Bombardier Recreational Products Inc. and BRP US Inc. (hereinafter collectively "Bombardier"), hereby opposes the Motion of the Third-Party Defendant David Reichert to File Answer Late, dated August 30, 2005 ("Motion"). Should the Court choose to remove the default for failure to appear already entered against Mr. Reichert, Bombardier asks as a condition for doing so that the Court (1) impose a requirement that David Reichert establish (a) a reliable address for communication via U.S. Mail, (b) a reliable address for hand delivery, (c) an appropriate telephone number for daytime calls; and (2) order that

961912v1

- 2 -

service via U.S. Mail or hand delivery to locations provided by Mr. Reichert will be considered good and final service upon David Reichert.

As grounds, therefore, Bombardier says as follows:

1. Bombardier alleges that on the day of the incident subject of the Complaint, Mr. Reichert (1) was the owner of the vehicle allegedly involved in the incident, (2) gave permission for two persons to ride on that single-person vehicle, (3) knew that one of those individuals was the minor Plaintiff, Brandon DeMyer, and (4) knew that Master DeMyer would be sitting in front of his father, Third-Party Defendant Lance Jay Bingham. As a result, it attempted to serve upon him a third-party complaint some months ago.

2. Over the past several months, Bombardier made numerous attempts to effectuate service on Mr. Reichert at great expense to Bombardier.

3. Mr. Reichert did not acknowledge service of process or any of the attempts to make service upon him and apparently refused to pick up mail at his post-office box and evaded in-hand delivery of Bombardier's Summons and Third Party Complaint against him.

4. As a named party to this case, Mr. Reichert should be required to fully comply with the Federal Rules of Civil Procedure even though he is a *pro se* third-party Defendant. He did not do so, and, as a result, a judgment upon default should be entered against him.

5. Nevertheless, should the Court decide to remove the default entered against Mr. Reichert, Bombardier is concerned that as a *pro se* Third Party Defendant, Mr. Reichert will not appropriately accept and respond to service of discovery motions and other important pleadings in this case.

961912v1

6.     Mr. Reichert is important to this dispute not only for the reasons already stated, but because he may still possess the vehicle or, at least, have knowledge of its current whereabouts.

7.     Given the relatively short timetable for the completion of discovery in this case (end of March 2006), it will be necessary to obtain discovery information from Mr. Reichert and to take his deposition very soon.

8.     Having a reliable address and telephone number on file with the Court and with counsel is critical for the proper handling of this case.

9.     Mr. Reichert was served at the P.O. box number that he lists in the Motion, and, as noted, he apparently has refused to accept delivery at that location or is unable to receive mail at that location.  To date, both Bombardier and the Court have received returned mail marked "undeliverable" from the West Lebanon, New York, address Mr. Reichert claims as his own

10.    The Motion states that it was mailed on or about August 30, 2005 to all counsel of record.  Counsel for Bombardier did not receive it until September 6, 2005.  The Court indicates filing of the Motion on September 6, 2005.

11.    Mr. Reichert recites in his Motion that he served an answer on counsel of record on June 25, 2005.  In fact, counsel for Bombardier received no first receipt of an Answer to the Third Party Complaint came indirectly from counsel for plaintiff who faxed it to Bombardier's counsel on August 29, 2005.  Reichert did not send his Answer directly to counsel for Bombardier.

WHEREFORE, Bombardier moves that, should the Court remove the default entered against Mr. Reichert and allow Mr. Reichert to appear in this case, it should condition that allowance as follows:

961912v1

- 4 -

1. David Reichert shall provide to the Court and counsel a reliable mailing address, hand delivery address, and telephone number where he will accept service of any papers in this case. If the parties utilize these addresses and telephone number, service will be deemed to have been made.

2. Mr. Reichert immediately will inform the Court and counsel of any changes in these addresses or telephone number.

3. Mr. Reichert will agree to collect his mail at a minimum of twice per week, and he will be in violation of this Order if any mail is returned as unopened and/or otherwise undeliverable.

4. Mr. Reichert or any counsel who may file an appearance on his behalf will appear in person at any meeting with the Court that the other parties to this case (counsel or otherwise) are required to attend.

5. Mr. Reichert will cooperate fully with the parties in conducting discovery.

BOMBARDIER RECREATIONAL PRODUCTS., INC. AND
BRP US, INC.

*/s/ William A. Staar*

_____
Mark S. Granger, Esq., BBO# 206920
William A. Staar, Esq., BBO# 659425
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

September 9, 2005

961912v1

## CERTIFICATE OF SERVICE

     The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database.  As a result, these individuals (1) will receive from the Court electronic notification of the filing of this document, (2) have access to this document through the Court's website, and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
*Counsel for Defendant Spofford Motors, d/b/a Village Automotive*

James F. Martin, Esq.
ROBINSON DONOVAN, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
*Counsel for Defendant TIG Insurance Company*

     I hereby certify that, because I understand that the following counsel and pro-se parties have not registered for electronic receipt of filed documents via the Court's CM/ECF system, I have served the foregoing on this counsel by mailing same to him, posted prepaid, on this 9th day of September, 2005:

Adam Clermont, Esquire
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
*Counsel for Plaintiffs*

David Reichert
P.O. Box 101
West Lebanon, NY  12024
*Third-Party Defendant*
*(Service by First Class Mail and by County Sheriff)*
*at last known address of 28 Spruce Street, Rensselaer, NY  12144)*

                                         */s/ William A. Staar*
                                            William A. Staar

961912v1