UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BRANDON DeMYER and TAMARA DeMYER, NEXT FRIEND OF BRANDON DeMYER, PPA,<br><br>Plaintiffs,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP US, INC., SPOFFORD MOTORS, INC., and TIG INSURANCE COMPANY,<br><br>Defendants,<br><br>v.<br><br>MR. LANCE JAY BINGHAM and MR. DAVID REICHERT<br><br>Third-Party Defendants. | CIVIL ACTION NO: 2005-30003-MAP |

**JOINT MOTION FOR APPROVAL OF MINOR'S SETTLEMENT AGREEMENT
BETWEEN PLAINTIFFS AND CO-DEFENDANTS
SPOFFORD MOTORS AND TIG INSURANCE**

Pursuant to M.G.L. c. 231, § 140C½, Plaintiff Tamara DeMyer, as parent and next friend of Plaintiff Brandon DeMyer, a minor child (DOB: 11/5/92), and Co-Defendants Spofford Motors, Inc., ("Spofford") and TIG Insurance Company ("TIG")(collectively "Co-Defendants") respectfully move this Honorable Court to approve a $1 settlement between them to end the present lawsuit and bar any other potential future claims between them arising from the incident subject of this lawsuit. Co-Defendants understand that Plaintiffs have executed a separate settlement agreement with the Bombardier co-defendants that involves a substantially greater

975106v1

settlement amount and that Plaintiffs and Bombardier will file a seprate motion for approval. The low settlement amount noted herein reflects that the only risk of liability for Co-Defendant Spofford is vicarious via the sale of the subject vehicle to the individual who owned the vehicle at the time of the incident subject of this suit. Plaintiffs' only claim against TIG is for unfair settlement practices in the capacity of TIG as insurer for Spofford. Each Co-Defendant has denied the allegationas made against it.

## I.     FACTS

This is an action in which Master DeMyer allegedly sustained injuries arising from an incident occurring on June 7, 2002, ("Incident") and involving a 2000 Bombardier DS650 all-terrain vehicle ("Vehicle") manufactured and distributed by Bombardier and sold from the lot of Spofford to then-owner, Third-Party Defendant David Reichart. On that day, Third-Party Defendant Lance Jay Bingham, the father of Master DeMyer, borrowed the Vehicle from Mr. Reichart. Mr. Bingham then operated the Vehicle with Master DeMyer sitting in front of him. At some point in time, a cooling hose, which led from the radiator to the engine, dislodged, and doused Brandon DeMyer with hot cooling fluid. At the time of the events that gave rise to this action, the minor plaintiff was approximately nine years old.

## II.    PLAINTIFFS' ARGUMENTS

Plaintiffs allege the following:

1. That the Vehicle contained a deficient pipe lip, which caused a coolant hose to come loose from the engine during normal usage, spraying Master DeMyer's left leg with hot fluid. Specifically, they claim that the metal lip leading from the water pump on the Vehicle's engine was too small in diameter, thus preventing a secure fit between it and a rubber coolant hose leading from the radiator.

2. That the Vehicle lacked adequate shielding to protect the rider from an accidental coolant spill, and

3. That the Vehicle lacked sufficient warnings to alert the operator of the possibility that the coolant house could dislodge.

4. That Brandon DeMyer suffered severe injuries, resulting in extreme pain and requiring surgical procedures as a result of the Incident.

## III. **DEFENDANTS' ARGUMENTS**

Co-Defendants challenge Plaintiffs' allegations of defective design, inadequate warnings, and the true cause of the noted dislodging. Additionally, they believe that negligence on the part of Plaintiffs and the Third-Party Defendants is entirely responsible for the Incident. To the best of the Co-Defendants' knowledge, the Vehicle meets or exceeds all government requirements and industry standards. Additionally, Brandon DeMyer, Mr. Bingham, and Mr. Reichart failed to heed multiple clear warnings that appear on the Vehicle itself and in various manuals, including the operator's manual. Specifically, these warnings state, among other things that the Vehicle (1) may only carry one person at a time, (2) the rider must not be under the age of 16, (3) the rider must wear protective boots and long pants, and (4) the rider must be an experienced rider. The Co-Defendants believe that, given the lack of any foot-pegs for a second passenger on the Vehicle, Master DeMyer likely kicked the subject coolant hose off of the engine himself. Co-Defendants deny any and all liability and have sought to settle the disputed claim in exchange for release of all claims. Neither Spofford nor TIG designed or manufactured the Vehicle, and Spofford performed no maintenance or service on the hose and pipe-lip at issue. A copy of the parties' Settlement, Release, and Non-Disclosure Agreement will be provided to the Court upon request.

IV. **OTHER CONSIDERATIONS**

All parties recognize that all Co-Defendants would vigorously contest the allegations in this case and that litigation costs would be extraordinarily significant for the following reasons: (1) Discovery: The total number of required depositions, including those of parties, experts, and fact witnesses likely would exceed 15. A number of those likely would be held out-of-state in New York (where two Third-Party Defendants reside), Canada (where the subject vehicle was designed and manufactured for final assembly), and Austria (where the engine for the subject vehicle was designed and manufactured); (2) Inspection: All parties must locate the subject vehicle (likely a difficult operation since its current whereabouts are entirely unknown) and inspect it with their experts; (3) Continued Difficulties with Third-Party Defendants: Both the Court and the Co-Defendants have had an exceedingly difficult time locating and communicating with Mr. David Reichart and Mr. Lance J. Bingham. The parties have no reason to believe that this situation will change; (4) Trial: For all of the reasons above, trying this case could take up to three weeks, and the costs of doing so would be extensive.

V. **CONCLUSION**

Tamara DeMyer, as parent and next friend of Brandon DeMyer, has agreed to a settlement of all claims against the Co-Defendants in exchange for the payment of $1. Plaintiffs and Co-Defendants state that this settlement is in the best interests of the minor Plaintiff in view of the liability, damage, causation issues, and economic issues in the case. The parties further state that the release was given and received in good faith and with the advice of counsel. This settlement resolves all disputes between Plaintiffs and Co-Defendants in this action. Coupled with (1) a separate settlement between Plaintiffs and Bombardier and (2) a stipulation of dismissal between Bombardier and Third-Party defendants, this case will be brought to a

975106v1

conclusion. For all the above reasons, the noted parties request that this Honorable Court approve the settlement as set forth above.

                                                             Respectfully submitted,

                                                             BRANDON DEMYER AND TAMARA DEMYER, NEXT FRIEND OF BRANDON DEMYER, PPA

                                                             */s/ Adam Clermont*

                                                             Adam Clermont, Esq. (BBO# 639769)
                                                            FREEDMAN, DEROSA, AND RONDEAU
                                                            P.O. Box 746
                                                           87 Marshall Street
                                                           Mass MoCA, Bldg. 1, Rm. 200
                                                           North Adams, MA 01247

Date:   January 5, 2006                          Phone: (413) 664-1073


                                                           SPOFFORD MOTORS, INC.

                                                           */s/ Dennis LaRochelle*

                                                           Lucy Prashker, Esq. (BBO# 405330)
                                                           Dennis LaRochelle, Esq. (BBO# 600924)
                                                           CAIN HIBBARD MYER & COOK, PC
                                                           66 West Street
                                                           Pittsfield, MA 01201

Date: January 5, 2006                           Phone:  (413)528-4771


                                                           TIG INSURANCE COMPANY

                                                           */s/ James Martin*

                                                           James F. Martin, Esq. (BBO# 322480)
                                                           ROBINSON DONOVAN, P.C.
                                                           1500 Main St. Suite 1600
                                                           Springfield, MA. 01115-5609

Date: January 5, 2006                           Phone:  (413) 732-2301

975106v1

## **ORDER**

Having carefully considered the foregoing, the Court rules as follows:

GRANTED / DENIED

By the court,

_____

Judge

975106v1

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database. As a result, these individuals (1) will receive from the Court electronic notification of the filing of this document, (2) have access to this document through the Court's website, and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

Lucy Prashker, Esq.
Dennis LaRochelle, Esq.
CAIN HIBBARD MYER & COOK, PC
66 West Street
Pittsfield, MA 01201
***Counsel for Spofford Motors***

James F. Martin, Esq.
ROBINSON DONOVAN, P.C.
1500 Main St. Suite 1600
Springfield, MA. 01115-5609
***Counsel for TIG Ins.***

The undersigned understands that the following counsel are not registered on this Court's CM/ECF system for this matter. As a result, a copy of the foregoing was sent to them by First Class Mail, postage prepaid, this 5th day of January 2006:

Adam Clermont, Esq.
FREEDMAN, DEROSA, AND RONDEAU
P.O. Box 746
87 Marshall Street
Mass MoCA, Bldg. 1, Rm. 200
North Adams, MA 01247
***Counsel for Plaintiffs***

David Reichert
P.O. Box 101
West Lebanon, NY 12024
***Third-Party Defendant***

Lance Jay Bingham
14 Homestead Road East
Clinton, NY 13323-1006
***Third-Party Defendant (non-appearing)***

/s/ William Staar
_____
William A. Staar*

* For the sake of mutual convenience, Plaintiffs, Spofford Motors, and TIG Insurance have allowed counsel for the Bombardier Defendants to file this motion on their behalf.

975106v1